HASSARD BONNINGTON LLP
B. THOMAS FRENCH, ESQ., State Bar No. 65848
ROBERT L. NELDER, ESQ., State Bar No. 125426
Two Embarcadero Center, Suite 1800
San Francisco, California  94111-3941
Telephone:  (415) 288-9800
Fax:  (415) 288-9802
btf@hassard.com

Attorneys for Defendant
JOHN CRANE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants. | No. C07 2873 EDL<br><br>**JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING OF MOTION FOR REMAND; DECLARATION OF ROBERT L. NELDER IN SUPPORT THEREOF**<br><br>Date: July 10, 2007<br>Time: 9:00 a.m.<br>Dept.: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte<br><br>Complaint Filed: June 2, 2006<br>Trial Date: May 7, 2007 |

### I. INTRODUCTION

Plaintiffs Everett and Priscilla Hogge ("Plaintiffs") have moved for an order shortening time for the service and hearing of their Motion for Remand.  More important, plaintiffs' motion seeks to reduce by half the time to which defendant John Crane would ordinarily be entitled to prepare and serve its opposition to that motion. There is no good cause to shorten that amount of time.  John Crane is entitled to, and requires, the statutory period so it can adequately prepare its opposition to Plaintiffs' motion on the merits.

-1-

1    The briefing schedule Plaintiffs propose would seriously prejudice John Crane in that it would greatly hinder John Crane's ability to marshal the considerable evidence and legal authority required to demonstrate the groundless nature of Plaintiffs' remand motion.  On the other hand, allowing John Crane the full fourteen days to which it is entitled under the Northern District's Local Rules for preparation of its opposition, would not prejudice Plaintiffs in the slightest.  Plaintiffs have not set forth any evidence showing that allowing John Crane the full fourteen days the rules contemplate would offend principles of substantial justice.  Plaintiffs' tactical motion for an order shortening time is without merit and should be denied.

## II.    STATEMENT OF FACTS

This case was assigned for trial in state court on May 7, 2007, in Department 611 of the San Francisco Superior Court, Hon. Diane E. Wick presiding.  At that time, a number of defendants, including John Crane Inc. ("John Crane"), remained in the case.  Nelder Decl. at ¶2.  From May 7, 2007 through May 16, 2007, a number of court-supervised settlement conferences were held.  Id. at ¶3.  The court minutes and the Register of Actions reflect that as of May 16, 2007, all defendants except John Crane had settled.  Id.

Voir dire commenced on May 21, 2007, and a jury (pre-qualified for service up to and including June 22, 2007) was impaneled that day.  Nelder Decl. at ¶4. By then, the only defendant remaining at trial was John Crane.  Id.  Likewise, when opening statements were presented, Plaintiffs and John Crane were the only parties remaining in the courtroom.  Id. at ¶5.  Plaintiffs' opening statement suggested the jury should hold defendant John Crane responsible for its share of Mr. Hogge's asbestos exposure when they rendered their verdict, and did not mention any other defendant.  Id.

After it became amply clear that John Crane was the only defendant against whom Plaintiffs intended to proceed at trial, John Crane timely filed a Notice of Removal on June 1, 2007.  Nelder Decl. at ¶6; Exhibit A to Nelder Decl. (Notice of

JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING OF MOTION FOR REMAND; NELDER DECL. IN SUPP. THEREOF
P:\Wdocs\HBMAIN\01850\01251\00222169.DOC

Removal). Shortly afterward, Plaintiffs filed their Motion for Remand as well as the instant motion for an order shortening time for service of John Crane's opposition papers and for the hearing of that motion. Id. at ¶7.

### III.    ARGUMENT

United States District Court for the Northern District of California Local Rule ("Local Rule") 7-2(a) requires that a moving party provide opposing parties a minimum of 35 days' notice of the hearing of ordinary motions, such as Plaintiffs' remand motion. The rules likewise grant the party opposing such a motion at least fourteen days from service the motion to file and serve its opposition. Local Rule 7-3(a). The rules observe that such opposition, which may not exceed 25 pages of text, may be accompanied by relevant affidavits or declarations, as well as a proposed order. Id.

Local Rule 6-1(b) provides a procedure whereby the moving party may seek to change these timing requirements; namely, by filing a separate motion in accordance with Local Rule 6-3. But such a motion can only be granted when "good cause" is shown, based on a finding that the moving party would be prejudiced if the motion were heard on ordinary time. See Fed. R. Civ. Proc. 6(d); United States v. Fitch (9th Cir. 1973) 472 F.2d 548, 549 fn.5. It has been noted that "Courts are often reluctant to shorten the time for hearing because it reduces their own time for preparation and may also be unfair to the opposing party." Schwarzer, *et al.*, California Practice Guide: Federal Civil Procedure Before Trial, Motion Practice, §12:37, at p. 2-16 (2006); see also id. §12:177, at p. 12-66.1.

The concern expressed in the treatises about potential unfairness to the opposing party is particularly apt here. In light of the fact-intensive nature of Plaintiffs' remand motion (accompanied as it was by a raft of Plaintiffs' counsels' own declarations), John Crane needs sufficient time to obtain, develop and prepare factual evidence, by way of declaration and otherwise, regarding the current status of the defendants with whom Plaintiffs – despite the purported basis of their motion – freely

admit they have settled. Their argument that these resolved defendants nevertheless remain "in the case" is the linchpin of their meritless argument. John Crane requires the full fourteen days allotted to it, so that it can obtain and prepare evidence regarding the settling defendants, who acknowledge that they have settled with the Plaintiffs.

