Dean A. Hanley, Esq.   (State Bar No. 169507)
Philip A. Harley, Esq.   (State Bar No. 147407)
Deborah R. Rosenthal, Esq. (State Bar No. 184241)
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:  (510) 559-9980
Facsimile:   (510) 559-9970
Email: pharley@phhlaw.com
Email: drosenthal@phhlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, *et al*,<br><br>Defendants. | Case No.:  C07 2873 EDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND**<br><br>[28 U.S.C. §§ 1441-1447; F.R.C.P. 7(b); ND CA Local Rule 7-1]<br><br>Hearing Date:       July 10, 2007<br>Time:                   9:00 a.m.<br>Courtroom:         E, 15th Floor<br>Magistrate Judge:  Hon. Elizabeth D. Laporte |

## I.    INTRODUCTION

Plaintiffs EVERETT HOGGE and PRISCILLA HOGGE initiated this personal injury action against JOHN CRANE INC. and others in the San Francisco Superior Court on June 2, 2006.  Trial commenced on May 7, 2007. The jury trial proceeded through its first three weeks and then was dark the week of May 28, 2007, due to the Court's calendar.  On the afternoon of Friday, June 1, 2007, JOHN CRANE INC. improperly removed this asbestos-caused mesothelioma case from state court.

This case should be immediately remanded to state court because the action is not removable pursuant to 28 USC § 1441(b) nor USC § 1446(b), each of which establishes a strict jurisdictional requirement for removal to federal court, a court of limited jurisdiction. Defendant wholly fails to establish that this case is removable at all, let alone that it became removable between May 11, 2007, and May 15, 2007, as it contends in its Notice of Removal. In fact, this case is not removable because several California defendants remain in this action and because the removing party failed to obtain unanimous consent of all remaining defendants to remove the case to federal court. Furthermore, JOHN CRANE also did not and cannot point to any written notice, as that term is defined for the purposes of the removal statutes, that triggered the 30-day timeline for removing an action to federal court.

For the foregoing reasons, this Court lacks jurisdiction over these proceedings and should immediately remand the case to state court to allow the trial to continue. Moreover, immediate remand is necessary because JOHN CRANE indicates its intent to seek transfer of this action to the Multi-District Asbestos Litigation in the Eastern District of Pennsylvania. Because this case does not belong in federal court, let alone federal court in Pennsylvania, plaintiffs request that this Court enter an immediate order preventing such transfer until the Motion for Remand is decided.

## II. STATEMENT OF ISSUES TO BE DECIDED

A. Are there any properly joined and served California defendants remaining in the pending action?

B. Have all remaining defendants unanimously consented to removal?

C. Did this case become removable within the past thirty days?

## III. STATEMENT OF FACTS AND STATE COURT PROCEEDINGS

Plaintiff EVERETT HOGGE, 65 years old, is presently dying from mesothelioma, an incurable cancer caused by asbestos. On June 2, 2006, Mr. HOGGE and his wife PRISCILLA filed a personal injury and loss of consortium action in the Superior Court of the State of California, County of San Francisco, against JOHN CRANE INC. ("JOHN CRANE") and 50

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
REMAND                                                                PAGE 2
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE remand.doc

other defendants, alleging that the products and activities of the defendants exposed MR. HOGGE to asbestos and thereby caused his injuries. No federal law is involved. (Declaration of Stephen J. Healy, ¶ 2, and Plaintiff's Complaint, attached as Exhibit 1 to the Healy Declaration; Declaration of Dean A. Hanley, ¶ 5.)

Throughout the course of the litigation, various defendants were dismissed, while others engaged in negotiations with plaintiff that yielded different agreements and arrangements with regard to settlement. On May 7, 2007, trial in this case commenced in Department 611 of the San Francisco Superior Court before Honorable Diane E. Wick. The case proceeded through motions in limine and jury selection. By the time the jury was impaneled, six defendants had entered into "agreements to agree" with plaintiffs, whereby plaintiffs agree to set a defendant with limited assets or insurance outside of the trial in order to conserve the defendant's assets or insurance for ultimate payment to plaintiffs. The "agreement to agree" is an arrangement made to facilitate settlement but is not binding, does not constitute a settlement, is entered into by the parties' counsel and not signed by the parties, and can be revoked at any time. These agreements also are indefinite as to amount of settlement and timing of payment, and they do not end the action against that defendant. After counsel enters into an "agreement to agree, " counsel will thereafter periodically meet, and sometimes the court will also become involved in the form of mediation or settlement conferences. (Hanley Declaration, ¶ 7.) One of the defendants with an "agreement to agree" is Plant Insulation Company, a California citizen. (Hanley Declaration, ¶ 8, and Exhibit A; Healy Declaration, ¶¶ 3 & 7, and Exhibit 5.)

