1  Dean A. Hanley, Esq.   (State Bar No. 169507)
   Philip A. Harley, Esq.   (State Bar No. 147407)
2  Deborah R. Rosenthal, Esq. (State Bar No. 184241)
   PAUL, HANLEY & HARLEY LLP
3  1608 Fourth Street, Suite 300
   Berkeley, California 94710
4  Telephone: (510) 559-9980
   Facsimile: (510) 559-9970
5  Email: pharley@phhlaw.com
   Email: drosenthal@phhlaw.com
6  Attorneys for Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11  EVERETT HOGGE and PRISCILLA      )   Case No.: C 07 2873 EDL
    HOGGE,                           )
12                                   )   DECLARATION OF DEAN A. HANLEY
13          Plaintiffs,              )   IN SUPPORT OF PLAINTIFFS' MOTION
                                     )   FOR REMAND
14  vs.                              )
                                     )   [28 U.S.C. §§ 1441-1447; F.R.C.P. 7(b); ND CA Local
15  A.W. CHESTERTON COMPANY, et al,  )   Rule 7-1]
                                     )
16          Defendants.              )   Current Hearing Date:   July 10, 2007
                                     )   Proposed Hearing Date: June 19, 2007
17                                   )   Time:                   9:00 a.m.
                                     )   Courtroom:              E, 15th Floor
18                                   )   Magistrate Judge:       Hon. Elizabeth D. Laporte

19      I, Dean A. Hanley, declare as follows:

20      1.  I am an attorney admitted to practice law before the United States District Court for

21  the Northern District of California and all the courts of the State of California and am a partner in

22  the firm of Paul, Hanley & Harley, LLP, counsel of record for plaintiffs.  The matters stated

23  herein are true to my own personal knowledge unless specifically stated otherwise.  If called

24  upon as a witness, I could and would testify to the following facts.

25      2.  I was admitted to practice law in 1993.  My professional practice since that time

26  primarily has involved handling asbestos personal injury and wrongful death cases in California.

27  I have participated in asbestos litigation in many jurisdictions throughout California and the

28  DECLARATION OF DEAN A. HANLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND
                                      PAGE 1

S:\Clients\Hogge, Everett\Motion\OPPCRANE remand - DAH DECdoc

1   United States and have been either the primary attorney or supervising attorney in several

2   hundred asbestos cases litigated in California courts.

3       3.  I am the partner primarily in charge of settlement negotiations for this law firm.  I am

4   personally familiar with the facts and files of the pending action and was personally involved in

5   each and every settlement, "agreement to agree" (explained below), and dismissal that has

6   occurred to date in this action.

7       4.  I have reviewed the records and files pertaining to the state court action and am

8   personally familiar with the status of the defendants named and served, the defendants that

9   answered, the defendants that have and have not been dismissed, and the defendants that remain

10  in this action.

11      5.  Approximately 51 defendants were named and served in the state court action.  See

12  caption pages of Plaintiff's Complaint for Personal Injury – Asbestos, filed in the San Francisco

13  Superior Court on August 29, 2006, in the case of *Everett Hogge and Priscilla Hogge v. A.W.*

14  *Chesterton Co., et. al.*, S.F.S.C. Case No. 452846, a true and correct copy of which is attached as

15  **Exhibit "1"** to the Declaration of Stephen J. Healy filed in support of Plaintiffs' Motion to

16  Remand.  Plaintiffs can produce Proofs of Service of Summons and Complaint on all named

17  defendants at the Court's request.

18      6.  Of those 51 defendants named and served in the state court action, approximately 20

19  were dismissed.

