EXHIBIT "C"

```
 1  MICHAEL T. McCALL, ESQ.   State Bar #109580
    ROBERT M. CHANNEL, ESQ.   State Bar #109273
 2  WALSWORTH, FRANKLIN, BEVINS & McCALL
    550 Montgomery Street, Eighth Floor
 3  San Francisco, CA  94111-2534
    (415) 781-7072
 4
    Attorneys for Defendant
 5  QUINTEC INDUSTRIES, INC.
 6
 7
 8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
 9             IN AND FOR THE COUNTY OF SAN FRANCISCO
10
11  IN RE:                      )   CASE NO.  828684
                                )
12  COMPLEX ASBESTOS LITIGATION )   RESPONSES TO PLAINTIFFS'
                                )   STANDARD INTERROGATORIES TO
13                              )   ALL DEFENDANTS
                                )
14  _____)
15  PROPOUNDING PARTY:  Plaintiffs
16  RESPONDING PARTY:   Defendant QUINTEC INDUSTRIES, INC.
17  SET NUMBER:         General Order No. 129 Interrogatories to
                        Defendants
18
19                          DEFINITIONS
20      1.   "ASBESTOS-CONTAINING PRODUCT(S)" shall mean a product(s)
21  which THIS DEFENDANT knows or believes to have contained any amount
22  of the mineral asbestos at any time.
23      2.   "COMPANY" means any private enterprise including
24  corporation, partnerships, joint ventures, and sole
25  proprietorships.
26      3.   A "CONTRACT UNIT" shall mean a branch, division,
27  subsidiary or other affiliated entity of a DEFENDANT which has been
28  or is now engaged in installation, disturbing or handling and/or
```

1  removal of RAW ASBESTOS and/or ASBESTOS-CONTAINING PRODUCTS.

2      4.    "DOCUMENT(S)" or "WRITING(S)" shall include all writings as defined by Section 250 of the California Evidence Code.

    5.    "GEOGRAPHIC AREA" means the 46 counties of Northern California (Alameda, Alpine, Amador, Butte, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado, Fresno, Glenn, Humboldt, Kern, Kings, Lake, Lassen, Marin, Mariposa, Mendocino, Merced, Modoc, Mono, Monterey, Napa, Nevada, Placer, Plumas, Sacramento, San Francisco, San Joaquin, San Mateo, Santa Clara, Santa Cruz, Shasta, Sierra, Siskiyou, Solano, Sonoma, Stanislaus, Sutter, Tehama, Trinity, Tulare, Tuolumne, Yolo, Yuba) and military facilities/installations in the State of California, or the following shipyards: Bethlehem Shipbuilding, San Pedro; California Shipbuilding, Terminal Island; Consolidated Steel Shipyard, Wilmington; Los Angeles Shipbuilding and Dry Dock aka L.A. Ship, San Pedro; National Steel and Shipbuilding Corporation, San Diego; Todd Shipyards Corporation, San Pedro; Triple "A" Machine, San Diego; Western Pipe and Steel Company, Los Angeles and San Pedro Divisions; Naval Air Station, North Island; Thirty-second Street Naval Repair Facility, San Diego; Long Beach Naval Shipyard; and San Diego Destroyer Base.

    6.    A request to "IDENTIFY" a "WRITING" or "DOCUMENT" or study shall mean a request to either attach such an exhibit to YOUR answers to these Interrogatories, or to describe such with sufficient particularity that it may be made the subject of a request for production of documents. YOUR description should include an indication of: (a) the author; (b) addressee(s); (c) date of origin; (d) the nature of the writing or document (e.g.,

letter, telephone memorandum, audio tape recording, photograph, etc.); and (e) its present location, name and present address of custodian thereof.

7. A request to "IDENTIFY" an oral communication shall mean a request to describe the communication with particularity, and shall include the following information; (a) the identity of all parties to the communication; (b) the identity of the person whom you contend initiated the communication; (c) the identity of all persons present at the time of the communication; and (d) the time, date and place of the communication.

8. A request to "IDENTIFY" or to state the "IDENTITY" of a person or individual means to state his or her name, the place of employment, job title, present business or present or last known home address, years of employment and last known telephone number if not employed by DEFENDANT.

9. A request to "IDENTIFY" the product shall mean a request to describe the product, the material or compound by the following means: (1) by nickname or slang name used in YOUR industry and/or occupation; (2) by the name under which it is sold in the marketplace (trade name); (3) by its generic name; and (4) by manufacturer.

