1  Dean A. Hanley, Esq.   (State Bar No. 169507)
   Philip A. Harley, Esq.   (State Bar No. 147407)
2  Deborah R. Rosenthal, Esq. (State Bar No. 184241)
   PAUL, HANLEY & HARLEY LLP
3  1608 Fourth Street, Suite 300
   Berkeley, California 94710
4  Telephone:  (510) 559-9980
   Facsimile:   (510) 559-9970
5  Email:  pharley@phhlaw.com
   Email:  drosenthal@phhlaw.com
6  Attorneys for Plaintiffs

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11  EVERETT HOGGE and PRISCILLA          )   Case No.:   C07 2873 EDL
    HOGGE,                               )
12                                       )   DECLARATION OF STEPHEN J. HEALY
                                         )   IN SUPPORT OF PLAINTIFFS' MOTION
13         Plaintiffs,                   )   FOR REMAND AND IN SUPPORT OF
    vs.                                  )   PLAINTIFFS' MOTION FOR ORDER
14                                       )   SHORTENING TIME FOR BRIEFING
    A.W. CHESTERTON COMPANY, et al,      )   AND HEARING OF PLAINTIFFS'
15                                       )   MOTION FOR REMAND
           Defendants.                   )
16                                       )   [28 U.S.C. §§ 1441-1447; F.R.C.P. 7(b); ND CA Local
                                         )   Rule 7-1]
17                                       )
                                         )   Current Hearing Date:   July 10, 2007
18                                       )   Proposed Hearing Date: June 19, 2007
                                         )   Time:                     9:00 a.m.
19                                           Courtroom:               E, 15th Floor
                                             Magistrate Judge:        Hon. Elizabeth D. Laporte
20
   _____

21        I, STEPHEN J. HEALY, declare as follows:

22        1.     I am an attorney admitted to practice law before this Court and all the courts of the

23  State of California and am an associate of PAUL, HANLEY & HARLEY, LLP, attorneys of

24  record for plaintiff herein.  The matters stated herein are true to my own personal knowledge,

25  except as otherwise stated.  If called upon as a witness, I could and would testify to the following

26  facts.

27

28  DECLARATION OF STEPHEN J. HEALY IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND
    AND IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME FOR BRIEFING
    AND HEARING OF PLAINTIFFS' MOTION FOR REMAND                              PAGE 1
    S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE remand - SJH Doc2.doc

2.      Attached hereto as **Exhibit "1"** is a true and correct copy of Plaintiff's Complaint for Personal Injury – Asbestos, filed in the San Francisco Superior Court on August 29, 2006, in the case of *Everett Hogge and Priscilla Hogge v. A.W. Chesterton Co., et. al.,* S.F.S.C. Case No. 452846.  No federal law is involved in this action.

3.      On May 7, 2007, trial in this case commenced in Department 611 of the San Francisco Superior Court before Honorable Diane E. Wick.  I attended as the trial attorney handling this case on behalf of plaintiffs.  The case proceeded through motions in limine and jury selection.  A jury was impaneled, the parties made their opening statements, and I began presenting expert and lay witness testimony and documents plaintiffs' case-in-chief.  The jury trial proceeded through Friday, May 25, 2007.  The courtroom was dark the week of May 28, 2007, because of the trial judge's calendar.  None of JOHN CRANE, INC.'s counsel ever made any mention of their intent to remove this action.  I first learned that JOHN CRANE I NC. filed a Notice of Removal on the afternoon of Friday, June 1, 2007.  On Monday, June 4, 2007, I and defense counsel appeared before Judge Wick to explain that the case was removed.  Judge Wick said she would hold the jury for now and that counsel should return to her courtroom with a status report next Monday, June 11, 2007.  The jury is time-qualified to remain through June 22, 2007.

4.      Attached hereto as **Exhibit "2"** is a true and correct copy of the Proof of Service of Summons and Complaint on HILL BROTHERS CHEMICAL COMPANY in the case of *Everett Hogge and Priscilla Hogge v. A.W. Chesterton Co., et. al.,* S.F.S.C. Case No. 452846.

