Dean A. Hanley, Esq.   (State Bar No. 169507)
Philip A. Harley, Esq.   (State Bar No. 147407)
Deborah R. Rosenthal, Esq. (State Bar No. 184241)
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:  (510) 559-9980
Facsimile:   (510) 559-9970
Email: pharley@phhlaw.com
Email: drosenthal@phhlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, *et al*,<br><br>　　　　Defendants. | Case No.: C 07 2873 EDL<br><br>**PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING OF MOTION FOR REMAND; DECLARATION OF DEBORAH R. ROSENTHAL IN SUPPORT THEREOF**<br><br>Current Hearing Date:  July 10, 2007<br>Proposed Hearing Date: June 19, 2007<br>Time:　　　　　　　9:00 a.m.<br>Courtroom:　　　　　E, 15th Floor<br>Magistrate Judge:　　Hon. Elizabeth D. Laporte |

## I.　INTRODUCTION

Plaintiffs move this Court for an order shortening time to hear plaintiffs' Motion for Remand of this case to the Superior Court of the State of California, County of San Francisco. Plaintiffs' motion is currently set for hearing on July 10, 2007, the soonest possible date on regularly noticed time. Plaintiffs move the Court for an order shortening the time for hearing to June 19, 2007, and shortening the time for removing defendant JOHN CRANE INC. to oppose the motion by seven days. Plaintiffs make this request because (1) EVERETT HOGGE is gravely ill, dying of mesothelioma, and unlikely to survive to have the motion heard on regular time; (2) JOHN CRANE INC. has no legal basis for removing this action because California defendants remain in this case, which was initially filed in California state court, and because

1  JOHN CRANE INC. failed to obtain the unanimous consent of the remaining defendants to
2  removal; (3) this case was three weeks into trial when JOHN CRANE INC. filed its Notice of
3  Removal and JOHN CRANE INC. waited without justification until the end of the fourth week,
4  which was dark, to file its Notice of Removal late in the afternoon on Friday, June 1, 2007, in
5  further attempt at delay; and (4) for the foregoing reasons, plaintiffs will be substantially and
6  irreparably harmed if their Motion for Remand is not heard as soon as possible.
7      Defendant is agreeable to advancing the hearing date to the week of June 25, 2007, or
8  July 2, 2007, but not to shortening the time for filing its opposition. JOHN CRANE INC.'s
9  opposition is currently due June 19, 2007. Plaintiffs request that defendant be given one less
10 week to file and serve its opposition, so that the opposition is due on June 12, 2007; that
11 plaintiffs' reply be filed and served no later than June 15, 2007, and that the Court hold the
12 hearing, if any is necessary, and/or rule on Plaintiffs' Motion for Remand no later than June 19,
13 2007. This expedited scheduled is necessary to serve the interests of justice and will not
14 prejudice or surprise defendant, who had no legal basis for removal in the first place and who
15 would have had the full length of time to oppose plaintiffs' motion if it had removed the action
16 one week earlier, which it easily could have done.
17     It should be noted that asbestos cases pending in the U.S. District Court are routinely
18 transferred to the federal Asbestos Multi-District Litigation in the Eastern District of
19 Pennsylvania. In order to avoid further delay and prejudice to plaintiffs, plaintiffs urge the Court
20 to enter an immediate order preventing such transfer until the Motion for Remand is decided.

## II. STATEMENT OF FACTS

22 Plaintiff EVERETT HOGGE, 65 years old, is presently dying from mesothelioma, an
23 incurable cancer caused by asbestos. (Rosenthal Declaration, ¶ 2, and Declaration of David H.
24 Harpole, Jr., M.D., In Support of Trial Preference, attached to the Rosenthal Declaration as
25 Exhibit A.) There is no cure for this fatal disease, which is causing Mr. HOGGE's health to
26 deteriorate and will require an increasing amount of pain medication as his symptoms worsen. In
27 January 2007, there was little medical likelihood that he would survive three months, beyond
28 April 2007. (*Id.*)

1   After filing a complaint for damages in the San Francisco County Superior Court, plaintiffs moved for trial-setting preference based on EVERETT HOGGE's poor health and poor prognosis. The Court granted plaintiffs' motion and set a trial date of May 7, 2007. (Rosenthal Declaration, ¶ 3, and Order Granting Plaintiff's Third Motion for Preference, attached as Exhibit B.) Trial commenced on May 7, 2007, in Department 611 of the San Francisco Superior Court before Honorable Diane E. Wick. The case proceeded through motions in limine and jury selection. A jury was impaneled, the parties made their opening statements, and plaintiffs began presenting expert and lay witness testimony and documents. The jury trial proceeded through Friday, May 25, 2007. The courtroom was dark the week of May 28, 2007, because of the trial judge's calendar. On the afternoon of Friday, June 1, 2007, JOHN CRANE INC. filed a Notice of Removal. On Monday, June 4, 2007, parties' counsel appeared before Judge Wick to explain that the case had been removed. Judge Wick said she would hold the jury for now and that counsel should return to her courtroom with a status report next Monday, June 11, 2007. The jury is time-qualified to remain through June 22, 2007. (Healy Declaration, ¶ 3.)

