1  Dean A. Hanley, Esq.   (State Bar No. 169507)
   Philip A. Harley, Esq.   (State Bar No. 147407)
2  Deborah R. Rosenthal, Esq. (State Bar No. 184241)
   PAUL, HANLEY & HARLEY LLP
3  1608 Fourth Street, Suite 300
   Berkeley, California 94710
4  Telephone:  (510) 559-9980
   Facsimile:   (510) 559-9970
5  Email:  pharley@phhlaw.com
   Email:  drosenthal@phhlaw.com
6  Attorneys for Plaintiffs

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11  EVERETT HOGGE and PRISCILLA      )  Case No.: C 07 2873 EDL
    HOGGE,                           )
12                                   )  **PLAINTIFFS' LOCAL RULE 1-5(k)**
                                     )  **REQUEST FOR INTERVENTION OF**
13          Plaintiffs,              )  **THE GENERAL DUTY JUDGE AND**
                                     )  **SUPPLEMENT TO MOTION FOR**
14  vs.                              )  **ORDER SHORTENING TIME FOR**
                                     )  **BRIEFING AND HEARING OF MOTION**
15  A.W. CHESTERTON COMPANY, *et al*, )  **FOR REMAND; DECLARATION OF**
                                     )  **STEPHEN HEALY IN SUPPORT**
16          Defendants.              )  **THEREOF**
                                     )  _____
17                                   )
                                     )
18                                   )  Current Hearing Date:  July 10, 2007
                                     )  Proposed Hearing Date: June 8, 2007
19                                   )  Time:                     9:00 a.m.
                                     )  Courtroom:               8, 19th Floor
20                                   )  **General Duty Judge:**    Hon. Charles R.Breyer
                                     )
21                                   )  Filed simultaneously in:
                                     )
22                                   )  Courtroom:               E, 15th Floor
                                     )  Magistrate Judge:        Hon. Elizabeth D. Laporte
23  _____)

24                    **I.    INTRODUCTION**

25        Intervention of the General Duty Judge is immediately required to effect substantial

26  justice in this case for two reasons: (1) to keep the present state court jury, time-qualified and

27  impaneled from a venire of some 200 citizens, and who have already heard 5 days of argument

28

and evidence; and (2) to best ensure that the Plaintiff does not die before a verdict can be rendered in this case.

Specifically, asbestos defendant JOHN CRANE, INC., filed a frivolous and meritless Notice of Removal in the middle of a San Francisco Superior Court asbestos personal injury jury trial, in a not-so-thinly-veiled attempt to delay the case long enough for the Plaintiff, a retired shipyard pipefitter, to die (Mr. HOGGE, who suffers from mesothelioma, now weighs 135 lbs., has undergone the removal of his left lung, and painful courses of radiation and chemotherapy).

This litigation tactic has been used four times by asbestos defense lawyers in 2007 against clients of the undersigned's law firm, with the following results:

| Case Name | State Court Action – County & Case Number | Federal Court Action – Judge and Case Number | State Court Trial Date | Date of Notice of Removal | Date of Remand | Date of Death of Plaintiff |
|---|---|---|---|---|---|---|
| Joseph Brewster, et ux., v. A.W. Chesterton Company, et al., | 456422 (San Francisco) | C 07-01688 WHA (Hon. William H. Alsup) | 4/2/07 | 3/26/07 | 4/6/07 | N/A – client is alive |
| Gene Murray, et ux., v. A.W. Chesterton Company, et al., | RG05241225 (Alameda) | C 07-00843 WDB (Hon. Wayne D. Brazil) | 1/19/07 | 2/9/07 | Case remanded per stipulation of the parties as the parties were not diverse and the federal court did not have subject matter jurisdiction over the action | 5/26/07 |
| Andres Ginez v. A.W. Chesterton Company, et al., | 455659 (San Francisco) | C 07-1701 SBA (Hon. Saundra Brown Armstrong) | 3/5/07 | 3/26/07 | 4/30/07 | N/A – client is alive |
| Evertt Hogge, et ux v. AW Chesterton, et al | 452846 (San Francisco) | C 07-2873 EDL (Hon. Elizabeth D. Laporte) | 5/7/07 | 6/1/07 | Motion pending | N/A – client is alive |

