Dean A. Hanley, Esq.   (State Bar No. 169507)
Philip A. Harley, Esq.   (State Bar No. 147407)
Deborah R. Rosenthal, Esq. (State Bar No. 184241)
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:  (510) 559-9980
Facsimile:   (510) 559-9970
Email:  pharley@phhlaw.com
Email:  drosenthal@phhlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, *et al*,<br><br>Defendants. | Case No.:   C07 2873 EDL<br><br>**DECLARATION OF STEPHEN J. HEALY IN SUPPORT OF PLAINTIFFS' LOCAL RULE 1-5(k) REQUEST FOR INTERVENTION OF THE <u>GENERAL DUTY JUDGE</u> AND SUPPLEMENT TO MOTION FOR REMAND AND IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING OF PLAINTIFFS' MOTION FOR REMAND**<br><br>[28 U.S.C. §§ 1441-1447; F.R.C.P. 7(b); ND CA Local Rule 7-1]<br><br>Current Hearing Date:   July 10, 2007<br>Proposed Hearing Date: June 19, 2007<br>Time:                              9:00 a.m.<br>Courtroom:                    8, 19th Floor<br>**General Duty Judge**:    Hon. Charles R. Breyer<br><br><u>Filed simultaneously in</u>:<br><br>Courtroom:                    E, 15th Floor<br>Magistrate Judge:         Hon. Elizabeth D. Laporte |

1  I, STEPHEN J. HEALY, declare as follows:

2  1. I am an attorney admitted to practice law before this Court and all the courts of the State of California and am an associate of PAUL, HANLEY& HARLEY, LLP, attorneys of record for plaintiff herein. The matters stated herein are true to my own personal knowledge, except as otherwise stated. If called upon as a witness, I could and would testify to the following facts.

2. The jury sitting in Department 611, of the San Francisco Superior Court, in the state court case that was removed to this Court, was previously time-qualified and impaneled from a venire of some 200 citizens, and who have already heard 5 days of argument and evidence.

3. For those reasons, the Hon. Diane E. Wick of the San Francisco Superior Court ordered, on June 4, 2007, that the jury sitting in Dept. 611, return to her court on June 11, 2007, so that if the federal court has remanded the case back to Dept. 611, by then, which is likely to occur in this case at some date, that the state court jury trial could continue with the existing jury and not have to start all over again with a new venire of another 200 citizens, etc.

4. Plaintiff, Mr. HOGGE, is a retired shipyard pipefitter, suffers from mesothelioma, and I am informed and believe that he now weighs 135 lbs., has undergone the removal of his left lung, and painful courses of radiation and chemotherapy, based on the unrebutted medical evidence heard in Dept. 611, thus far.

5. The litigation tactic seen here has been used four times by asbestos defense lawyers in 2007 against clients of the undersigned's law firm in trial, or on the eve of trial, with the following results:

///
///
///

**DECLARATION OF STEPHEN J. HEALY IN SUPPORT OF PLAINTIFFS' LOCAL RULE 1-5(k) REQUEST FOR INTERVENTION OF THE <u>GENERAL DUTY JUDGE</u> AND SUPPLEMENT TO MOTION FOR REMAND AND IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING OF PLAINTIFFS' MOTION FOR REMAND**
PAGE 2
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE remand - SJH Dec3.doc

| Case Name | State Court Action – County & Case Number | Federal Court Action – Judge and Case Number | State Court Trial Date | Date of Notice of Removal | Date of Remand | Date of Death of Plaintiff |
|---|---|---|---|---|---|---|
| Joseph Brewster, et ux., v. A.W. Chesterton Company, et al., | 456422 (San Francisco) | C 07-01688 WHA (Hon. William H. Alsup) | 4/2/07 | 3/26/07 | 4/6/07 | N/A – client is alive |
| Gene Murray, et ux., v. A.W. Chesterton Company, et al., | RG05241225 (Alameda) | C 07-00843 WDB (Hon. Wayne D. Brazil) | 1/19/07 | 2/9/07 | Case remanded per stipulation of the parties as the parties were not diverse and the federal court did not have subject matter jurisdiction over the action | 5/26/07 |
| Andres Ginez v. A.W. Chesterton Company, et al., | 455659 (San Francisco) | C 07-1701 SBA (Hon. Saundra Brown Armstrong) | 3/5/07 | 3/26/07 | 4/30/07 | N/A – client is alive |
| Evertt Hogge, et ux v. AW Chesterton, et al | 452846 (San Francisco) | C 07-2873 EDL (Hon. Elizabeth D. Laporte) | 5/7/07 | 6/1/07 | Motion pending | N/A – client is alive |

