HASSARD BONNINGTON LLP
B. THOMAS FRENCH, ESQ., State Bar No. 65848
btf@hassard.com
ROBERT L. NELDER, ESQ., State Bar No. 125426
rln@hassard.com
Two Embarcadero Center, Suite 1800
San Francisco, California  94111-3941
Telephone:  (415) 288-9800
Fax:  (415) 288-9802

Attorneys for Defendant
JOHN CRANE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>        Plaintiffs,<br><br>    vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>        Defendants. | **No.  C 07 2873  MJJ**<br><br>**DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND**<br><br>[28 U.S.C. §1441-7; F.R.C.P. 7(b); N.D. Cal. Local Rule 7-1]<br><br>Date:  July 10. 2007<br>          (TENTATIVE)<br>Proposed Hearing Date: June 19, 2007<br>Time:  9:30 a.m.<br>Dept.:  11, 19th Floor<br>Judge:  Hon. Martin J. Jenkins<br><br>Complaint Filed:  June 2, 2006<br>Trial Date:  May 7, 2007 |

TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................................................ 1

II. STATEMENT OF ISSUE TO BE DECIDED...................................................... 2

III. STATEMENT OF THE FACTS ......................................................................... 2

IV. LEGAL ANALYSIS............................................................................................ 3

    A.  John Crane Timely Removed This Case Within Thirty Days After It Learned Plaintiffs Had Settled Their Action With All Defendants Other Than John Crane........................................................................... 3

    B.  There Was No Need to Obtain the Settled Defendants' "Consent" to Removal ............................................................................................. 8

V.  CONCLUSION ................................................................................................ 10

## TABLE OF AUTHORITIES

Pages

### Cases

Aynesworth v. Beech Aircraft Corp.,
  604 F. Supp. 630 (W.D.Texas 1985) .................................................................. 7

Erdey v. American Honda Co., Inc.
  (M.D.La. 1983) 96 F.R.D. 593, *modified*, 558 F.Supp. 105 ................................. 6

Guerrero v. General Motors Corp.
  (N.D. Cal. 2005) 392 F.Supp. 2d 1133 ............................................................ 3, 4

Heniford v. American Motor Sales Corp.,
  471 F.Supp. 328 (D.S.C. 1979) .......................................................................... 7

Hessler v. Armstrong World Industries
  (D. Del. 1988), 684 F. Supp. 393 ........................................................................ 6

King v. Kayak Manufacturing Corp.
  (N.D.W.Va. 1988) 688 F.Supp. 227 .................................................................... 7

Lesher v. Andreozzi
  (M.D.Pa. 1986) 647 F.Supp. 920 ........................................................................ 6

Mertan v. E.R. Squibb & Sons, Inc.
  (C.D. Cal. 1980) 581 F. Supp. 751 ..................................................................... 4

### Statutes

28 United States Code Section 1446 ................................................................ 3, 6, 8

Civil Code Section 3528 ........................................................................................... 9

Civil Code Section 3532 ........................................................................................... 9

Code of Civil Procedure Section 581 .................................................................... 4, 5

Code of Civil Procedure Section 664.6 ..................................................................... 4

### Other Authorities

14A Wright, Miller & Cooper, Federal Practice & Procedure, §732 ........................... 6

Weil & Brown, California Practice Guide: Civil Procedure Before Trial,
  §12:964, at pp. 12(II)-107 (2006) ........................................................................ 4

## I. INTRODUCTION

Plaintiffs' Motion for Remand is an improper attempt to elevate form – and incorrect form, at that – over substance.  Although the California superior court judge who presided over a series of mandatory settlement conferences in Plaintiffs' case noted, in a May 16, 2007 docket entry, that the case had finally "settled except for John Crane" that day, and although the action consequently proceeded to trial against John Crane **alone**, Plaintiffs claim the case remained one in which complete diversity was lacking.  Plaintiffs persist in this argument despite their moving papers' own admission that, before trial, every other California defendant previously present in the case either had settled with them or entered into a vaguely-described settlement "agreement to agree."

Plaintiffs' motion is entirely based on their erroneous insistence that the court file's current lack of dismissals for some of these defendants means those defendants somehow "remain in the case."  They argue that this means that John Crane's removal petition, filed *one day before the "drop-dead" deadline to do so*, was "premature."  The case law demolishes this argument.  Significantly, Plaintiffs' motion never explains how defendants who do not attend trial because of their acknowledged settlement (and who, consequently, are not potentially subject to an adverse verdict) are properly viewed as active, non-diverse litigating parties.

