HASSARD BONNINGTON LLP
B. THOMAS FRENCH, ESQ., State Bar No. 65848
btf@hassard.com
ROBERT L. NELDER, ESQ., State Bar No. 125426
rln@hassard.com
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9802

Attorneys for Defendant
JOHN CRANE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants. | No. C 07-02873 MJJ<br><br>**DECLARATION OF ROBERT L. NELDER IN SUPPORT OF JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND**<br><br>Date: July 10, 2007<br>        (TENTATIVE)<br>Proposed Hearing Date: June 19, 2007<br>Time: 9:30 a.m.<br>Dept.: 11, 19th Floor<br>Judge: Hon. Martin J. Jenkins<br><br>Complaint Filed: June 2, 2006<br>Trial Date: May 7, 2007 |

I, Robert L. Nelder, state that:

1. I am an attorney licensed to practice before this court, a partner in the law firm of Hassard Bonnington LLP, and one of the attorneys for defendant John Crane Inc. in the above-captioned matter. Unless otherwise indicated, I make the following statements of my own personal knowledge and, if called upon to do so, could and would competently testify thereto.

2. This case was assigned for trial in state court on May 7, 2007, in

-1-

1  Department 611 of the San Francisco Superior Court, Hon. Diane E. Wick presiding.
2  At that time, a number of defendants, including John Crane Inc. ("John Crane"),
3  remained as defendants in the case.

4      3. On June 1, 2007, defendant timely filed its Notice of Removal
5  pursuant to 28 U.S.C. Section 1441(b) (Diversity Jurisdiction.) On June 4, 2007,
6  plaintiffs filed and served their Motion for Remand and a Motion for Order Shortening
7  Time for hearing, asking that the remand motion be heard on June 19, 2007, with
8  Defendant John Crane's opposition papers due on June 12, 2007. Defendant filed an
9  Opposition to Plaintiffs' Motion for Order Shortening Time for Briefing and Hearing of
10 Motion for Remand on June 6, 2007, noting that since it has the burden of
11 establishing the basis for removal it needed the full time to brief this important issue.

12     4. Plaintiffs then sought immediate intervention by the General Duty
13 Judge, even though the case had been reassigned to the Honorable Martin J.
14 Jenkins. On June 7, 2007, at approximately 5:01 p.m., Defendant John Crane was
15 served via e mail with this Court's Order Granting Plaintiffs' Motion for an Order
16 Shortening Time for Briefing Schedule and Hearing of Motion for Remand. Said order
17 shortened defendant's time to oppose remand even more than plaintiffs had
18 requested, to June 8, 2007 at 11:00 a.m.

19     5. I am lead trial counsel for John Crane in this matter before Judge
20 Diane E. Wick, along with associate counsel, Anthony Topolsky. From May 7, 2007
21 through May 16, 2007, a number of court-supervised settlement conferences were
22 held in the San Francisco Superior Court. A copy of the San Francisco Superior
23 Court's docket and Register of Actions is attached hereto as Exhibit 1. In addition, a
24 number of minute orders were issued by Judge Wick's department (Dept. 611)
25 between May 7, 2007 and June 4, 2007. Attached hereto as Exhibit 2 are true and
26 correct copies of the Dept. 611 Minute Orders.

27     6. The only defendant remaining in the case as of May 16, 2007
28 was John Crane. This is evidenced by the case docket (Exhibit 1), which reflects

DECLARATION OF ROBERT L. NELDER IN SUPPORT OF JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND
P:\Wdocs\HBMAIN\01850\01251\00222858.DOC

such a notification by the Hon. A. James Robertson, II, of Department 220 as of May 16, 2007. Judge Robertson's entry states: "Settlement Conference Held. Case Settled Except for Deft. John Crane (D220)."   See Exhibit 1, case docket date of May 16, 2007, at pg. 4.

7.    This is further evidenced by the Dept. 611 Court Minute Orders. See Exhibit 2. It is significant that on May 14, 2007, the court states that only three defendants remain that will "go to verdict." They are John Crane, Hill Brothers and/or Hopeman Brothers. See Exhibit 2, Judge Wick's Dept. 611 Minute Order of May 14, 2007 attached to this declaration. On May 15, 2007, Judge Wick's Minute Order reflects only two defendants, John Crane and Hopeman Brothers. See Exhibit 2, Judge Wick's Dept. 611 Minute Order of May 15, 2007. As of May 16, 2007, Hill Brothers Chemical and Hopeman Brothers had resolved their claims with plaintiffs; every party except John Crane had settled. See Exhibit 1, Judge Robertson's docket entry of May 16, 2007. As further evidence of John Crane's sole defendant status, Judge Wick's Minute Order from May 18, 2007 reflects that trial resumed and the only counsel for defendant(s) is Robert Nelder, Esq. See Exhibit 2, Judge Wick's Dept. 611 Minute Order of May 18, 2007.