In addition, Plaintiffs' motion for remand is predicated on the hyper-technical argument that those defendants (with whom they admit they have settled[1]) have not filed executed Requests for Dismissal with the state court *yet*. Plaintiffs' desire to have the court quickly rule on their motion, before these dismissals are actually filed – as they certainly will be in due course – smacks of gamesmanship. Plaintiffs clearly want to send this case back to state court as soon as possible, before the tenuous, theoretical basis of their motion is unraveled. Such a rush to the courthouse in order to present a legal fiction, as Plaintiffs wish to do here, is unseemly and clearly unjust.

Conversely, the justifications Plaintiffs offer as to why they would be prejudiced if John Crane were allowed to oppose the motion on ordinary time are illusory. Only one of those bases – Mr. Hogge's illness – is even colorable.[2] But even there, Plaintiffs' argument is remarkably weak. In arguing that giving John Crane the full fourteen days to which it is entitled under the Local Rules to prepare its opposition threatens the likelihood that Mr. Hogge will live to see the verdict, Plaintiffs rely on a declaration – from a physician who claimed there was "doubt" that Mr. Hogge would survive "beyond three months" – that was executed over *five months*

---

[1] See Plaintiffs' MPA in Support of Motion for Remand at 3:5-7, admitting that the defendants other than John Crane were either dismissed or engaged in "negotiations with plaintiff that yielded different agreements and arrangements with regard to settlement."

[2] The others simply (and prematurely) try to argue Plaintiffs' motion on the merits -- contending that John Crane's removal was improper, and that it waited until late in the game to file its removal papers. See Plaintiffs' Motion for OST, at 1:27-2:5. Of course, John Crane vigorously contests these arguments, which is why it requires the ordinary time allotted to it to definitively refute Plaintiffs' position.

-4-
**JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING OF MOTION FOR REMAND; NELDER DECL. IN SUPP. THEREOF**
P:\Wdocs\HBMAIN\01850\01251\00222169.DOC

1  *ago.* The outdated, bleak prognosis offered by that physician, Dr. David Harpole, is
2  further undercut by recent admissions by Plaintiffs' counsel that, as of June 1, 2007,
3  Mr. Hogge was well enough to be at his real estate office in Virginia, while his trial
4  proceeded in San Francisco. See Nelder Decl., ¶8. Against this background, it is
5  hard to see how the Plaintiffs would be prejudiced if John Crane were given the full
6  fourteen days it is entitled to under the Local Rules.

7  Plaintiffs know full well that any defendant who "remains in the case" –
8  whatever that vague statement is intended to mean – remains so only because the
9  final paperwork is still being processed. They have not attempted to argue, nor can
10 they, that there is any defendant other than John Crane against whom a verdict could
11 possibly be rendered. This case is unequivocally proceeding against John Crane
12 alone. John Crane simply requires the full measure of time allotted to it for
13 preparation of its opposition papers, so it can establish this fact to the Court's
14 satisfaction. Plaintiffs' Motion for an Order Shortening Time seeks to take advantage
15 of the system by depriving John Crane of the time necessary to develop and present
16 the evidence establishing the propriety of removal at this juncture.

## IV.   CONCLUSION

18 Plaintiffs' Motion for an Order Shortening Time for the service and
19 hearing of its Motion for Remand, and – more important – for the filing and service of
20 John Crane's opposition papers, is a tactical move designed to prejudice John Crane.
21 On the other hand, no prejudice to Plaintiffs would result if the motion were briefed
22 and argued as contemplated by the Local Rules. For all the foregoing reasons,
23 Plaintiffs' Motion for an Order Shortening Time should be denied.

24  Dated: June 6, 2007

25  HASSARD BONNINGTON LLP

27  By: /s/ B. Thomas French
    B. Thomas French
    Attorneys for Defendant
28  JOHN CRANE INC.

-5-

**JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING OF MOTION FOR REMAND; NELDER DECL. IN SUPP. THEREOF**
P:\Wdocs\HBMAIN\01850\01251\00222169.DOC

**PROOF OF SERVICE**

**CASE NAME:** Hogge, et al. v. A.W. Chesterton Company, et al.

**COURT:** United States District Court, Northern District

**CASE NUMBER:** C 07 2873 EDL

I, the undersigned, hereby certify that I am a citizen of the United States, over the age of eighteen years, and am not a party to the within action. I am employed in the City and County of San Francisco, California, and my business address is Two Embarcadero Center, Suite 1800, San Francisco, California 94111-3993. I am employed in the office of a member of the bar of this court at whose direction the service was made. On the date last written below, following ordinary business practice, I electronically served the following document(s):

**JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING OF MOTION FOR REMAND; DECLARATION OF ROBERT L. NELDER IN SUPPORT THEREOF**

via the ECF system on the recipients designated below and on the Notice of Electronic Filing received via the ECF system:

Dean A. Hanley, Esq.
Philip A. Harley, Esq.
pharley@phhlaw.com
Robert L. Barrow, Esq.
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, CA 94710
Telephone: (510) 559-9980
FAX: (510) 559-9970

I declare under penalty of perjury that the foregoing is true and correct and that this Proof of Service was executed on June 6, 2007, at San Francisco, California.

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Michele Smith
　　　　　　　　　　　　　　　　　　　　　　　　　　Michele Smith

-6-

PROOF OF SERVICE
P:\Wdocs\HBMAIN\01850\01251\00222169.DOC