Also before opening statements, 22 defendants reached agreements with counsel as to the amount of settlement, and these settlements are in varying stages of being processed. Only three of these defendants have paid the settlement money. Some may seek a determination of good faith settlement pursuant to California Code of Civil Procedure § 877.6, which calls for briefing and a hearing in the state court. As to 18 of these defendants, payment is neither due under the terms of the agreement between counsel, nor has it been rendered. As to another one of the settlement defendants, payment was due on June 1, 2007, but has not yet been rendered. Three

1  of the defendants whose settlements are not final and who have not been dismissed from this
2  action are California citizens: Hills Brothers Chemical Company, Quintec Industries, and Sepco
3  Corporation. (Hanley Declaration, ¶¶ 9-12, and Exhibits B-D; Healy Declaration, ¶¶ 4-6, and
4  Exhibits 2-4.)

5  During the first three weeks of trial in the San Francisco Superior Court, the parties made
6  their opening statements to the jury, and the plaintiffs began presentation of their case. The jury
7  trial proceeded through Friday, May 25, 2007. The courtroom was dark the week of May 28,
8  2007, because of the trial judge's calendar. On the afternoon of Friday, June 1, 2007, JOHN
9  CRANE INC. filed a Notice of Removal and removed the case to federal court. (Healy
10 Declaration, ¶ 3.)

## IV. LEGAL ARGUMENT

This Court has a statutory duty to remand these proceedings to state court pursuant to 28 U.S.C. § 1447(c) if any of the defendants properly joined and served in this action is a citizen of California because this action was initially brought in California. Jurisdiction over cases removed to federal court is statutorily based (see 28 U.S.C. §§ 1441-1452), and such statutes are to be strictly construed to limit, not expand, federal jurisdiction. *Oregon Bureau of Labor and Indus. ex rel. Richardson v. U.S. West Communications, Inc.*, 288 F.3d 414, 419 (9th Cir. 2002). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id. See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09. If it is unclear that federal jurisdiction exists, or if the defendant's allegations are challenged in an appropriate manner, the defendant must support its allegations with "competent proof." *Gaus, supra,* 980 F.2d at 566-567.) Moreover, even if the allegations are not so challenged, the court may still demand that the party alleging jurisdiction justify its allegations by a preponderance of evidence. *Id.* at 567.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND**     PAGE 4
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE remand.doc

### A. THIS CASE IS NOT REMOVABLE BECAUSE SEVERAL CALIFORNIA DEFENDANTS REMAIN IN THIS ACTION

Pursuant to 28 U.S.C. § 1441(b), a state court action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

In this case, JOHN CRANE's removal petition fails to establish that all California citizen defendants that were properly joined and served have been dismissed from the state court action. Merely agreeing to settle at some future point in time does not extinguish a defendant from an action where there is no evidence that settlement has indeed been effectuated through an executed, binding, and legally enforceable written settlement agreement and there is no formal order dismissing the party from the case. Federal courts in California opine that unless a settlement is binding and legally enforceable, the settlement is not final so as to release the settling defendant from the state court action for purposes of determining subject matter jurisdiction.

For example, in *Guerrero v. General Motors Corp.* (N.D. Cal. 2005) 392 F.Supp.2d 1133, General Motors Corporation removed a wrongful death case to federal court, alleging that complete diversity existed because plaintiff had reached "settlements" with non-diverse defendants, The Pep Boys Manny Moe & Jack of California, Redwood City Dodge, and Gene Johnson. 392 F.Supp.2d at 1135. The Court found that because the non-diverse defendants had not been formally dismissed from the action, and because four of the plaintiffs were minors whose claims could not be settled without court approval, the settlement was not legally enforceable and was neither final nor binding on the parties. *Id.* at 1135.

Similarly, in *Mertan v. E.R. Squibb & Sons, Inc.* (C.D. Cal. 1980) 581 F. Supp. 751, 752-753, where the plaintiff "orally in open court settled" with a defendant "whose California State citizenship is uncontested and indeed incontestable," complete diversity did not exist because that defendant had not been dismissed when the case was removed. 581 F. Supp. 751, 753. The U.S. District Court for the Central District of California found that the settling party remained in