20      7.  Six of the remaining defendants have an "agreement to agree."  Such agreements are

21  common in California asbestos litigation.  The purpose of the agreement is to allow defendants

22  with limited assets or insurance to avoid costs of litigation and/or trial.  These defendants are

23  often named as defendants in asbestos litigation.  Each defendant will reach an agreement with

24  our office that a particular case will be set aside as an agreement to agree to a settlement amount

25  at a future date.  The "agreement to agree" is an arrangement made to facilitate settlement but is

26  not binding, does not constitute a settlement, is entered into by the parties' counsel and not

27  signed by the parties, and can be revoked by either side at any time.  These agreements are

28

**DECLARATION OF DEAN A. HANLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND**
**PAGE 2**

S:\Clients\Plaintiffs\Hogge, Everett 1029\Remand\JOHNCRANE remand - DAH Dec.doc

1   indefinite as to amount of settlement and timing of payment. After counsel enters into an

2   "agreement to agree, " counsel will thereafter periodically meet and eventually agree to a

3   settlement amount. The number and frequency of meetings varies in each instance. Often

4   installment payment terms are arranged. Because these defendants avoid nearly all litigation

5   costs, they are able to preserve assets and insurance so as to make payments to plaintiffs. When

6   disputes arise (rarely), the state courts are asked to assist by, for example, mediating or ordering

7   settlement conferences. In particular, Judge James Robertson of the San Francisco Superior

8   Court has actively worked to facilitate these agreements. The defendants that have such an

9   agreement with plaintiffs thus remain defendants in the action. The six defendants that currently

10  have "agreements to agree" in the Hogges' case are:  Asbestos Corporation, Ltd.; Crown Cork &

11  Seal Company, Inc.; Foster Wheeler USA Corporation; Georgia-Pacific Corp.; Plant Insulation

12  Co.; and Waldron Duffy, Inc.

13          8.  Plant Insulation Company is a California insulation contractor and asbestos product

14  distributor.  Plant Insulation is incorporated in California and maintains its principal place of

15  business in San Francisco, California.  (See Plant Insulation Company's Responses to Plaintiffs'

16  First Set of Dieden Interrogatories, served in *In re Complex Asbestos Litigation*, Alameda

17  County Superior Court Case No. 607734-9, at Interrogatory No. 2 and Response to Interrogatory

18  No. 2, pp. 7:27 –8:13.  A true and correct copy of relevant portions of Plant's Interrogatory

19  Responses are attached hereto as **Exhibit A**.)  Plant Insulation Company is presently engaged in

20  a legal dispute with its insurers.  The insurers are denying coverage.  These matters are in

21  litigation.  At this point, Plant has entered into an "agree to agree" arrangement.  A sum certain

22  will be agreed as a reasonable settlement.  (This has not yet been done.)  Payment of this

23  settlement will be dependent on the outcome of the coverage litigation.  Again, these agreements

24  are both encouraged and assisted by the California state courts.  Our office routinely meets

25  settlement judges to assist in setting amounts specific to these agreements.  In this case, the use

26  of the San Francisco Superior Court to "finalize" the agreement will be needed.

27

28

9.  Twenty-two defendants have reached agreements with counsel as to the amount of settlement, and these settlements are in varying stages of being processed. Only three of these defendants have paid the settlement money. Some may seek a determination of good faith settlement pursuant to California Code of Civil Procedure § 877.6, which calls for briefing and a hearing in the state court. Specifically, the status of pending settlements with defendants that remain in this action are, as of this writing, as follows:

- As to the following defendants, payment is neither due under the terms of the agreement between counsel, nor has it been rendered: American Standard, Inc.; Buffalo Pumps, Inc.; Burnham Corp.; CBS Corp.; Crane Co.; General Motors Corp.; Goodyear Tire & Rubber Company; Gould Pumps, Inc.; Hills Brothers Chemical Co.; Honeywell International, Inc.; Hopeman Brothers, Inc.; IMO Industries Inc.; International Paper Co.; Kentile Floors, Inc.; Leslie Controls, Inc.; Quintec Industries, Inc.; Sepco Corp.; and Weil-McLean Company, Inc.

- As to defendant Parker-Hannifin Corporation, payment was due on June 1, 2007, but as of this writing, upon information and belief, has not been rendered. It appears that court intervention may be needed to enforce the settlement agreement between plaintiff and this defendant.

The following defendants have now paid the agreed-upon settlement amount and been dismissed from the action: Garlock Sealing Technologies, LLC; S.B. Decking, Inc.; and A.W. Chesterton Company.