10. "MARKETING" or "MARKETED" shall mean the mining, supply, sale, labeling, distribution, importing, processing or manufacture of RAW ASBESTOS and/or ASBESTOS-CONTAINING PRODUCTS(S).

11. A request to describe the "NATURE" of a product means to describe the (a) color; (b) texture; (c) form (i.e., powder, liquid, paste, solid, board, cloth, blanket, wire insulation, etc.); (d) physical dimensions, if solid (length, width and

height); (e) the type of shipping package and shipping package dimensions if not solid; (f) type of asbestos fiber used in the composition of the product (e.g., chrysotile, amosite, crocidolite); (g) the intended use or function of such product as recommended by this DEFENDANT as the miner, producer, supplier, contractor, manufacturer, distributor, owner or seller; and (h) the type of worksite in which it was intended to be used (e.g., shipyard, refinery, commercial building construction, manufacturing plant, home, power generating plant, etc.).

12. "PREMISES" includes, but is not limited to, buildings, structures in a refinery, boilers, generators, tract housing, commercial buildings and other such structures.

13. "RAW ASBESTOS" means asbestos fiber mined or milled, either packaged or in bulk, not compounded with other substances and essentially pure with the exception of naturally occurring trace amounts of other substances.

14. "THIS DEFENDANT" or "DEFENDANT" shall mean the named defendant herein, all of its divisions and subsidiaries in which it holds a controlling interest, and all "alternate entities" as defined and identified by name in any complaint pending against YOU as of the date of YOUR answers.

15. "YOU" and "YOUR" refer to the DEFENDANT who is named above as responding party.

INTERROGATORIES

INTERROGATORY NO. 1:

IDENTIFY the person verifying these answers on YOUR behalf.

RESPONSE TO INTERROGATORY NO. 1:

Mr. Lynn O. Poulson, 10880 Wilshire Boulevard, Suite 1800, Los

1 Angeles, California 90024, Secretary.

2 INTERROGATORY NO. 2:

3    State the date of first employment with YOU, and the dates and
4 titles of each job position the person verifying these
5 interrogatories has held while employed by YOU.

6 RESPONSE TO INTERROGATORY NO. 2:

7    Mr. Poulson has been Secretary of Quintec Industries, Inc.
8 ("Quintec") since 1984. Mr. Poulson was also a director of the
9 corporation for several years subsequent to 1984, but has not been
10 a director of Quintec since 1989.

11 INTERROGATORY NO. 3:

12    State whether or not YOU are a corporation, and if so, state:
13    A.   YOUR correct corporate name;
14    B.   YOUR state of incorporation;
15    C.   The date of YOUR incorporation;
16    D.   The address of YOUR principal place of business;
17    E.   Whether or not YOU have ever held a certificate of
18 authority to do business in the State of California, and if so, the
19 inclusive dates of any certificate;
20    F.   If YOU are wholly owned or the majority interest of YOUR
21 company is owned by another business entity, state the entity's
22 name and principal place of business;
23    G.   Whether YOU have any business offices in California,
24 and, if so, YOUR principal place of business in California.

25 RESPONSE TO INTERROGATORY NO. 3:

26    Yes.
27    A.   Quintec Industries, Inc.
28    B - C    Quintec Industries, Inc. is a California corporation

-5-

incorporated on May 28, 1964. From October 24, 1985 through April 21, 1991, Quintec was a Delaware corporation.

D. 25301 Trabuco Road, #2, Lake Forrest, California 92630.

E. Yes. From 1964 to the present.

F. All shares of Quintec are held by Insulectro, a California corporation, whose principal office is located at 20362 Windrow Drive, Lake Forest, California.

G. Yes. 25301 Trabuco Road, #2, Lake Forrest, California 92630.

INTERROGATORY NO. 4:

Have YOU ever been identified, known, or done business under any other name in the State of California?

RESPONSE TO INTERROGATORY NO. 4:

The California corporation Western Fibrous Glass Products Company was merged into Quintec Industries in 1973. Western Fibrous Glass Products Company also did business as Wesglas and from 1948 through 1952 was known as Western Fiberglas Supply Company.

INTERROGATORY NO. 5:

If YOUR answer to Interrogatory No. 4 is in the affirmative, please state such name or names and the time period during which THIS DEFENDANT was known or identified.