5.      Attached hereto as **Exhibit "3"** is a true and correct copy of the Proof of Service of Summons and Complaint on QUINTEC INDUSTRIES, INC., in the case of *Andres Ginez v. A.W. Chesterton, et. al.,* S.F.S.C. Case No. 455659.

6.      Attached hereto as **Exhibit "4"** is a true and correct copy of the Proof of Service of Summons and Complaint on SEPCO CORPORATION in the case of *Everett Hogge and Priscilla Hogge v. A.W. Chesterton Co., et. al.,* S.F.S.C. Case No. 452846.

///

DECLARATION OF STEPHEN J. HEALY IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND AND IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING OF PLAINTIFFS' MOTION FOR REMAND                                                    PAGE 2
S:\Clients\Plaintiff\HI\Hogge, Everett 10293\Motions\JOHNCRANE remand - SJH Dec2.doc

1        7.      Attached hereto as **Exhibit "5"** is a true and correct copy of the Proof of Service

2    of Summons and Complaint on PLANT INSULATION COMPANY in the case of *Everett*

3    *Hogge and Priscilla Hogge v. A.W. Chesterton Co., et. al.,* S.F.S.C. Case No. 452846.

4        8.      I am personally familiar with the records and proceedings that have occurred in

5    this case during the months of May and June 2007.  No Judicial Council form Notice of

6    Settlement, no California Rule of Court 3.1385 Notice of Settlement, and no Request for

7    Dismissal has been offered or provided for HILL BROTHERS CHEMICAL COMPANY,

8    PLANT INSULATION COMPANY, QUINTEC INDUSTRIES, INC., or SEPCO

9    CORPORATION.

10        I declare under the penalty of perjury under the laws of the State of California and of the

11    United States of America that the foregoing is true and correct.  Executed on June 4, 2007, in

12    Berkeley, California.

13

14

15                                          _____

16                                          Stephen J. Healy

17

18

19

20

21

22

23

24

25

26

27

28    **DECLARATION OF STEPHEN J. HEALY IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND**
**AND IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME FOR BRIEFING**
**AND HEARING OF PLAINTIFFS' MOTION FOR REMAND**            **PAGE 3**
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE remand - SJH Dec2.doc

# EXHIBIT "1"

ENDORSED
F I L E D
San Francisco County Superior Court

JUN 2   2006

GORDON PARK-LI, Clerk
BY: ___ CRISTINA E. BAUTISTA
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JUN 2 0 2007  -1³⁰PM

DEPARTMENT 206

1  Dean A. Hanley, Esq. (State Bar No. 169507)
   Philip A. Harley, Esq.  (State Bar No. 147407)
2  Robert L. Barrow, Esq. (State Bar No. 208466)
   PAUL, HANLEY & HARLEY LLP
3  1608 Fourth Street, Suite 300
   Berkeley, California 94710
4  Telephone:     (510) 559-9980
   Facsimile:     (510) 559-9970
5
   Attorneys for Plaintiffs
6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF SAN FRANCISCO - COURT OF UNLIMITED JURISDICTION