Plaintiffs' counsel asked defense counsel to stipulate to hearing plaintiffs' Motion for Remand on shortened time, and to shortening the length of time for defendant to file its opposition by one week. Counsel for JOHN CRANE INC. agreed to advance the hearing date by one or two weeks but refused to shorten the time for filing and service of its opposition. (Rosenthal Declaration, ¶ 4, and Exhibit C.)

### III. ARGUMENT

Rule 7-2 of the Civil Local Rules of the Northern District of California provides that all motions made in this Court must be filed, served, and noticed in writing at least 35 days before the date set for hearing of the motion. Oppositions are due 21 days before the hearing date, and reply briefs are due 14 days before the hearing date. N.D. Cal. Local Civil Rule 7-3. However, a party may move to shorten that time pursuant to Local Rule 6-3 if substantial harm or prejudice would occur if the Court did not hear the motion on shortened time.

In this case, plaintiffs ask this Court to shorten the time for briefing and hearing their Motion for Remand because EVERETT HOGGE is dying of a fatal illness. He has already lived

somewhat longer than expected (Exhibit A), and his health is now rapidly deteriorating. Additionally, defendant JOHN CRANE INC. removed the state court action several weeks <u>after trial commenced.</u> A jury had been selected, pre-trial matters resolved, and much of plaintiffs' evidence presented. The jury is time-qualified to June 22, 2007, only. (Healy Declaration, ¶ 3.) Knowing all this, waited without justification until the end of the fourth week of trial, which was dark, to file its Notice of Removal late in the afternoon on Friday, June 1, 2007.

JOHN CRANE INC. has no legal basis for removing this action because California defendants remain in this case, which was initially filed in California state court, and because JOHN CRANE INC. failed to obtain the unanimous consent of the remaining defendants to removal. Furthermore, JOHN CRANE INC. states in its removal papers that it intends to seek transfer to the Multi-District Litigation in the Eastern District of Pennsylvania. Plaintiffs will be substantially and irreparably harmed if their Motion for Remand is not heard as soon as possible.

Because JOHN CRANE INC. lacks a legal basis for removal, and because JOHN CRANE intentionally and unjustifiably delayed its removal as long as possible (filing the Notice of Removal one day before the outside one-year statutory deadline), no unfair prejudice to defendant would result if the Court expedites the briefing schedule and hearing date. An accelerated schedule is necessary to minimize the impact on the state court action, which had progressed all the way to trial and, in the interest of saving the resources of the state court, the jury, and the other remaining parties, should proceed forthwith. The longer it takes to resolve this matter, the greater the likelihood that EVERETT HOGGE will not survive through trial, and substantial resources already expended by the state court and the parties in the litigation of this matter will be wasted.

Plaintiff asks this Court to issue an Order Shortening Time that sets the following briefing and hearing schedule:

- Defendant's Opposition, if any, must be filed and hand-served on or before June 12, 2007, by 4:00 p.m.

- Plaintiffs' Reply, if any, must be filed and hand-served on or before June 15, 2007, by 4:00 p.m.

- The hearing on Plaintiffs' Motion for Remand, if any, will take place on June 19, 2007, 9:00 a.m. in Courtroom E on the 15th Floor of the U.S. District Court for the Northern District of California.

Defendant is agreeable to advancing the hearing date to the week of June 25, 2007, or July 2, 2007, but not to shortening the time for filing its opposition, which is currently due June 19, 2007. (Rosenthal Declaration, ¶ 4, and Exhibit C.)

There have been no previous time modifications in the case, other than the state court's grant of plaintiff's motion for trial preference in the San Francisco Superior Court proceedings. (Rosenthal Declaration, ¶ 3, and Exhibits A and B.)

Plaintiffs are also willing to waive their reply if the Court prefers in order to hear the motion on shortened time. (Rosenthal Declaration, ¶ 5.)

The issues in Plaintiffs' Motion for Remand are: whether JOHN CRANE INC's Notice of Removal sets forth sufficient allegations to establish federal court jurisdiction and removability; i.e., (1) whether California citizen defendants Plant Insulation Company, Hill Brothers Chemical Company, Quintec Industries, and Sepco Corporation remain in the action, which was initially filed in California; (2) whether JOHN CRANE INC. obtained unanimous consent to removal of all defendants that remain in the action); and (3) whether the case became removable within the past 30 days. (Rosenthal Declaration, ¶ 6.)

## CONCLUSION

For the above reasons, plaintiffs respectfully request that this Court shorten the time for briefing and hearing as set forth above. Plaintiffs further request that this Court enter an order preventing transfer of this action to the federal Asbestos Multi-District Litigation until after the Motion for Remand is decided.

DATED: June 4, 2007          PAUL, HANLEY & HARLEY LLP

                             _____
                             Deborah R. Rosenthal,
                             Attorneys for Plaintiff