In each of the cases above-referenced, the plaintiff was (or is) dying of mesothelioma, an invariably fatal cancer, whose only scientifically known cause is that of asbestos exposure. See, e.g., Skip Fordyce, Inc. v. WCAB (1983) 149 Cal. App. 3d 915, 928-929 "… The medical evidence was that mesothelioma is caused exclusively by asbestos exposure"; Sparks v. Owens-

1  <u>Illinois, Inc.</u> (1995) 32 Cal. App. 4th 461, 469 ("Dr. Allan Smith, a professor of epidemiology at

2  the University of California, testified that the only established cause of mesothelioma in humans

3  was asbestos exposure …"; <u>Chevron USA v. Work Comp Appeals Board</u> (1990) 219 Cal. App.

4  3d 1265, fn 3 "Mesothelioma is recognized in the medical community as an asbestos-related

5  disease."  <u>Hamilton v. Asbestos Corp.</u> (2000) 22 Cal. 4th 1127, 1135  ("Observation has

6  established a strong linkage between mesothelioma and exposure to asbestos fibers.")

7  

8         Most recently in the <u>Andres Ginez v. A.W. Chesterton Company, et al.,</u> case, referenced

9  immediately above, Judge Brown-Armstrong's comments from the bench in remanding the case

10  back to state court, excoriated asbestos defense counsel for employing this tactic to prevent a

11  dying plaintiff from having his day in Court while the case was in trial.  Her comments were

12  typical, in the experience of the undersigned, of federal judicial attitudes of asbestos defendants

13  who employ these tactics.

14         Here, the Plaintiffs have high confidence that once the matter is heard, the case will be

15  remanded back to state court.

16         However, if the case is not remanded back to state court by Friday, June 8, 2007, the June

17  4, 2007, order of San Francisco Superior Court judge, the Hon. Diane E. Wick, is that the jury

18  that has been picked from a venire of 200 citizens and who has heard one week of testimony thus

19  far, will be dismissed, as it is not possible for that time-qualified jury to be held any longer while

20  we await a decision of the United States District Court..

21         Given Magistrate's La Porte's vacation schedule and the lack of a stipulation from JOHN

22  CRANE, INC., pursuant to Title 28, U.S.C. Section 636(c), to consent to the use of a Magistrate

23  for all purposes, it is simply not possible to keep the current jury in the state court without

24  intervention of the General Duty Judge, and it is unlikely that the matter can be resolved in Mr.

25  HOGGE's lifetime unless intervention is granted.

26  

27  

28

1

## II.   RELEVANT LAW

2
Rule 1-5(k) of the Civil Local Rules of the Northern District of California provides that

3
The "General Duty Judge" is the Judge at each division or location of the Court
designated by the Chief Judge to act for the Court in matters for which there is no
assigned Judge, or when the assigned Judge is unavailable. The name of the Judge
serving as General Duty Judge shall be made available by the office of the Clerk.

4

5

6

## CONCLUSION

7
For the above reasons, plaintiffs respectfully request that this Court shorten the time for

8
briefing and hearing and simply rule on the matter on June 8, 2007.  Plaintiffs further request that

9
this Court enter an order preventing transfer of this action to the federal Asbestos Multi-District

10
Litigation until after the Motion for Remand is decided.

11
DATED: June 7, 2007                         PAUL, HANLEY & HARLEY LLP

12

13
_____

14
Stephen J. Healy, Esq.
Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S LOCAL RULE 1-5(k) REQUEST FOR INTERVENTION OF THE <u>GENERAL DUTY JUDGE</u> AND SUPPLEMENT
TO MOTION FOR ORDER SHORTENING TIME FOR HEARING OF PLAINTIFFS' MOTION FOR REMAND**

PAGE 4

S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE OST remand 2 - motion.doc