6.      In each of the cases above-referenced, the plaintiff was (or is) dying of mesothelioma, an invariably fatal cancer, whose only scientifically known cause is that of asbestos exposure. See, e.g., Skip Fordyce, Inc. v. WCAB (1983) 149 Cal. App. 3d 915, 928-929 "… The medical evidence was that mesothelioma is caused exclusively by asbestos exposure"; Sparks v. Owens-Illinois, Inc. (1995) 32 Cal. App. 4th 461, 469 ("Dr. Allan Smith, a professor of epidemiology at the University of California, testified that the only established cause of mesothelioma in humans was asbestos exposure …"; Chevron USA v. Work Comp Appeals Board (1990) 219 Cal. App. 3d 1265, fn 3 "Mesothelioma is recognized in the medical community as an asbestos-related disease." Hamilton v. Asbestos Corp. (2000) 22 Cal. 4th 1127, 1135 ("Observation has established a strong linkage between mesothelioma and exposure to asbestos fibers.")

DECLARATION OF STEPHEN J. HEALY IN SUPPORT OF PLAINTIFFS' LOCAL RULE 1-5(k) REQUEST FOR INTERVENTION OF THE GENERAL DUTY JUDGE AND SUPPLEMENT TO MOTION FOR REMAND AND IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING OF PLAINTIFFS' MOTION FOR REMAND
PAGE 3
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE remand - SJH Dec3.doc

7. Most recently in the <u>Andres Ginez v. A.W. Chesterton Company, et al.</u>, case, referenced immediately above, I am informed and believe from comments of the appearing attorneys that Judge Brown-Armstrong's comments from the bench in remanding the case back to state court, excoriated asbestos defense counsel for employing this tactic to prevent a dying plaintiff from having his day in Court while the case was in trial. Her comments were typical, in the experience of the undersigned, of federal judicial attitudes of asbestos defendants who employ these tactics.

8. Here, the Plaintiffs have high confidence that once the matter is heard, the case will be remanded back to state court.

9. However, if the case is not remanded back to state court by Friday, June 8, 2007, the June 4, 2007, order of San Francisco Superior Court judge, the Hon. Diane E. Wick, is that the jury that has been picked from a venire of 200 citizens and who has heard one week of testimony thus far, will be dismissed, as it is not possible for that time-qualified jury to be held any longer while we await a decision of the United States District Court..

10. I am informed and believe, after conferring with Magistrate's La Porte's staff, that her vacation schedule, coupled with the lack of a stipulation from JOHN CRANE, INC., pursuant to Title 28, U.S.C. Section 636(c), to consent to the use of a Magistrate for all purposes, that it is simply not possible to keep the current jury in the state court without intervention of the General Duty Judge, and it is unlikely that the matter can be resolved in Mr. HOGGE's lifetime unless intervention is granted.

///

///

///

**DECLARATION OF STEPHEN J. HEALY IN SUPPORT OF PLAINTIFFS' LOCAL RULE 1-5(k) REQUEST FOR INTERVENTION OF THE <u>GENERAL DUTY JUDGE</u> AND SUPPLEMENT TO MOTION FOR REMAND AND IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING OF PLAINTIFFS' MOTION FOR REMAND**
PAGE 4

S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE remand - SJH Dec3.doc

1  11. Attached hereto and incorporated herein by reference are all papers my office
2  filed on June 5, 2007.
3      I declare under the penalty of perjury under the laws of the State of California and of the
4  United States of America that the foregoing is true and correct.  Executed on June 7, 2007, in
5  Berkeley, California.

                                                        _____
                                                           Stephen J. Healy