Plaintiffs' hyper-technical pitch errs on a factual basis, as well:  some of the Dismissals they claim haven't been filed yet *were* on file on the date John Crane filed and served its removal papers.  Plaintiffs fail to realize that one of the California entities they point to was never regarded by the state court as a party in their case at any time.  But more important, Plaintiffs do not deign to address the wealth of cases recognizing that a state court judge's *announcement* that non-diverse defendants have settled **starts the removal clock ticking.**  And it studiously avoids the practical ramifications of the argument it urges, which would allow parties to collude to defeat the possibility of removal by announcing settlement to the court to avoid trial, while

-1-

simultaneously agreeing to delay the filing of closing papers until potential deadlines for removal expire. (Indeed, one may legitimately wonder whether such an arrangement was at work here.)

Plaintiffs evidently forget that the core goal of the removal statutes is to provide a mechanism by which an out-of-state party can avoid the "home cooking" that might result when its case is destined to be heard in the state court of a state where neither it nor any of the other defendants reside. Plaintiffs fail to explain how the theoretical (at best) out-of-court "presence" of resolved California defendants who haven't gotten their dismissals on file yet vitiates potential prejudice to an out-of-state defendant facing the jury *alone*. No explanation is possible.

John Crane removed this case less than thirty days after it received notice via the state court's docket that the entire "case settled except for John Crane," creating, for the first time, complete diversity. Plaintiffs' attempt to game the system by elevating form over substance in its remand papers should be rejected.

## II.    STATEMENT OF ISSUE TO BE DECIDED

Whether a case that proceeds to trial against a single, out-of-state defendant, shortly after the California state court acknowledges in its docket that all defendants other than that single foreign defendant have settled, is properly viewed as a case between non-diverse opponents, so to as to defeat removal jurisdiction and require remand.

## III.    STATEMENT OF THE FACTS

John Crane Inc. ("John Crane") incorporates by reference the procedural history of this case as set forth in the accompanying Declaration of Robert L. Nelder, as if fully set forth herein.

## IV. LEGAL ANALYSIS

### A. John Crane Timely Removed This Case Within Thirty Days After It Learned Plaintiffs Had Settled Their Action With All Defendants Other Than John Crane

When a case is not removable based on the initial pleading, the removal statutes provide that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b).

John Crane's petition for removal was timely under the statute. It filed its petition on June 1, 2007, sixteen days after John Crane first received an "other paper" – in the form of settlement judge Hon. A. James Robertson's May 16, 2007 docket entry – informing it that the case had finally become removable. Judge Robertson's docket entry stated:

> SETTLEMENT CONFERENCE HELD. CASE SETTLED EXCEPT FOR JOHN CRANE.

See Exhibit 1 to Declaration of Robert L. Nelder in Opposition to Motion for Remand, page 4, docket date May 16, 2007.

Plaintiffs completely ignore Judge Robertson's actions as settlement judge, and do not even mention this docket entry. Instead, they claim John Crane was powerless to file a removal petition until all of the California defendants actually filed executed Requests for Dismissal. To support this argument, Plaintiffs rely heavily on two inapposite cases, and try to sweep under the rug their patent inapplicability here.

First, Plaintiffs cite Guerrero v. General Motors Corp. (N.D. Cal. 2005) 392 F.Supp. 2d 1133 — a case in which the district court did, in fact, order remand. However, Guerrero involved settlements with four *minor plaintiffs*. The district court recognized that such settlements could not be deemed to be final or binding under California law before entry of an order approving the minors' compromises. Id. at

-3-
DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND
P:\Wdocs\HBMAIN\01850\01251\00222630.DOC-6807

1135.  Plaintiffs don't even attempt to argue that this kind of a hearing is necessary here.  Mr. and Mrs. Hogge are competent adults; no guardians *ad litem* entered into the settlements on Plaintiffs' behalf.

Nor can Plaintiffs point to any further court proceeding that would be necessary to "more fully resolve" the case as to the settling defendants here.[1]  As Plaintiffs frankly acknowledge, they are simply waiting for the checks to be cut and/or mailed.  Moreover, any potential motion to enforce the settlements Plaintiffs previously entered into, in accordance with Code Civ. Proc. §664.6, would be an ancillary proceeding independent of the case on the merits.[2]

Plaintiffs also point to the case of Mertan v. E.R. Squibb & Sons, Inc. (C.D. Cal. 1980) 581 F. Supp. 751, a case on which the Guerrero court relied, as support for their position.  They claim Mertan stands for the proposition that a settling defendant is not deemed "out of the case" for removal purposes until a Request for Dismissal in its name is actually on file with the court.  Plaintiffs misapprehend the holding of that case.