8.    Since there were only two sides remaining at trial (plaintiffs and John Crane), Judge Wick informed the parties that there would only be six peremptory challenges per side. Had other defendants remained in the case as suggested by plaintiffs in their motion for remand, two additional peremptory challenges would have been available to the defendants pursuant to California Code of Civil Procedure Section 231(c).

9.    Jury hardships commenced on May 17, 2007. Oral voir dire commenced on Monday, May 21, 2007, and a jury (pre-qualified for service up to and including June 22, 2007) was impaneled that day. The only defendant remaining at trial was John Crane. No other defendant participated in jury selection.

10.    When opening statements were presented to the jury on May 23,

-3-
DECLARATION OF ROBERT L. NELDER IN SUPPORT OF JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND
P:\Wdocs\HBMAIN\01850\01251\00222858.DOC

1  2007, plaintiffs, Everett Hogge and Priscilla Hogge, and John Crane were the only
2  parties remaining in the courtroom.  Plaintiffs' opening statement suggested the jury
3  should hold defendant John Crane responsible for its share of Mr. Hogge's asbestos
4  exposure when they rendered their verdict, and did not mention any other defendant.
5  Id.  There have been three days of evidence in this case including the day of opening
6  statements.  The last day of evidence, before a week's hiatus, was May 25, 2007.  No
7  other defendant offered an opening statement or examined any witnesses at trial.

8    11.    On June 4, 2007, during discussions with Judge Wick, plaintiffs'
9  counsel, Stephen Healy, mentioned that he had spoken with Mr. Hogge on June 1,
10  2007, and that, at the time of that conversation, Mr. Hogge was in his real estate
11  office in Virginia.  In addition, on May 24, 2007, plaintiffs' wife Priscilla Hogge testified.
12  She provided no testimony that Mr. Hogge had recently been hospitalized or was in
13  dire need of hospice care.  In fact, she stated that she was optimistic about Mr.
14  Hogge's health and well being.

15    12.    After it became amply clear that John Crane was the last
16  remaining defendant against whom plaintiffs intended to proceed at trial, John Crane
17  timely filed a Notice of Removal on June 1, 2007.  A copy of that Notice of Removal is
18  attached hereto as Exhibit 3.

19    13.    Clearly, John Crane is the sole remaining defendant in this
20  action.  The register of actions (Exhibit 1) does not reflect that Plant Insulation has
21  ever been a party.  No reference to an answer has been provided by plaintiffs, and
22  such a document is not reflected on the courts register of actions (Exhibit 1).  As for
23  Sepco, Hill Brothers Chemical and Hopeman Brothers, the court docket (Exhibit 1)
24  notes, and court minutes reflect, that all defendants have settled except for John
25  Crane.  Those defendants are no longer parties to the action.   See Exhibits 1 – 2,
26  attached hereto.  Otherwise, they would have participated in the jury selection
27  process and evidence presentation.  In fact, a Request for Dismissal as to Hill
28  Brothers Chemical was filed on June 1, 2007.  A copy of that Request for Dismissal is

1 | attached hereto as Exhibit 4.

2 |     I declare under penalty of perjury under the laws of the State of
3 | California that the foregoing is true and correct.
4 |     Executed at San Francisco, California on June 8, 2007.

                                /s/ Robert L. Nelder
                                Robert L. Nelder

DECLARATION OF ROBERT L. NELDER IN SUPPORT OF JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND
P:\Wdocs\HBMAIN\01850\01251\00222858.DOC

# CERTIFICATE OF SERVICE

**Case Name:** <u>Everett Hogge, et al. v. A.W. Chesterton Company, et al.</u>
U.S.D.C., Northern District of California, Case No. C 07-02873 MJJ
**(SFSC Case No. CGC-06-452846)**

1. At the time of service I was over 18 years of age and not a party to this action.

2. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3. On June 8, 2007, I served the following documents:

**DECLARATION OF ROBERT L. NELDER IN SUPPORT OF JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING OF MOTION FOR REMAND**

4. I served the documents on the **persons** below as follows:

Dean A. Hanley, Esq.
Philip A. Harley, Esq.
Deborah R. Rosenthal, Esq.
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, CA  94710
Telephone:  (510) 559-9980
FAX:  (510) 559-9970
Attys for Plaintiffs

5. The documents were served by the following means (specify):

____By **United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

__X__By submitting an **electronic version to ECF** for service upon the persons listed in No. 4 above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on June 8, 2007, at San Francisco, California.

/s/ Michele Smith
Michele Smith

PROOF OF SERVICE
P:\Wdocs\HBMAIN\01850\01251\00222858.DOC