---
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND                                                          PAGE 5

the action, even though the state court had instructed counsel to prepare and file a proposed written dismissal pursuant to applicable California law and court rules after the settlement was reached, because no dismissal had been filed or ordered at the time the removing defendant filed its Notice of Removal. *Id.* The U.S. District Court stated that "in accordance with such State law and court rules, the written Dismissal is the only effective order the State Court can make or that is legally enforceable." *Id.* (citing to Cal. Civ. Proc. Code § 581d and Rule 232(h) of the California Rules of Court). Thus, where the state court had neither signed nor filed any such written dismissal, there was "a clear absence of complete diversity" depriving the federal court of jurisdiction over the action. *Id.*

Federal courts in other jurisdictions also hold that where a plaintiff settles with a non-diverse defendant, the settlement must be "irrevocable, binding and enforceable under state law" to render the action removable. (*See, e.g., Bush v. Waterman Steamship Corporation* (E.D. LA 2000) 2000 U.S. Dist. LEXIS 9588 (citing to *Vasquez v. Alto Bonito Gravel Plant Corp.* (5th Cir. 1995) 56 F.3d 689, 693-694); and *Miskovic v. Charter Communications Holding Company* (N.D. TX 2003) 2003 U.S. Dist. LEXIS 12461 (citing to *Estate of Martineau v. Arco Chemical Co.* (5th Cir. 2000) 203 F.3d 904, 910.

Under California law, only a settlement agreement personally agreed to or signed by the parties (not their counsel) is enforceable. *Levy v. Superior Court* (1995) 10 Cal.4th 578, 583-586 ("the settlement of a lawsuit is not incidental to the management of the lawsuit; it ends the lawsuit. Accordingly, settlement is such a serious step that it requires the client's knowledge and express consent.") California Code of Civil Procedure 664.6 establishes a statutory procedure for the enforcement of settlement agreements personally agreed to by the parties which are in writing or placed on the record in open court: the parties must stipulate, in a writing signed by the parties (not by counsel) outside the presence of the court or orally before the court, for settlement of the case and move the court to enter judgment pursuant to the terms of the settlement. Even then, if requested by the parties, the state court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement. *Id.* In

addition, when a civil case settles, each plaintiff or settling party must file written notice of the settlement with the court, serve written notice on all parties, and serve and file a request for dismissal within 45 days after the date of settlement of the case. Rule 3.1385 of the California Rules of Court.

In the pending matter, numerous non-diverse defendants remain in the action that have not been dismissed and do not have legally enforceable settlement agreements with the plaintiff under California law. First, as set forth in greater detail in plaintiff's remand motion, six defendants have an "agreement to agree" with plaintiff that is an arrangement made to facilitate settlement but is not binding, does not constitute a settlement, is entered into by the parties' counsel and not signed by the parties, and can be revoked at any time. Such agreements are common in California asbestos litigation. The purpose of the agreement is to allow defendants with limited assets or insurance to avoid costs of litigation and/or trial. Each defendant will reach an agreement with our office that a particular case will be set aside as an agreement to agree to a settlement amount at a future date. These agreements are indefinite as to amount of settlement and timing of payment. After counsel enters into an "agreement to agree, " counsel will thereafter periodically meet and eventually agree to a settlement amount. The number and frequency of meetings varies in each instance. Often installment payment terms are arranged. Because these defendants avoid nearly all litigation costs, they are able to preserve assets and insurance so as to make payments to plaintiffs. When disputes arise (rarely), the state courts are asked to assist by, for example, mediating or ordering settlement conferences. In particular, Judge James Robertson of the San Francisco Superior Court has actively worked to facilitate these agreements. The defendants that have such an agreement with plaintiffs thus remain defendants in the action. At least one of these defendants, Plant Insulation Company, is a California citizen. (Declaration of Dean A. Hanley in Support of Plaintiffs' Motion to Remand, filed herewith at ¶¶ 7-8, and Exhibit A attached thereto.)

Second, as of this writing, 22 defendants reached settlements with plaintiff, but all of these are in various stages of completion and most were not irrevocable, binding, nor enforceable

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND                                            PAGE 7
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE remand.doc

under state law (Cal. Civ. Proc. Code § 664.6) at the time JOHN CRANE removed this case to federal court. (Declaration of Dean A. Hanley at ¶ 9.) At least three of these defendants, who are engaged in the settlement process with plaintiffs but whose settlements have not been finalized and who have not been dismissed from the action, are California citizens: Hill Brothers Chemical Company; Quintec Industries, Inc.; and Sepco Corporation. (Hanley Decl. at ¶¶ 9-12)

Because California defendants remain in an action that was brought in California state court, this Court lacks jurisdiction and the case must be remanded.

### B. JOHN CRANE'S NOTICE OF REMOVAL FAILS TO SATISFY THE RULE OF UNANIMITY BECAUSE NUMEROUS DEFENDANTS REMAINING IN THE ACTION HAVE NOT CONSENTED TO REMOVAL.