10.  Attached hereto as **Exhibit B** is a true and correct copy of relevant portions of HILL BROTHERS CHEMICAL COMPANY's Second Amended Responses to Plaintiffs' Standard Interrogatories to All Defendants, served in *In re Complex Asbestos Litigation*, San Francisco Superior Court Case No. 828684, on or about February 6, 2007. HILL BROTHERS attests that California is both HILL BROTHERS' state of incorporation and the location of its principal place of business. See Exhibit B at 2:1-17.

DECLARATION OF DEAN A. HANLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND
PAGE 4

S:\Clients\Plaintiffs\H\Hoogly, Everoll (029)\Motions\JOHN CRANE remand - DAH Dec.doc

1    11.    Attached hereto as **Exhibit C** is a true and correct copy of relevant portions of

2    QUINTEC INDUSTRIES, INC.'s Responses to Plaintiffs' Standard Interrogatories to All

3    Defendant, served in *In re Complex Asbestos Litigation,* San Francisco Superior Court Case No.

4    828684, on or about October 10, 1997.  QUINTEC attests that California is its state of

5    incorporation and the location of its principal place of business.  See Exhibit C at 5:11-6:3.

6    12.    Attached hereto as **Exhibit D** is a true and correct copy of relevant portions of

7    SEPCO CORPORATION's Responses to Plaintiffs' Standard Interrogatories to All Defendants,

8    served in *In re Complex Asbestos Litigation,* San Francisco Superior Court Case No. 828684, on

9    or about July 10, 2000.  SEPCO attests that it was incorporated in the State of California.  See

10    Exhibit D at 3:1-16.

11    13.    BORGWARNER MORSE TEC, INC., was named and served as a defendant in

12    this action.  BORGWARNER's Motion for Summary Judgment was granted on or about June 1,

13    2007.  However, as of this writing, judgment has not yet been entered against this defendant.

14    Plaintiffs intend to appeal this judgment.

15    14.    FORD MOTOR COMPANY was named and served as a defendant in this action.

16    FORD's Motion for Summary Judgment was granted on or about April 26, 2007.  However, as

17    of this writing, judgment has not yet been entered against this defendant.  Plaintiffs intend to

18    appeal this judgment.

19    I declare under the penalty of perjury under the laws of the State of California and of the

20    United States of America that the foregoing is true and correct.  Executed on June _7_, 2007, in

21    Berkeley, California.

22

23    _____
      Dean A. Hanley

24

25

26

27

28
S:\Clients\Plaintiff\Phillips, Everell 10293\Motions\OTINCRANE remand - DAH Dec.doc

EXHIBIT "A"

1  Eric R. Haas, State Bar No. 073947
   Anthony M. Blalock, State Bar No. 189676          Paul, Hanley & Harley LLP
2  BURNHAM BROWN
   A Professional Law Corporation
3  P.O. Box 119                                       JAN 3 1 2007
   Oakland, California 94604
4                                                      [X] Mail
   1901 Harrison Street, 11th Floor                    ___ Overnight
5  Oakland, California 94612                           ___ Hand
   Telephone:   (510) 444-6800                         One Attorney
6  Facsimile:   (510) 835-6666                         Forwarded to   JKB
7  Attorneys for Defendant
   PLANT INSULATION COMPANY
8

9            SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

10                        UNLIMITED JURISDICTION

11 HARTMUT W. LENIGK and MARLIES          Case No. RG051944440 (lead case)
   LENIGK,
12                                         DEFENDANT PLANT INSULATION
              Plaintiffs,                  COMPANY'S RESPONSES TO
13                                         PLAINTIFFS' FIRST SET OF DIEDEN
   v.                                      INTERROGATORIES TO
14                                         DEFENDANT
   ACE BOILER & WELDING WORKS, INC.,
15 et al.,                                 Complaint filed: January 19, 2005

16            Defendants.

17 MARLIES LENIGK, JAMES W. LENIGK,        Case No. RG05228709 (consolidated)
   and JASON W. LENIGK, individually and as
18 successors in interest to the Estate of    Complaint filed: August 19, 2005
   HARTMUT LENIGK,
19
              Plaintiffs,
20
   v.
21
   ACE BOILER & WELDING WORKS, INC.,
22 et al.,