RESPONSE TO INTERROGATORY NO. 5:

The California corporation Western Fibrous Glass Products Company was merged into Quintec Industries in 1973. Western Fibrous Glass Products Company also did business as Wesglas and from 1948 through 1952 was known as Western Fiberglas Supply Company.

1  CONTAINING PRODUCTS into, out of or through any port in the
2  GEOGRAPHIC AREA? If so, for each occasion:
3      A.  IDENTIFY and describe the NATURE and amount of RAW
4  ASBESTOS and/or ASBESTOS-CONTAINING PRODUCTS;
5      B.  IDENTIFY the ship or ships (including the owners and
6  operators thereof) onto or from which the RAW ASBESTOS and/or
7  ASBESTOS-CONTAINING PRODUCTS were loaded, unloaded or transshipped;
8      C.  State the dates, port and pier involved for each
9  occasion;
10     D.  Either (1) attach all DOCUMENTS evidencing the
11 information sought in this Interrogatory and its subparts to your
12 answers to these Interrogatories, or (2) attach disks containing
13 such data, or (3) describe such DOCUMENTS with sufficient
14 particularity that they may be made the subject of a request for
15 production of documents;
16 **RESPONSE TO INTERROGATORY NO. 53:**
17     Not to Quintec's current knowledge.
18 Dated: October 10, 1997            WALSWORTH, FRANKLIN, BEVINS & McCALL

By: _____
ROBERT M. CHANNEL, ESQ.
Attorneys for Defendant

/appl/wp/quintec:f1524/gen9000/disc/C0123.resp

-43-

## VERIFICATION

I, LYNN O. POULSON, declare:

I am the Secretary of Quintec Industries, Inc., one of the defendants in this action, and am authorized to make this verification for and on its behalf. The foregoing responses entitled **RESPONSES TO PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS** (In Re Complex Asbestos Litigation) are true of my knowledge, except as to those matters which are therein stated on my information and belief and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 2d day of June, 1997, at Los Angeles, California.

_____
LYNN O. POULSON

-44-

## PROOF OF SERVICE BY MAIL

I declare as follows:

I am over the age of 18 years, employed in the county of San Francisco, and not a party to the within action. My business address is 550 Montgomery Street, Eighth Floor, San Francisco, California 94111.

I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.

On October 10, 1997, I served a copy of **RESPONSES TO PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS** on the party or parties named below, in Case No. 828684, by following ordinary business practice, placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the United States Postal Service where it would be deposited for first class delivery, postage fully prepaid, in the United States Postal Service that same day in the ordinary course of business, addressed as follows:

SEE ATTACHED LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on October 10, 1997, at San Francisco, California.

*[signature]*
MIRIAM STEELE

1  <u>IN RE: COMPLEX ASBESTOS LITIGATION</u>
   San Francisco County Superior Court Case No. 828684
2

3  Brayton Harley Curtis
   222 Rush Landing Road
4  P.O. Box 2109
   Novato, CA 94948
5

6  Law Offices of Jack K. Clapper
   62 Princess Street
7  Sausalito, CA  94965

8
   The Law Offices Of
9     Bruce L. Ahnfeldt, Esq.
   P.O. Box 6078
10 Napa, CA 94581

11
   Wartnick, Chaber, Harowitz,
12    Smith & Tigerman
   101 California Street, 22nd Floor
13 San Francisco, CA  94111

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "D"**

006

A. SCOTT GOLDBERG (SBN 119797)
SELMAN • BREITMAN
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, California 90025-6538
Telephone: (310) 445-0800
Facsimile: (310) 473-2525

Attorneys for Defendant
SEPCO CORPORATION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

IN RE:                           )   CASE NO. 828684
                                 )
COMPLEX ASBESTOS LITIGATION      )   DEFENDANT SEPCO CORPORATION'S
                                 )   RESPONSES TO PLAINTIFFS' STANDARD
                                 )   INTERROGATORIES TO ALL
                                 )   DEFENDANTS
                                 
                                     [General Order No. 129]

Defendant SEPCO CORPORATION ("SEPCO") provides the following responses to Plaintiffs' standard interrogatories to all Defendants [General Order No. 129].

PRELIMINARY STATEMENT

The responses set forth herein are given without prejudice to SEPCO's right to produce evidence, at trial or otherwise, of any subsequently discovered fact, writing, and/or interpretation thereof, or to modify or amend Responses according to subsequently discovered information.