10

11 EVERETT HOGGE and PRISCILLA HOGGE,          )   Case No.  CGC-06-452846
                                               )
12         Plaintiffs,                         )   COMPLAINT FOR
                                               )   PERSONAL INJURY AND
13 vs.                                         )   LOSS OF CONSORTIUM -
                                               )   ASBESTOS
14 A.W. CHESTERTON COMPANY,                    )
   AMERICAN STANDARD, INC.,                    )
15 ASBESTOS CORPORATION, LTD.,                 )
   AURORA PUMP COMPANY,                        )
16 BORGWARNER MORSE TEC, INC. individually     )
       and as successor-in-interest to BORG-   )
17     WARNER CORPORATION,                     )
   BUFFALO PUMPS, INC.,                        )
18 BURNHAM CORPORATION,                        )
   CARRIER CORPORATION,                        )
19 CBS CORPORATION, a Delaware corporation,    )
       f/k/a VIACOM, INC., successor by merger )
20     to CBS CORPORATION, a Pennsylvania      )
       corporation, f/k/a WESTINGHOUSE         )
21     ELECTRIC CORPORATION and                )
       successor-in-interest to B. F.          )
22     STURTEVANT COMPANY,                     )
   CRANE CO.,                                  )
23 CRANE CO. as successor-in-interest toPACIFIC )
       BOILER,                                 )
24 CROWN CORK & SEAL COMPANY, INC,             )
       Individually and as Successor–In–Interest to )
25     MUNDET CORK COMPANY,                    )
   THE DARCOID COMPANY OF CALIFORNIA,          )
26 DURABLA MANUFACTURING COMPANY,              )
   DURAMETALLIC CORPORATION,                   )
27 FORD MOTOR COMPANY,                         )
   FOSTER WHEELER USA CORPORATION,             )
28 GARDNER DENVER, INC. fka GARDNER            )

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS                    PAGE 1
S:\Clients\Plaintiffs\H\Hogge, Everett 1029\Pleadings\Complaint PI LOCI.doc

1       DENVER MACHINERY, INC.,     )
   GENERAL MOTORS CORPORATION,   )

2     GEORGIA PACIFIC CORPORATION,    )
   GARLOCK SEALING TECHNOLOGIES, LLC,  )

3       fka GARLOCK, INC.,    )
   THE GOODYEAR TIRE & RUBBER   )

4       COMPANY,    )
   GOULDS PUMPS (IPG), INC.,    )

5     HILL BROTHERS CHEMICAL COMPANY,  )
   HONEYWELL INTERNATIONAL, INC., fka  )

6       ALLIED SIGNAL, INC., as successor-in-  )
     interest to the BENDIX CORPORATION,  )

7       BENDIX AVIATION CORP. and THE  )
     SIGNAL COMPANIES, INC. fka SIGNAL  )

8       OIL & GAS COMPANY,   )
   HOPEMAN BROTHERS, INC.,   )

9     IMO INDUSTRIES, INC. fka DE LAVAL  )

10      TURBINE, INC.; DELAVAL TURBINE,  )
     INC. and IMO DELAVAL, INC.,  )

11    INGERSOLL-RAND COMPANY,   )
   INTERNATIONAL PAPER COMPANY,  )

12    ITT INDUSTRIES, INC.,    )
   J.T. THORPE & SON, INC.,   )

13    JOHN CRANE, INC. individually and fka CRANE  )
     PACKING COMPANY,   )

14    KENTILE FLOORS, INC.,   )
   LESLIE CONTROLS, INC.,   )

15    METALCLAD INSULATION CORPORATION,  )
   MUELLER CO. aka MUELLER COMPANY,  )

16    NIBCO, INC.,    )
   OWENS-ILLINOIS, INC.,   )

17    PARKER HANNIFIN CORPORATION as  )
     successor-in-interest to SACOMO-  )

18      SIERRA,    )
   PLANT INSULATION COMPANY,   )

19    QUINTEC INDUSTRIES, INC.,   )
   SB DECKING, INC. fka SELBY BATTERSBY &  )

20      COMPANY,    )
   SEPCO CORPORATION,   )

21    SIDNEY FACILITY MANAGEMENT, INC. fka  )
     RICHARD KLINGER, INC.,  )

22    SOCO WEST, INC. fka BRENNTAG  )
     WEST, INC., SOCO-LYNCH  )

23      CORPORATION, SOCO-WESTERN  )
     CHEMICAL CORPORATION, and  )

24      STINNES-WESTERN CHEMICAL  )
     CORPORATION individually and as  )

25      successor-in-interest to WESTERN  )
     CHEMICAL AND MANUFACTURING  )