In Mertan, the non-diverse defendant who eventually settled *actually sat through eight weeks of an ongoing trial*.  Only then did it finally resolve the claims made by the plaintiff.  Id. at 752-53.  Against that background, the district court ruled a foreign state defendant's notice of removal – filed the same day the California defendant's settlement was announced in open court – was ineffective because it violated Code of Civ. Proc. §581d.  Id. at 753.

---

[1] Although Plaintiffs half-heartedly speculate that some defendant could, theoretically, ask the court to confirm the good faith of their settlement, Plaintiffs (tellingly) do not suggest any settlement they entered into was made contingent on such a judicial determination.  In truth, such hearings are as rare as hen's teeth in California asbestos litigation.

[2] In this regard, it is not even necessary that settlement agreements be in writing to be enforceable; an oral stipulation before the court is sufficient.  Moreover, such a stipulation wouldn't even have to occur in the course of formal court proceedings:  "It is enough that the settlement was reached in 'judicially supervised' proceedings," such as the mandatory settlement conferences at which the settlements at issue here were achieved.  See Weil & Brown, California Practice Guide:  Civil Procedure Before Trial, §12:964, at pp. 12(II)-107 (2006).

1       Section 581(d) provides that any dismissal *ordered by the court* must be in the form of a writing signed by the court.  But Plaintiffs, carelessly or otherwise, fail to inform the Court that Section 581's requirement of a written court order to effectuate dismissal applies **only if the defendant settles with the plaintiff while a trial is underway**.  See Code Civ. Proc. §581(e) ("*After the actual commencement of trial*, the court shall dismiss the complaint . . . .") (emphasis added).  On the other hand, when trial has *not* "actually commenced," no court order of any kind is necessary to effectuate a settlement.  Instead, as occurred here, "an action may be dismissed . . . [w]ith or without prejudice . . . . by **oral or written request** to the court. . . ."  Code Civ. Proc. §581(b)(1).  For purposes of Section 581, the trial in this case did not commence until opening statements (see Code Civ. Proc. §581(a)(6)), which began on May 23, 2007.  See Exhibit 1, p. 3, and Nelder Decl. at ¶10.

      Plaintiffs cannot deny that they and/or the defendants of concern informed the Judge Robertson they had settled their respective disputes *before* trial commenced.  They must acknowledge that they requested the settling defendants be dismissed from attendance at trial on that basis.  Those requests were made in the context of mandatory settlement conferences specifically designed to whittle down the number of defendants trying the case.  Through his May 16, 2007 docket notation, Judge Robertson promptly informed the trial judge, Hon. Diane Wick, of the new development; namely, that the case only had a single defendant left.  Exhibit 1, p. 4.

      John Crane – having learned of these settlements as a result of its attendance at the settlement conferences and Judge Robertson's docket entry – which informed it the case was now removable – filed its removal petition a little over two weeks later, consistent with the timing requirements of the federal rule.

      While Plaintiffs contend John Crane's removal petition was premature, arguing that it should have waited until the parties got around to actually filing their Requests for Dismissal before acting (presumably while John Crane continued to occupy precious court and jury time by trying the case as the sole defendant), the

cases hold precisely the opposite. The cases indicate that if John Crane had done as Plaintiffs urge, and waited for the procedural nicety of filing of formal Requests for Dismissal, removal of the case would have become time-barred.

For example, in <u>Hessler v. Armstrong World Industries</u> (D. Del. 1988), 684 F. Supp. 393, a multi-party asbestos case remarkably similar to this one, the attorney for the plaintiff informed the court at a trial scheduling conference that it had settled its case against the non-diverse defendants whom they sued. <u>Id.</u> at 394. This was followed by circulation of a letter confirming those settlements. <u>Id.</u> When a diverse defendant who remained in the case eventually filed a petition for removal three months later, the district court remanded the case. It held that the defendant had waited too long to seek removal.

While the defendant in <u>Hessler</u> (similar to Plaintiffs here) argued, in opposition to the remand motion, that the time to remove hadn't begun until the plaintiff took "an unequivocal and irrevocable step with regard to terminating litigation against the non-diverse defendants" (<u>id.</u> at 394), the district court strongly disagreed:

> The statute refers to "receipt by the defendant" of notification. No mention is made of receipt by the state court of notification. Also by providing that notice may be given via "other paper," the language itself suggests that informal notice is sufficient. <u>See</u> 14A Wright, Miller & Cooper, <u>Federal Practice & Procedure</u>, §732 (clear purpose of §1446(b) "is to commence running of the thirty day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner.") [<u>Id.</u> at 394.]