All defendants properly named and served must join in a removal petition with the exception of "nominal" parties; *i.e.,* parties whose role is limited to that of stakeholder or depositary and who could not be found liable on their own under any theory. *Hewitt v. Stanton* (9th Cir. 1986) 798 F.2d 1230, 1232-1233 (citing to 28 U.S.C. § 1446 and *Chicago, R.I. & P.R. Co. v. Martin* (1900) 178 U.S. 245, 248).

In this case, numerous defendants that were properly named and served and which remain in the pending action neither consented to nor joined in JOHN CRANE's removal, including: Hopeman Brothers, Inc.; Plant Insulation Company; Hill Brothers Chemical Company; Quintec Industries, Inc.; and Sepco Corporation.

JOHN CRANE's removal petition fails to present evidence that all remaining defendants consent to removal. Even ignoring the issue of the remaining California defendants, JOHN CRANE does not show that this case ever resolved as to Hopeman Brothers, Inc., instead supporting its Notice of Removal with minute orders purporting to show that other defendants had resolved. (JOHN CRANE states that it "is now the only remaining defendant," but this conclusory allegation in Paragraph 8 of the Notice of Removal is contradicted by the factual allegations in Paragraphs 6 and 7, and supporting Exhibit 5, that Hopeman remained in the case as of May 15, 2007, and there is no document filed with the removal petition showing otherwise.) Absent a showing that Hopeman Brothers does not remain in the case, JOHN

CRANE was required to obtain Hopeman Brothers' consent before removing this action. JOHN CRANE failed to do so.

Thus, defendant's petition fails to satisfy the jurisdictional requirement that all defendants properly joined and served consent to the removal, and the case must be remanded for this reason also.

**C. JOHN CRANE'S REMOVAL IS UNTIMELY**

A Notice of Removal must be filed, if at all, within 30 days of defendant's receipt of written notice that a case is or has become removable. Specifically, 28 U.S.C. § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] more than 1 year after commencement of the action.

(Emphasis added.)

In order for the 30-day time frame for removal to begin to run, defendant must receive "a copy of an amended pleading, motion, order or other paper" establishing grounds for removal. 28 U.S.C. § 1446(b). District courts vary on whether the "other paper may be any paper or must be a document that is part of the state court record. *See, e.g., Rodgers v. Northwestern Mutual Life Ins. Co.*, 952 F.Supp. 325 (D. Va. 1997), holding that a settlement offer constitutes "other paper" sufficient to trigger the 30-day timeline; *but see Johansen v. Employee Benefit Claims Inc.*, 668 F.Supp. 1294, 1296 (D. Minn. 1987, noting that "every court which has faced the issue … has construed the phrase 'or other paper' as referring solely to documents generated within the state court litigation itself."

Although the Ninth Circuit has provided no guidance on this issue, the district courts in this Circuit have found that letters between attorneys do not constitute "other papers" under section 1446(b), "premised on the fact that in interpreting statutes, general words are to be construed to embrace only objects similar in nature to those objects specifically enumerated in

the statute. Therefore, the phrase "other paper" in section 1446(b) is read to mean "paper" similar to an amended pleading, motion or order.... The meaning of "other papers" turns on the official status of the paper as a part of the record before the state court." *Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040, 1047 (D. Nev. 2000)(citations omitted).

Because JOHN CRANE fails to show in its Notice of Removal that it received written notice that plaintiffs' case against the California defendants, Hopeman, and others, had resolved, JOHN CRANE's removal petition is procedurally defective, untimely, and improper on its face. For this reason also, the case should be remanded.

## V. CONCLUSION

By its failure to conclusively demonstrate that all California defendants have been dismissed or otherwise extinguished from this action, and by its failure to obtain consent of all remaining defendants to the removal of this action, petitioner fails to establish the requisite jurisdiction for removal to federal court. Furthermore, JOHN CRANE fails to show receipt of written notice that this case became removable within the past thirty days.

Despite a lack of federal subject matter jurisdiction, JOHN CRANE removed this case after three weeks of jury trial, one week of no activity when the trial department was dark, and one day before the outside one-year statutory deadline for removal. JOHN CRANE engages in this misconduct to game the system and delay just resolution of the HOGGES' case.

This Court lacks subject matter jurisdiction, the action was improperly removed, and the case immediately should be remanded to the Superior Court of the State of California, County of San Francisco, to proceed to trial forthwith

DATED: June 4, 2007                    PAUL, HANLEY & HARLEY LLP

                                        Deborah R. Rosenthal,
                                        Attorneys for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND                                    PAGE 10

S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE remand.doc