23            Defendants.

24

25 IN RE: COMPLEX ASBESTOS              No. 607734-9
   LITIGATION
26

27

28 ///

────────────────────────────────────────────

DEFENDANT PLANT INSULATION COMPANY'S RESPONSES TO          NO: C-607734-9
PLAINTIFFS' FIRST SET OF DIEDEN INTERROGATORIES TO DEFENDANT

1  PROPOUNDING PARTIES            :  Plaintiffs HARTMUT W. LENIGK and MARLIES
2                                    LENIGK

3  RESPONDING PARTY               :  Defendant PLANT INSULATION COMPANY

4  SET NO.                        :  One (Nos. 1 - 56)

5  TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

6        Defendant PLANT INSULATION COMPANY ("Plant") responds to the First Set of

7  Dieden Interrogatories served on it by Plaintiffs HARTMUT W. LENIGK and MARLIES

8  LENIGK as follows:

9                    I.    PRELIMINARY STATEMENT

10       Plant hereby responds to Plaintiffs' Standard Interrogatories to Defendants in asbestos

11  cases filed in Alameda County ("Dieden Interrogatories").

12       Plant specifically reserves the right to raise objections regarding the admissibility of its

13  responses to these Dieden Interrogatories in jurisdictions not subject to the above-referenced

14  Orders filed in Alameda Superior Court. Plant also specifically reserves all objections based

15  on attorney-client privilege and work product doctrine. Plant further reserves the right to

16  correct or amend its responses should it become aware of any inadvertent omission or error it

17  makes in response to these Dieden Interrogatories, because of subsequently discovered

18  information or documentation determined to be relevant. Plant also reserves the right to make

19  use of or introduce evidence at trial, which is disclosed or developed through further

20  investigation or discovery subsequent to the date of these responses.

21       As in any business, records pertaining to Plant's business operations were discarded

22  decades ago in the ordinary course of business when their expected usefulness had ended.

23  Consequently, much of the information requested in these interrogatories, if it ever was in the

24  possession or control of Plant, is no longer available. Many of the persons who may have had

25  knowledge of the particular facts, events or subject matters inquired into in these interrogatories

26  are now deceased or cannot be located. Others, though locatable, are not currently in the employ

27  or under the control of Plant and cannot be compelled to assist in the preparation of answers to

28  these Dieden Interrogatories. Moreover, due to the open-ended and broad scope of these Dieden

DEFENDANT PLANT INSULATION COMPANY'S RESPONSES TO
PLAINTIFFS' FIRST SET OF DIEDEN INTERROGATORIES TO DEFENDANT          NO. C-607734-9

1    Interrogatories as to time, the person(s) who may have had knowledge of the particular fact or

2    event may be unable to recall or reconstruct either the extent of their knowledge, the source of

3    such knowledge or the time at which such knowledge was acquired.

4         These Dieden Interrogatories request information which is either not within the personal

5    knowledge or possession or control of Plant's current employees or agents, or can only be

6    ascertained or derived through a page-by-page review of the known and existing voluminous

7    documents. There is no compilation, abstract or summary of information relating to many of

8    these interrogatories currently in Plant's possession. In addition, Plant's business records

9    previously have been produced on numerous occasions to different asbestos plaintiffs' counsel,

10   including counsel for the propounding parties so much of the requested information is already in

11   plaintiff's possession. Indeed, the knowledge of plaintiff's counsel may be superior to that of

12   Plant. Plant's records have been in the possession of a succession of defense counsel including

13   Ropers, Majeski (1983-85); Martin, Ryan & Andrada (1983-87); Tarkington, O'Connor &

14   O'Neil (1987-90); Bolechowski & Byrne (1990-91); and Jackson & Wallace (1991-2001). As a

15   result of the number of people who have had possession of Plant's business records and the

16   numerous times they have been subject to production, Plant is informed and believes that

17   documents with information responsive to these interrogatories have been inadvertently lost,

18   mislaid or destroyed over the years. Finally, assembling documents and information about

19   Plant's past business activities has been further complicated by the fact that Plant ceased active

20   business operations in 2001.