Furthermore, it is SEPCO's opinion that several of General Order No. 129's Standard Interrogatories to All Defendants are objectionable as overly broad, unduly burdensome, not

1

likely to lead to the discovery of admissible evidence, vague and ambiguous. SEPCO notes that court adopted interrogatories are not beyond objection. See, *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214. However, pursuant to General Order No. 129 Section 4.A's bar on insertions of objections other than to privilege, SEPCO has not asserted such objections which it would do otherwise. Furthermore, by not asserting said objections, SEPCO does not concede that General Order No. 129 Section 4.A's bar on objections represents a valid and enforceable exercise of the San Francisco Superior Court's rule-making powers.

SEPCO limits these responses to fluid sealing products which are the only asbestos-containing products which are the subject of direct litigation involving SEPCO in the GEOGRAPHIC AREA. Additionally, SEPCO limits its responses to the time period its products were sold and/or present in the GEOGRAPHIC AREA.

SEPCO finds it difficult, if not, impossible to reconstruct or retrieve some of the information requested, particularly since no one is currently employed by SEPCO with first-hand information relevant to these responses. Therefore, the answers supplied herein are based on the present facts known or believed to be known by SEPCO at the time of filing these responses.

## INTERROGATORIES

INTERROGATORY NO. 1.

IDENTIFY the person verifying these answers on YOUR behalf.

RESPONSE TO INTERROGATORY NO. 1:

Vernon Gibson, Jr.

INTERROGATORY NO. 2:

State the date of first employment with YOU, and the dates and titles of each job position the person verifying these interrogatories has held while employed by YOU.

RESPONSE TO INTERROGATORY NO. 2:

1960 to 1984; General Manager, President, Chairman of the Board.

2

DEFENDANT SEPCO CORPORATION'S RESPONSES TO
PLAINTIFF'S STANDARD INTERROGATORIES TO ALL DEFENDANTS

<u>INTERROGATORY NO. 3:</u>

State whether or not YOU are a corporation, and if so, state:

A. YOUR correct corporate name;

B. YOUR state of incorporation;

C. The date of YOUR incorporation;

D. The address of YOUR principal place of business;

E. Whether or not YOU have ever held a certificate of authority to do business in the State of California, and if so, the inclusive dates of any certificate;

F. If YOU are wholly owned or the majority interest of YOUR company is owned by another business entity, state the entity's name and principal place of business;

G. Whether YOU have any business offices in California, and, if so, YOUR principal place of business in California.

<u>RESPONSE TO INTERROGATORY NO. 3:</u>

Yes.

A. SEPCO CORPORATION;

B. California;

C. 1982;

D. 150 Dey Street, Wayne, New Jersey 07470;

E. Yes;

F. N/A;

G. No.

<u>INTERROGATORY NO. 4:</u>

Have YOU ever been identified, known, or done business under any other name in the State of California?

<u>RESPONSE TO INTERROGATORY NO. 4:</u>

Defendant has done business under the name Southeastern Products Corporation, although not in the State of California.

3

DEFENDANT SEPCO CORPORATION'S RESPONSES TO
PLAINTIFF'S STANDARD INTERROGATORIES TO ALL DEFENDANTS

1      B.    IDENTIFY the ship or ships (including the owners and operators
2  thereof) onto or from which the RAW ASBESTOS and/or ASBESTOS-CONTAINING
3  PRODUCTS were loaded, unloaded or transshipped;
4      C.    State the dates, port and pier involved for each occasion;
5      D.    Either (1) attach all DOCUMENTS evidencing the information sought
6  in this Interrogatory and its subparts to YOUR answers to these Interrogatories, or (2) attach
7  disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity
8  that they may be made the subject of a request for production of documents.
9  RESPONSE TO INTERROGATORY NO. 53:
10      Not to our knowledge.

DATED: July 7, 2000

SELMAN • BREITMAN

By: _____
A. SCOTT GOLDBERG
Attorneys for Defendant
SEPCO CORPORATION

34

DEFENDANT SEPCO CORPORATION'S RESPONSES TO
PLAINTIFF'S STANDARD INTERROGATORIES TO ALL DEFENDANTS

# VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing DEFENDANT SEPCO CORPORATION'S RESPONSES TO PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS [General Order No. 129] and know its contents.

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

☒ I am ☐ an officer ☐ a partner ☒ the former president of Sepco, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on July 10, 2000, at Birmingham, Alabama.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

VERNON GIBSON
Type or Print Name                                        Signature