26      COMPANY,   )
   THORPE INSULATION COMPANY,  )

27    UNION CARBIDE CORPORATION fka UNION  )
     CARBIDE CHEMICALS AND PLASTICS  )

28      COMPANY, INC., Individually and as  )

---

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS         PAGE 2

S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Pleadings\Complaint PI LOCl.doc

zz

ame


Successor-In-Interest to CALIDRIA ASBESTOS,
VELAN VALVE CORPORATION,
WALDRON DUFFY INC.,
WARREN PUMPS, INC.,
WEIL-McLAIN COMPANY, INC.,
YORK INTERNATIONAL CORPORATION which will do usiness in California as YORK HEATING AND AIR CONDITIONING,

and DOES 1 - 800,

                                   Defendants.

1. Plaintiff EVERETT HOGGE suffers from asbestos-related disease, including mesothelioma.

2. Plaintiffs EVERETT HOGGE and PRISCILLA HOGGE were married on March 9, 1963.

3. The Paul & Hanley, Master Complaint - Asbestos was filed with the Court on September 7, 2000. A copy of the Master Complaint and General Order No. 55 may be obtained upon request from Paul, Hanley & Harley, LLP, and designated portions of the Master Complaint are incorporated by reference herein pursuant to the authority conferred by General Order No. 55. Plaintiffs' claims are as set forth in said Master Complaint against defendants herein as follows:

| CAUSE OF ACTION | Defendants on Exhibit | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | **B** | **C** | **D** | **E** | **F** | **G** |
| **First** (Negligence) | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Second** (Strict Liability) | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Third** (False Representation Under Restatement of Torts Section 402-B) | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Fourth** (Intentional tort) | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

///

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS                    PAGE 3
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Pleadings\Complaint PI LOC1.doc

| Cause of Action | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| **Fifth** (Premises Owner/Contractor Liability) | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **Sixth** (Respiratory Safety Devices - Negligence) | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| **Seventh** (Respiratory Safety Devices - Strict Liability) | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| **Eighth - Eleventh** | As Alleged in Paul & Hanley Master Complaint | | | | | |
| **Twelfth** (Negligence [33 U.S.C. §905(b)]) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Thirteenth** (Unseaworthiness) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Fourteenth** (Negligence [Jones Act]) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Fifteenth** (Maintenance and Cure) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Sixteenth** (Loss of Consortium) | ☒ | ☒ | | | | ☒ |
| **Seventeenth** Survival - Negligence) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Eighteenth** (Survival - Strict Liability) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Nineteenth** (False Representation Under Restatement of Torts Section 402-B - Survival) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Twentieth** (Survival - Intentional Tort) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Twenty-First** (Wrongful Death - Negligence) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Twenty-Second** (Wrongful Death - Strict Liability) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

///

///

## TWENTY-THIRD CAUSE OF ACTION
### (Negligence - Clutch & Brake Components)

AS AND FOR A FURTHER AND TWENTY-THIRD SEPARATE AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY (NEGLIGENCE) FOR CLUTCH COMPONENTS AND BRAKE ASSEMBLIES, MECHANISMS AND LININGS, PLAINTIFF EVERETT HOGGE COMPLAINS OF FORD MOTOR COMPANY, GENERAL MOTORS CORPORATION and DOES 250-275, AND ALLEGES AS FOLLOWS:

4.      Plaintiff, by this reference, incorporates the allegations contained in the First Cause of Action as though fully set forth herein.