The <u>Hessler</u> court went on to affirm the principle, set forth by courts in numerous jurisdictions throughout the country, that "**in cases involving settlement with non-diverse defendants, formal dismissal is not a prerequisite for removability.**" <u>Id.</u> at 395, <u>citing</u> <u>Lesher v. Andreozzi</u> (M.D.Pa. 1986) 647 F.Supp. 920, 921; <u>Erdey v. American Honda Co., Inc.</u> (M.D.La. 1983) 96 F.R.D. 593, *modified*, 558 F.Supp. 105. The court concluded: "It follows that **formal dismissal is not required to provide adequate notice under 1446(b).**" <u>Id.</u>

Similarly, in <u>King v. Kayak Manufacturing Corp.</u> (N.D.W.Va. 1988) 688 F.Supp. 227, after an in-state defendant settled with the plaintiff, the trial court informed the parties in open court that the resident defendant was no longer a party to the suit. <u>Id.</u> at 228-229. Despite the fact that notice of this settlement wasn't reduced to writing until considerably later, the <u>King</u> court held that the diverse defendant's time to remove started running as soon as the judge informed it of the settlement:

> The Court finds that the state trial judge approved of the settlement between Plaintiff and Marks when he announced from the bench that Marks was no longer a party to the case. The statement was unequivocal, and at that time, the action became removable. Kayak's alleged uncertainty about the voluntariness or finality of the settlement is not supported by the record. If Kayak was truly uncertain about the trial judge's approval of the settlement or the removability of the action, it had a duty to inquire, particularly in light of the advancing stage of the trial. . . .
>
> This Court is not persuaded by Kayak's argument that it did not or could not ascertain the removability of the action when the state judge announced that the resident defendant Marks was no longer a party. Kayak relies upon the fact that the trial court's oral ruling on the record was not immediately reduced to a written minute order of the court. However, this Court finds that the state trial court's pronouncement placed Kayak on notice that diversity existed and the case was then removable.
>
> Authority exists to support the Court's conclusion that **a written order is not necessarily a paramount consideration in determining whether a case is ripe for removal**. <u>Aynesworth v. Beech Aircraft Corp.</u>, 604 F. Supp. 630 (W.D.Texas 1985); <u>Heniford v. American Motor Sales Corp.</u>, 471 F.Supp. 328 (D.S.C. 1979). [<u>Id.</u> at 230.]

Thus, there is ample, persuasive authority recognizing that a defendant must act promptly to remove an action as soon as it catches wind that its non-diverse co-defendants have settled. Federal courts have proven themselves to be stringent enforcers of the 30-day deadline, which they view as commencing to run as soon as the removing defendant learns, through any means, that such settlements occurred.

One can be assured that if John Crane had sat on its hands waiting for

-7-

straggling defendants to actually obtain settlement drafts from their carriers, send them along to Plaintiffs, and finally file the closing papers, Plaintiffs would have been the first ones to argue John Crane had not only blown its deadline for removal, but that it had also needlessly wasted the trial court's, jury's, and counsel's time as a result of its lack of diligence. Moreover, Plaintiffs' position ignores the potential for mischief that plaintiffs could themselves cause by asking defendants they settle with to "slow-walk" their formal dismissals to court. Such a danger is especially pronounced in this case, in light of the fact that 28 U.S.C. §1446(b)'s one-year outside deadline for removal, calculated from the date of commencement of the action, was due to expire the day after John Crane filed its Notice of Removal.[3]

When it came to the timing for the filing of its petition, John Crane was potentially faced with a "damned if you do, and damned if you don't" situation. John Crane correctly chose the more conservative and legally-supportable option available to it.

### B.    There Was No Need to Obtain the Settled Defendants' "Consent" to Removal

Finally, Plaintiffs argue that John Crane failed to comply with the federal

---

[3] It should be noted that Plaintiffs' factual assertions about some of the allegedly non-diverse defendants are incorrect. While they claim they served their Summons and Complaint on California corporation Plant Insulation Company ("Plant"), that company does not appear on the trial court's docket as having ever been a party to the case. See Exhibit 1 to Nelder Decl.

Plant Insulation never filed an Answer, let alone any other pleading or motion, while the case was pending. Id. No default was taken against Plant, and Plant wasn't severed from the case. Id. Query how Plaintiffs managed to commence a trial against John Crane if the case (taking Plaintiffs at face value) was not fully at issue with respect to Plant. Plaintiffs' mysterious "agreement to agree" with Plant may work for Plaintiffs and Plant, but such side deals can't run roughshod over ordinary principles of civil procedure or prejudice John Crane's due process rights.