21        Despite these limitations, after reasonable search and inquiry Plant has made good faith

22   responses to these Dieden Interrogatories based upon what information is available and in

23   keeping with the discovery nature of these boilerplate interrogatories. However, the above

24   limitations on Plant's ability to respond require that many of its responses be based only upon

25   information and belief. The statements contained in these responses, therefore, are not and

26   cannot be deemed admissible evidence under the applicable rules of evidence as, *inter alia*, non-

27   hearsay facts asserted by a party with first-hand knowledge. Plant continues to investigate issues

28   relevant to this lawsuit and reserves the right to introduce additional evidence at trial which is

1    produced in the course of its further investigation or review of information.  This Preliminary

2    Statement is hereby incorporated into defendant's response of each and every interrogatory.

3                        II.      GENERAL OBJECTIONS

4        A.      Plant objects to these uniformly overbroad Dieden Interrogatories on the grounds

5    that they are overbroad in time and scope and are unduly burdensome.  In addition, they seek

6

7    information that is not material or necessary to the development of the claims or defenses in this

8    case.  Therefore, they seek information that is not relevant and is not reasonably calculated to

9    lead to the discovery of admissible evidence and are unduly burdensome.

10        C.      Plant objects to these Dieden Interrogatories to the extent they are unreasonably

11    vague, confusing and ambiguous.

12        D.      Plant objects to these Dieden Interrogatories to the extent they are compound.

13        E.      Plant objects to these Dieden Interrogatories to the extent they seek information

14

15    prepared in anticipation of litigation or which is confidential and/or protected from discovery by

16    the attorney-client privilege and/or work product doctrine and to the extent the interrogatories

17    seek legal conclusions.

18        F.      Plant objects to these Dieden Interrogatories to the extent they seek information

19    currently not known or readily ascertainable by Plant and/or based on documents not currently in

20    Plant's possession, custody or control.  In that regard, Plant objects generally to the

21    "definitions" to the extent that they re-define words beyond their common dictionary definitions

22

23    and to the extent that they attempt to enlarge on Plant's discovery obligations beyond the limits

24    established by the California Code of Civil Procedure and this Court's Orders.

25        G.      Plant also objects to these Dieden Interrogatories to the extent they seek

26    information about transactions and business practices concerning other entities.  Knowledge of

27    such transactions and business practices is beyond Plant's personal knowledge.

28        H.      Plant further objects to these Dieden Interrogatories on the grounds that the

1    subject of some of these interrogatories suggests that Plant was an asbestos manufacturer or

2    producer, which Plant denies. These objections are hereby incorporated into defendant's

3    response to each and every interrogatory.

4

5                    III.      DEFINITIONS

6          GEOGRAPHIC LIMITATION. Unless otherwise specifically set forth, the geographic

7    scope of these interrogatories is NORTHERN CALIFORNIA.

8          TIME LIMITATION. Unless otherwise specifically set forth, the time frame of these

9    interrogatories is 1930 to the present.

10         "THIS DEFENDANT" (THIS DEFENDANT'S) shall mean the named defendant

11   herein, all of its predecessors in interest, and all of its successors in interest.

12         "YOU" and "YOUR" refer to the defendant who is named above as the responding

13   party.

14         "ASBESTOS-CONTAINING PRODUCT(S)" shall mean any product(s) of THIS

15   DEFENDANT which THIS DEFENDANT knows or believes contain(s) the mineral asbestos.

16         "RAW ASBESTOS FIBER" means asbestos fiber mined or milled, either packaged or

17   in bulk, not compounded with other substances and essentially pure with the exception of

18   naturally occurring trace amounts of other substances.

19         "MARKET" (MARKETing, MARKETed) shall mean the mining, supply, sale,

20   labeling, distribution, importing, processing or manufacture of raw asbestos fiber and/or

21   asbestos-containing products.

22         A request to describe the "NATURE" of ASBESTOS-CONTAINING PRODUCT(S)

23   shall mean to describe the: (a) color, (b) texture, (c) form (i.e., powder, liquid, paste, solid,

24   board, cloth, blanket, wire insulation, etc.), and (d) physical dimensions (length, width, height,

25   volume and weight).

26         "DOCUMENT(s)" or "WRITING(s)" shall include all writings as defined by Section

27   250 of the California Evidence Code.