5.      FORD MOTOR COMPANY, GENERAL MOTORS CORPORATION and DOES 250-275, manufactured or supplied defective clutch components and brake assemblies or mechanisms which were incorporated into various makes and models of automobiles, trucks and vehicles manufactured, sold or supplied by said defendants.  Said clutch components and brake assemblies or mechanisms were negligently manufactured sold or supplied in that:

a)      The design of said clutch components and brake assemblies or mechanisms incorporated the use of asbestos-containing clutch facings/plates and brake linings;

b)      Asbestos clutch components brake linings wear and/or deteriorate during regular and ordinary use thus creating friable asbestos dust, which accumulates in the clutch brake assemblies and/or mechanisms;

c)      The design of said clutch components brake assemblies require as a part of their normal operation, use and maintenance that the asbestos clutch components and brake linings be removed and replaced;

d)      Said defendants required the use of asbestos-containing clutch components and brake linings throughout the time period 1940-1985;

e)      During the removal and replacement of asbestos-containing clutch components and brake linings, asbestos-containing dust was inherently generated because of the design of the clutch components and brake assemblies and/or mechanisms;

f)      Defendants knew or should have known that the asbestos-containing dust would be generated during the regular use and maintenance of the clutch components and brake assemblies, mechanisms and linings, and that such dust created an increased risk of asbestos disease for all users, consumers, or others who breathed said asbestos-containing dust;

g)      The defendants, and each of them, failed to warn and/or properly instruct users, consumers, or others of the asbestos-containing dust hazard which existed at the time of regular maintenance or replacement of asbestos clutch components and brake linings.  Such failure includes, but is not limited to:

a.      Failure to place prominent and adequate warnings or instructions in and on the clutch components and brake pads and wheel drums;

b.      Failure to place adequate warnings or instructions in the owners' manuals accompanying said automobiles, trucks and vehicles;

c.      Failure to place adequate warnings or instructions on various repair manuals and instructions published by defendants; and

d.      Failure to provide adequate information regarding the asbestos hazards associated with the regular use and maintenance of the clutch components and brake mechanisms, assemblies and/or linings.

6.      The clutch components and brake assemblies, mechanisms and/or linings manufactured, sold or supplied by defendants failed to perform as safely as the ordinary consumer would expect, even though they performed as designed.

7.      Defendants' use and design of asbestos-containing clutch components and brake linings, both as original equipment and as replacement parts, created unreasonable inherent risks which outweighed the benefits of said use and/or design.

8.      The dangers inherent in asbestos-containing clutch components and brake linings were unknown and unforeseeable to the plaintiff.

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS                    PAGE 6
S:\Clients\Plaintiffs\HN\Jegge, Everett 10293\Pleadings\Complaint PI LOC\.doc

9.     Plaintiff's exposure to asbestos-containing dust, which caused his injury, was from his use and maintenance of defendants' clutch components and brake mechanisms, assemblies and/or linings. Said work produced the release of asbestos dust, which plaintiff inhaled, thus increasing his risk for all asbestos-related disease.

10.     Defendants' negligence and defective products as described in this cause of action were a direct cause of plaintiff's injuries, and the injuries and damages thereby sustained by plaintiff.

11.     Nothing hereinabove claimed seeks to impose liability on the defendants named in this cause of action for the products or actions of any third party that may have supplied replacement brake linings used in the hereinabove described brake assemblies.

WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

## TWENTY-FOURTH CAUSE OF ACTION
### (Strict Liability - Clutch & Brake Components)

AS AND FOR A FURTHER AND TWENTY-FOURTH SEPARATE AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY (STRICT LIABILITY) FOR CLUTCH COMPONENTS AND BRAKE ASSEMBLIES, MECHANISMS AND LININGS, PLAINTIFF EVERETT HOGGE COMPLAINS OF DEFENDANTS FORD MOTOR COMPANY, GENERAL MOTORS CORPORATION and DOES 250-275, AND ALLEGES AS FOLLOWS:

12.     Plaintiff, by this reference, incorporates the allegations contained in the Second and Twenty-Third Causes of Action as though fully set forth herein, excepting there from allegations of negligence.

13.     Defendants' defective products as described in this cause of action did not perform as safely as an ordinary consumer would have expected at time of plaintiff's use.

14.     Defendants' defective products as described in this cause of action were used in a manner foreseeable by defendants.