In addition, one of the other three California defendants that Plaintiffs contend was still in the case, Hill Brothers Chemical Company, filed its Request for Dismissal the same day John Crane removed the case to federal court. See Exhibit 4 to Nelder Declaration. Plaintiffs have not provided any evidence that dismissals from the other two California companies are not hard on that one's heels.

-8-

1 requirement that all "non-nominal" defendants consent to removal of the action for
2 removal to be valid.  As demonstrated by the authorities cited above, an oral request
3 for dismissal in the context of court-supervised settlement discussions is sufficient to
4 constitute notice of the existence of grounds for removal.  But even if it weren't, it is
5 clear that the remaining defendants *became* nominal the moment they told the state
6 court they had resolved the case.  Plaintiffs' brief concedes that nominal defendants
7 are defendants "whose role is limited to that of stakeholder or depositary and who
8 could not be found liable on their own under any theory."  Plaintiffs' MPA, at 8:10-14.
9 But Plaintiffs completely fail to explain how settling defendants could possibly be
10 "found liable" at trial when that trial is already underway, with John Crane the only
11 defendant left in the courtroom.

12 Indeed, one can be assured that if John Crane had asked other
13 defendants to sign onto its removal petition more than two weeks after they had
14 informed the settlement judge and trial court they were out of the case, their
15 cooperation might be less than forthcoming.  Such defendants would (rightly) be
16 concerned that becoming involved in such a procedure could be misused in an
17 attempt to show that the case was somehow still active as to them – when all parties
18 agree that it was not.

19 A California maxim of jurisprudence recognizes that "the law neither
20 does nor requires idle acts."  Civ. Code §3532.  Another holds:  "The law respects
21 form less than substance."  Civ. Code §3528.  In its cramped focus on a misreading
22 of California's dismissal statutes, Plaintiffs' Motion for Remand reveals itself as
23 predicated on disregard of those basic principles.  There is no legitimate reason to
24 pretend defendants who have settled out before trial are somehow "still in the case"
25 well after the trial has commenced.  Plaintiffs' motion is predicated on a fiction, and
26 should be denied.
27 / / /
28 / / /

-9-
DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND
P:\Wdocs\HBMAIN\01850\01251\00222630.DOC-6807

## V. CONCLUSION

Trial of this case in the superior court proceeded against one defendant: John Crane. As the court docket explained, well before the jury was empanelled and well before opening statements were given, the entire "case settled except for John Crane." Under federal law, John Crane could not wait one additional day and still be able to timely remove the case to federal court. Adoption of the rule Plaintiffs urge would facilitate plaintiffs simultaneously settling with defendants, while keeping them "in the case" – to avoid removal – simply by ensuring they wait a month before filing formal dismissals. Such a rule would invite mischief and gamesmanship.

John Crane timely removed this case to federal court. As the only defendant left standing when its Notice of Removal was filed, it had no need to get other, resolved defendants to sign on to its removal papers. There is no legitimate ground for remand. Plaintiffs' motion should be denied.

Dated: June 8, 2007

HASSARD BONNINGTON LLP


By: /s/ B. Thomas French
    B. Thomas French

Attorneys for Defendant
JOHN CRANE INC.

# CERTIFICATE OF SERVICE

**Case Name:** <u>Everett Hogge, et al. v. A.W. Chesterton Company, et al.</u>
**U.S.D.C., Northern District of California, Case No. C 07-02873 MJJ**
**(SFSC Case No. CGC-06-452846)**

1. At the time of service I was over 18 years of age and not a party to this action.

2. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3. On June 8, 2007, I served the following documents:

**DEFENDANT JOHN CRANE INC.'S OPPOSITION
TO PLAINTIFFS' MOTION FOR REMAND**

4. I served the documents on the **persons** below as follows:

Dean A. Hanley, Esq.
Philip A. Harley, Esq.
Deborah R. Rosenthal, Esq.
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, CA  94710
Telephone:  (510) 559-9980
FAX:  (510) 559-9970
Attys for Plaintiffs

5. The documents were served by the following means (specify):

____By **United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

 **X**  By submitting an **electronic version to ECF** for service upon the persons listed in No. 4 above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on June 8, 2007, at San Francisco, California.

/s/ Michele Smith
Michele Smith

-11-
PROOF OF SERVICE
P:\Wdocs\HBMAIN\01850\01251\00222630.DOC