28         A request to "IDENTIFY" a "DOCUMENT" or "WRITING" shall mean a request to

     state: (a) the author; (b) addressee; (c) date of origin; (d) the nature of the writing or document

1    (e.g., letter, telephone memorandum, audio tape recording, photograph, etc.); and (e) its present

2    location and name and present address of custodian thereof.

3        A request to state the "IDENTITY" of a person or individual means to state his or her

4    name, the place of employment, job title, present business or present or last known home

5    address, and present business telephone number.

6        "NORTHERN CALIFORNIA" shall encompass the following forty-six (46) counties:

7    Alameda, Alpine, Amador, Butte, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado,

8    Fresno, Glenn, Humboldt, Kern, Kings, Lake, Lassen, Marin, Mariposa, Mendocino, Merced,

9    Modoc, Mono, Monterey, Napa, Nevada, Placer, Plumas, Sacramento, San Francisco, San

10   Joaquin, San Mateo, Santa Clara, Santa Cruz, Shasta, Sierra, Siskiyou, Solano, Sonoma,

11   Stanislaus, Sutter, Tehama, Trinity, Tulare, Tuolumne, Yolo and Yuba.

12       A "CONTRACT UNIT(S)" shall mean a department, division, subdivision, branch, or

13   group which has been or is now engaged in installation and/or removal of RAW ASBESTOS

14   FIBER and/or ASBESTOS-CONTAINING PRODUCT(S) .

15       "COMPANY" means any profit making private enterprise, including corporations,

16   partnerships, joint ventures, and sole proprietorships.

17       IV.    OBJECTIONS TO DEFINITIONS

18       Plant objects to these definitions to the extent they attempt to seek materials protected by

19   attorney-client, attorney/work product, trade secret and other privileges. Plant further objects to

20   the extent that the definitions request information or materials which are neither relevant to the

21   claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible

22   evidence.

23       Plant objects to the definitions and the use of the terms "ASBESTOS-CONTAINING

24   PRODUCT(S)", "RAW ASBESTOS FIBER," "MARKET" (MARKETing, MARKETed)," and

25   "NATURE," as being vague, ambiguous, overbroad and unduly burdensome and not reasonably

26   calculated to lead to the discovery of admissible evidence. Furthermore, Plant objects to these

27   definitions to the extent they suggest or infer that Plant manufactured or produced asbestos-

28   containing products.

1    Plant objects to the definition of "DOCUMENT(S)," or "WRITING(S)" as being
2    confusing, inconsistent, duplicative, overly broad and unduly burdensome. Accordingly, and
3    without waiving said objections, whenever Plant responds to this discovery which concerns
4    "DOCUMENT(S)," or "WRITING(S)" Plant's answers include only information from materials
5    which are currently in the possession, custody, or control of Plant, free of claims of privilege.
6    Plant objects to the definitions "IDENTIFY" and "IDENTITY" as being vague,
7    ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the
8    discovery of admissible evidence.
9    Plant objects to the definition "CONTRACT UNIT(S)" as being vague, ambiguous,
10   overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of
11   admissible evidence.
12        V.        INTERROGATORIES & RESPONSES
13   INTERROGATORY NO. 1:
14       With respect to the individual verifying these answers on your behalf, state the
15   following:
16       a.    their names;
17       b.    their present business address;
18       c.    their present job title;
19       d.    their date of first employment with you and the dates and titles of each job
20   position they have held while they were employed by you.
21   RESPONSE TO INTERROGATORY NO. 1:
22       a.    John M. Gregory;
23       b.    1733 Woodside Road, Redwood City, California 94601;
24       c.    General Counsel since July 1985;
25       d.    Mr. Gregory has acted as counsel for Plant in relation to its asbestos liabilities
26   since September, 1981.
27   INTERROGATORY NO. 2:
28       State whether YOU are a corporation, if so, state:

7

DEFENDANT PLANT INSULATION COMPANY'S RESPONSES TO
PLAINTIFFS' FIRST SET OF DIEDEN INTERROGATORIES TO DEFENDANT          NO. C-607754-9

1.     a.    YOUR full corporate name;

2.     b.    the state of incorporation;

3.     c.    the date of incorporation;

4.     d.    the address of YOUR principal place of business;

5.     e.    if YOU are wholly-owned or if more than five (5) percent of the ownership

6.   interest of YOUR COMPANY is owned by another business entity, state that entity's name and

7.   principal place of business.