15.    The gravity of the potential harm resulting from the use of defendants' defective products as described in this cause of action, and the likelihood such harm would occur, outweighed the cost of feasible alternative designs, including providing adequate warning of such potential harm, including asbestos-related disease.

16.    Defendants' conduct and defective products as described in this cause of action were a direct cause of plaintiff's injuries, and the injuries and damages thereby sustained by plaintiff.

17.    Nothing hereinabove claimed seeks to impose liability on the defendants named in this cause of action for the products or actions of any third party that may have supplied replacement brake linings used in the hereinabove described brake assemblies.

WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

18.    As to defendants GENERAL ELECTRIC COMPANY and CBS CORPORATION, a Delaware corporation, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION and successor-in-interest to B. F. STURTEVANT COMPANY only, plaintiffs exclude claims arising from exposure to turbines at military and/or government jobsites.

Dated: June 1, 2006

                              PAUL, HANLEY & HARLEY, LLP.

                              By: _____
                                  Robert L. Barrow
                                  Attorneys for Plaintiffs

<u>EXHIBIT "A"</u>

Plaintiff EVERETT HOGGE's exposure stems from his occupational exposures to asbestos and asbestos-containing products while working as a Pipefitter, Steamfitter and Inspector. Plaintiff was exposed to asbestos and asbestos-containing thermal insulation materials from his job sites, which include but are not limited to the sites listed below.

Plaintiff did all of his own auto repair over the years including brake and clutch replacements. Plaintiff performed friction and clutch work on the following vehicles: a 1962 Chevy convertible, a 1966 Buick, a 1975 Buick, a 1972 Chevy Vega, a mid 1970s station wagon, a 1970s Buick, a 1981 Buick, a 1953 Ford and a 1957 Ford.

Throughout the sixties and seventies plaintiff did drywall installation and repair and assisted others with home construction as well as working on "fixer-uppers" and investment properties. Plaintiff's work included the application, sanding and sweeping of drywall joint compound, the cutting and installation of floor tiles, as well as the installation of well water pumps. Handling, cutting, scoring, abrading, sanding, sweeping and otherwise disturbing these asbestos containing products created visible dust which Plaintiff breathed without protection. Plaintiff EVERETT HOGGE suffers from asbestos-related disease, including mesothelioma.

| Jobsite | Employer | BD | ED |
|---|---|---|---|
| Various Residential Homes, Glouster County, VA | Henry Hogge Plumbing | 1/1/1951 | 12/31/1971 |
| Yorktown Refinery, Yorktown, VA | UNKNOWN | 1/1/1956 | 12/31/1956 |
| USS ENTERPRISE | Newport News Shipbuilding | 1/1/1959 | 11/25/1961 |
| Newport News Shipbuilding and Drydock, Newport News, VA | Newport News Shipbuilding | 1/1/1959 | 12/31/1973 |
| USS HUNLEY | Newport News Shipbuilding | 11/28/1960 | 6/6/1962 |
| USS AMERICA (CVA-67) | Newport News Shipbuilding | 1/9/1961 | 1/13/1965 |
| SS AMERICAN CHALLENGER | Newport News Shipbuilding | 12/18/1961 | 10/23/1962 |
| SS AMERICAN CHARGER | Newport News Shipbuilding | 2/12/1962 | 12/18/1962 |
| SS AMERICAN CHAMPION | Newport News Shipbuilding | 6/18/1962 | 3/8/1963 |