8.   RESPONSE TO INTERROGATORY NO. 2:

9.     Yes.

10.    a.    Plant Insulation Company;

11.    b.    California;

12.    c.    March 30, 1937;

13.    d.    2271 California Street, San Francisco, CA 94115-2813;

14.  INTERROGATORY NO. 3:

15.    Has THIS DEFENDANT ever been identified, known, or done business under any other

16.  name? If so, please state such name or names and the time period during which THIS

17.  DEFENDANT was so known or identified.

18.  RESPONSE TO INTERROGATORY NO. 3:

19.    Yes. From 1937 until February 1948, defendant was known as The Asbestos Company

20.  of California. From February 1948 until 1973, defendant was known as Plant Asbestos

21.  Company. Since 1973, defendant has been known as Plant Insulation Company.

22.  INTERROGATORY NO. 4:

23.    State whether YOU have ever been registered or qualified to do business in the State of

24.  California. If so, state the date YOU became qualified to conduct business in the State of

25.  California.

26.  RESPONSE TO INTERROGATORY NO. 4:

27.    Yes. March 30, 1937.

28.

1    Counsel's signature below is solely for preserving objections and is not the signature of

2    a party, officer or agent under Civil Procedure Code section 2030(g).

3

4    DATED: January 8, 2007                    BURNHAM BROWN

5

6

7                                              ERIC R. HAAS

8                                              Attorneys for Defendant
                                               PLANT INSULATION COMPANY

9    781274

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Re:              In Re: Complex Asbestos Litigation

Court:           Alameda County Superior Court, Unlimited Jurisdiction

Action No:       607734-9

## VERIFICATION

[Code Civ. Proc. §§ 446, 2015.5]

I declare under penalty of perjury under the laws of the State of California that I am the authorized agent of PLANT INSULATION COMPANY, Defendant in the above-entitled matter and sign these responses on its behalf; that I have read the foregoing  DEFENDANT PLANT INSULATION COMPANY'S RESPONSES TO PLAINTIFFS' FIRST SET OF STANDARD DIEDEN INTERROGATORIES TO DEFENDANT and know its contents, and that it is true and correct of my own knowledge, except as to those matters stated upon information and belief, and as to those matters I believe them to be true.

DATED: January 8, 2007, at Redwood City, California.

(Signature)

John M. Gregory

(Type or print name)

(Title, if any)

EXHIBIT "B"

1  MICHAEL A. VASQUEZ (SBN 119045)
   MICHAEL J. ESTRADA (SBN 121439)
2  VASQUEZ & ESTRADA
   Courthouse Square
3  1000 Fourth Street, Suite 700
   San Rafael, CA 94901
4  Telephone:    (415) 453-0555
   Facsimile:    (415) 453-0549
5
   Attorneys for Defendant
6  HILL BROTHERS CHEMICAL COMPANY

7

8         THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           IN AND FOR THE COUNTY OF SAN FRANCISCO

10              UNLIMITED CIVIL JURISDICTION

11

12  IN RE: COMPLEX                    )    CASE NO. 828684
                                      )
13  ASBESTOS LITIGATION               )    DEFENDANT HILL BROTHERS
                                      )    CHEMICAL COMPANY'S SECOND
14                                    )    AMENDED RESPONSES TO
                                      )    PLAINTIFFS' STANDARD INTER-
15                                    )    ROGATORIES TO ALL DEFENDANTS
                                      )    (GENERAL ORDER NO. 129)
16  _____  )

17  INTERROGATORY NO. 1:

18       Identify the person verifying these answers on YOUR behalf.

19  ANSWER TO INTERROGATORY NO. 1:

20       Ronald R. Hill

21  INTERROGATORY NO. 2:

22       State the date of first employment with YOU, and the dates and titles of each job position

23  the person verifying these interrogatories has held while employed by YOU.