| | | | |
|---|---|---|---|
| USS AMERICAN CHIEFTAIN | Newport News Shipbuilding | 9/4/1962 | 4/24/1963 |
| USS JOHN F. KENNEDY | Newport News Shipbuilding | 10/22/1964 | 8/31/1968 |
| USS CHARLESTON (AKA-113) | Newport News Shipbuilding | 12/5/1966 | 12/5/1968 |
| USS ENTERPRISE | Newport News Shipbuilding | 6/1/1967 | 8/30/1967 |
| Hunters Point Naval Shipyard, San Francisco, CA | Newport News Shipbuilding | 6/1/1967 | 9/30/1967 |
| USS DURHAM | Newport News Shipbuilding | 7/10/1967 | 4/28/1969 |
| USS MOBILE | Newport News Shipbuilding | 1/15/1968 | 9/2/1969 |
| USS ST. LOUIS | Newport News Shipbuilding | 4/3/1968 | 10/31/1969 |
| USS DANIEL WEBSTER | Newport News Shipbuilding | 9/6/1968 | 11/6/1969 |
| USS DANIEL BOONE | Newport News Shipbuilding | 5/8/1969 | 8/14/1970 |
| USS TECUMSEN | Newport News Shipbuilding | 11/8/1969 | 2/18/1971 |
| USS NATHANIEL GREENE SSBN-636 | Newport News Shipbuilding | 7/20/1970 | 9/21/1971 |
| USS SIMON BOLIVAR | Newport News Shipbuilding | 2/7/1971 | 5/12/1972 |
| USS JAMES K. POLK SSBN-645 | Newport News Shipbuilding | 7/21/1971 | 11/17/1972 |
| USS HENRY C. STIMSON SSBN-655 | Newport News Shipbuilding | 11/1/1971 | 3/22/1973 |
| USS MARIANO G. VALLEJO | Newport News Shipbuilding | 8/17/1972 | 12/19/1973 |
| UNKNOWN | Self Employed | 1/1/1973 | 12/31/1980 |

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

S:\Clients\Plaintiffs\HHogge, Everett 10293\Pleadings\Complaint PI LOCI.doc

| | | | |
|---|---|---|---|
| USS ALEXANDER HAMILTON SSBN-617 | Newport News Shipbuilding | 1/12/1973 | 4/11/1975 |
| USS WOODROW WILSON | Newport News Shipbuilding | 9/28/1973 | 10/22/1975 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Pleadings\Complaint PI LOCI.doc

1

EXHIBIT "B"

2

3  A.W. CHESTERTON COMPANY,
   AMERICAN STANDARD, INC.,
   ASBESTOS CORPORATION, LTD.,
4  AURORA PUMP COMPANY,
   BORGWARNER MORSE TEC, INC. individually and as successor-in-interest to BORG-
5       WARNER CORPORATION,
   BUFFALO PUMPS, INC.,
6  BURNHAM CORPORATION,
   CARRIER CORPORATION,
7  CBS CORPORATION, a Delaware corporation, f/k/a VIACOM, INC., successor by merger
        to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE
8       ELECTRIC CORPORATION and successor-in-interest to B. F. STURTEVANT
        COMPANY,
9  CRANE CO.,
   CRANE CO. as successor-in-interest to PACIFIC BOILER,
10 CROWN CORK & SEAL, INC, Individually and as Successor–In–Interest to
        MUNDET CORK COMPANY,
11 THE DARCOID COMPANY OF CALIFORNIA,
   DURABLA MANUFACTURING COMPANY,
12 DURAMETALLIC CORPORATION,
   FORD MOTOR COMPANY,
13 FOSTER WHEELER USA CORPORATION,
   GARDNER DENVER, INC. fka GARDNER DENVER MACHINERY, INC.,
14 GENERAL MOTORS CORPORATION,
   GEORGIA PACIFIC CORPORATION,
15 GARLOCK SEALING TECHNOLOGIES, LLC, fka GARLOCK, INC.,
   THE GOODYEAR TIRE & RUBBER COMPANY,
16 GOULDS PUMPS (IPG), INC.,
   HILL BROTHERS CHEMICAL COMPANY,
17 HONEYWELL INTERNATIONAL, INC., fka ALLIED SIGNAL, INC., as successor-in-
        interest to the BENDIX CORPORATION, BENDIX AVIATION CORP. and THE
18      SIGNAL COMPANIES, INC. fka SIGNAL OIL & GAS COMPANY,
   HOPEMAN BROTHERS, INC.,
19 IMO INDUSTRIES, INC. fka DE LAVALTURBINE, INC.; DELAVAL TURBINE, INC. and
        IMO DELAVAL, INC.,
20 INGERSOLL-RAND COMPANY,
21 INTERNATIONAL PAPER COMPANY,
   ITT INDUSTRIES, INC.,
22 J.T. THORPE & SON, INC.,
   JOHN CRANE, INC. individually and fka CRANE PACKING COMPANY,
23 KENTILE FLOORS, INC.,
   LESLIE CONTROLS, INC.,
24 METALCLAD INSULATION CORPORATION,
   MUELLER CO. aka MUELLER COMPANY,
25 NIBCO, INC.,
   OWENS-ILLINOIS, INC.,
26 PARKER HANNIFIN CORPORATION as successor-in-interest to SACOMO-SIERRA,
   PLANT INSULATION COMPANY,
27 QUINTEC INDUSTRIES, INC.,
   SB DECKING, INC. fka SELBY BATTERSBY & COMPANY,
28 SEPCO CORPORATION,

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS                           PAGE 12
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Pleadings\Complaint PI LOCI.doc

1  SIDNEY FACILITY MANAGEMENT, INC. fka RICHARD KLINGER, INC.,
   SOCO WEST, INC. fka BRENNTAG WEST, INC., SOCO-LYNCH
2       CORPORATION, SOCO-WESTERN CHEMICAL CORPORATION, and
        STINNES-WESTERN CHEMICAL CORPORATION individually and as successor-in-
3       interest to WESTERN CHEMICAL AND MANUFACTURING COMPANY,
   THORPE INSULATION COMPANY,
4  UNION CARBIDE CORPORATION fka UNION CARBIDE CHEMICALS AND PLASTICS
        COMPANY, INC., Individually and as Successor-In-Interest to CALIDRIA ASBESTOS,
5  VELAN VALVE CORPORATION,
   WALDRON DUFFY INC.,
6  WARREN PUMPS, INC.,
   WEIL-MCLAIN COMPANY, INC.,
7  YORK INTERNATIONAL CORPORATION which will do usiness in California as YORK
        HEATING AND AIR CONDITIONING,

8  and DOES 1 – 300.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS          **PAGE 13**
S:\Clients\Plaintiffs\H\Hoggs, Everett 10293\Pleadings\Complaint P1 LOCI.doc

1

<div align="center">EXHIBIT "C"</div>

2 AMERICAN STANDARD, INC.,
CBS CORPORATION, a Delaware corporation, f/k/a VIACOM, INC., successor by merger
3     to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE
    ELECTRIC CORPORATION and successor-in-interest to B. F.  STURTEVANT
4     COMPANY,
CRANE CO. as successor-in-interest to PACIFIC BOILER,
5 FOSTER WHEELER USA CORPORATION,
HOPEMAN BROTHERS, INC.,
6 IMO INDUSTRIES, INC. fka DE LAVAL TURBINE, INC.; DELAVAL TURBINE, INC. and
    IMO DELAVAL, INC.,
7 J.T. THORPE & SON, INC.,
KENTILE FLOORS, INC.,
8 METALCLAD INSULATION CORPORATION,
PLANT INSULATION COMPANY,
9 THORPE INSULATION COMPANY,

10 and DOES 301 -- 500.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT "D"

2

3  DOES 551 – 600.

4

5

6

## EXHIBIT "E"

7  [Erroneously misstated as Exhibit D defendants in Master Complaint]

8

9

10  DOES 501 – 550.

11

12

13

## EXHIBIT "G"

14

15

16  and DOES 621 – 650.

17

18

19

20

21

22

23

24

25

26  ## EXHIBITS "D, E, G"

27

28

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM – ASBESTOS
S:\Clients\Plaintiffs\HP\Hoggs, Everett 16293\Pleadings\Complaint PI LOCI.doc

PAGE 15