24  ANSWER TO INTERROGATORY NO. 2:

25       Continuously employed with Hill Brothers since 1973, and has worked in the following

26  positions: President (1992 - present); Chief Executive Officer (1997 - present); Vice President of

27  Manufacturing (1988-1992); Assistant Production Manager (1981-1988); Operations Manager

28  (1976-1981); Sales (1973-1976).

                                    1

1  **INTERROGATORY NO. 3:**

2      State whether or not YOU are a corporation, and if so state:

3          A.    YOUR correct name;

4          B.    YOUR state of incorporation;

5          C.    The date of YOUR incorporation;

6          D.    The address of YOUR principal place of business;

7          E.    Whether or not YOU have ever held a certificate of authority to do business

8  in the State of California, and if so, the inclusive dates of any certificate;

9          F.    If YOU are wholly owned or the majority interest of your company is owned

10  by another business entity, state the entity's name and principal place of business;

11          G.    Whether YOU have any business offices in California, and, if so, YOUR

12  principal place of business in California.

13  **ANSWER TO INTERROGATORY NO. 3:**

14          A.    Hill Brothers Chemical Company is a corporation;

15          B.    California;

16          C.    May 1935;

17          D.    1675 N. Main Street, Orange, California 92867;

18          E.    N/A;

19          F.    N/A;

20          G.    Yes. 1675 N. Main Street, Orange, California 92867.

21  **INTERROGATORY NO. 4:**

22      Have YOU ever been identified, known, or done business under any other name in the State

23  of California?

24  **ANSWER TO INTERROGATORY NO. 4:**

25      Yes.

26  **INTERROGATORY NO. 5:**

27      If YOUR answer to Interrogatory No. 4 is in the affirmative, please state such name or

28  names and the time period during which THIS DEFENDANT was so known or identified.

2

1   MICHAEL A. VASQUEZ (SBN 119045)
    ALEXIS H. RUDD (SBN 224884)
2   VASQUEZ & ESTRADA
    Courthouse Square
3   1000 Fourth Street, Suite 700
    San Rafael, CA 94901
4   Telephone: (415) 453-0555
    Fax: (415) 453-0549
5
6   Attorneys for Defendant
7   HILL BROTHERS CHEMICAL COMPANY

8              THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11  IN RE:                            )   CASE NO.  828684
                                      )
12  COMPLEX ASBESTOS LITIGATION,      )
                                      )
13                                    )
                                      )   PROOF OF SERVICE OF DEFENDANT
14                                    )   HILL BROTHERS CHEMICAL
                                      )   COMPANY'S SECOND AMENDED
15                                    )   RESPONSES TO PLAINTIFFS'
                                      )   STANDARD INTERROGATORIES TO
16                                    )   ALL DEFENDANTS
                                      )   (GENERAL ORDER NO. 129)
17                                    )
                                      )
18  _____

19

20

21

22

23

24

25

26

27

28

_____
                          PROOF OF SERVICE

1

2

3

4                               PROOF OF SERVICE

                                *In Re Complex Litigation*
                          San Francisco Superior Court No. 828684

5          I, the undersigned, declare: that I am, and was at the time of service of the documents herein
    referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of
6   Marin, California. My business address is 1000 Fourth Street, Suite 700, San Rafael, California, 94901.

7          On the date executed below, I electronically served the document(s) via LexisNexis File & Serve
    described as:

8
           DEFENDANT HILL BROTHERS CHEMICAL COMPANY'S SECOND AMENDED
9          RESPONSES TO PLAINTIFFS' STANDARD INTERROGATORIES TO ALL
           DEFENDANTS (GENERAL ORDER NO. 129)

10

11         As required by the Court's Amended General Order No. 158, Order Mandating Electronic
    Filing and Service of Asbestos Pleadings, in this matter, and as performed by Lexis Nexis on the
12  parties in this action, addressed as follows:

13         SEE SERVICE LIST PROVIDED BY LEXIS NEXIS

14         The transmission was reported as complete and without error. A copy of the Lexis Nexis
    filing receipt will be maintained with the document in our file.

15
           I declare under penalty of perjury pursuant to the laws of the State of California that the
16  foregoing is true and correct and was executed on February 6, 2006, at San Rafael, California.

17

18                                      /s/ Karen J. Collier

19                                      Karen J. Collier

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE