Dean A. Hanley, Esq. (State Bar No. 169507)
Philip A. Harley, Esq. (State Bar No. 147407)
Deborah R. Rosenthal, Esq. (State Bar No. 184241)
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone: (510) 559-9980
Facsimile: (510) 559-9970
Email: pharley@phhlaw.com
Email: drosenthal@phhlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, *et al*,<br><br>Defendants. | Case No.: C07 2873 MJJ<br><br>**PLAINTIFFS' REPLY TO DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND; DECLARATION OF DEBORAH R, ROSENTHAL IN SUPPORT THEREOF**<br><br>[28 U.S.C. §§ 1441-1447; F.R.C.P. 7(b); ND CA Local Rule 7-1]<br><br>Hearing Date: To Be Determined<br>Time: 9:30 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. Martin J. Jenkins |

## I. INTRODUCTION

JOHN CRANE's Opposition fails to remedy the incurable defects in its removal papers. As the removing party, defendant bears the burden of proving the existence of removal jurisdiction. There is simply no legal authority for JOHN CRANE's position that it should be construed as the sole remaining defendant for the purposes of establishing federal diversity jurisdiction merely because it is the sole trial defendant. The federal statutes that set forth the jurisdictional basis for removal establish strict legal standards as to when a case becomes removable, and the absence of any other trial defendants is not even a factor, let alone the determining factor, of when a case that is not removable at its outset becomes removable.

## II. LEGAL ARGUMENT

### A. JOHN CRANE FAILS TO SHOW THAT CALIFORNIA DEFENDANTS NO LONGER REMAIN IN THE CASE.

A defendant seeking removal of an action to federal court has the burden of establishing not only that grounds for federal jurisdiction exist but also that defendant has complied with all the procedural requirements for removal. *California ex. rel. Lockyer v. Dynegy, Inc.* (9th Cir. 2004) 375 F.3d 831, 838. If the District Court at any time determines that it lacks jurisdiction over the removed action, "it must remedy the improvident grant of removal by remanding the action to state court." *Id.* (citing to 28 U.S.C. § 1447). The removability of a case must be ascertainable from the petition and supporting papers filed by the removing defendant. As the Ninth Circuit Court of Appeals explained in *Gaus v Miles* (9th Cir. 1992) 980 F.2d 564, 567:

> The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment.... If [the removing defendant's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.

Here, JOHN CRANE argues without sufficient factual basis or evidentiary support that all defendants except JOHN CRANE are extinguished from this action for the purposes of removal jurisdiction. This is not the case, nor is it established in the removal papers.

#### 1. No Showing That Agreements To Agree Constitute Settlements, Let Alone Final, Case-Dispositive Agreements That Abandon Claims Against Those Defendants.

Failure to proceed to trial against any particular defendant does not render that defendant no longer a party to the action for purposes of establishing removal jurisdiction. On the contrary, a plaintiff must "unequivocally state[] his or her intent to abandon claims against a non-diverse defendant" in order for that defendant to be considered extinguished from the case for purposes of establishing diversity jurisdiction. *Guerrero v. General Motors Corp.* (N.D. Cal 2005) 392 F.Supp.2d 1133, 1135 fn. 2 (emphasis added). When it comes to settlement, then, a settlement alone does not establish a party's intent to abandon its claims against a defendant unless the settlement is final sufficient to indicate the plaintiff's intent to discontinue the action as to that defendant. *See, e.g., Rowe v. Johns-Manville Corp.* (E.D. PA 1987) 658 F. Supp. 122, 123).

*Guerrero* is instructive on this point. In *Guerrero,* the plaintiffs were indeed minors, as JOHN CRANE observes, and the U.S. District Court for the Northern District of California found that removal was improper in that case, despite plaintiffs announcing a settlement in state court, because the state court had not resolved the issue of the minors' compromise nor approved applications for good faith settlements. 392 F.Supp.2d 1133, 1134. But the fact that there were motions pending did not form the basis for the U.S. District Court's grant of remand. Rather, the District Court found that the pending motions regarding the settlements constituted grounds for remand because they were evidence that "the settlements as to those Plaintiffs are neither final nor binding on the parties." *Id.* at 1135 (emphasis added).

The same circumstances are present here. JOHN CRANE relies on the state court's docket entries showing that all other defendants settled as purported evidence that the settlements as to all other defendants are final and binding. But plaintiffs present significant evidence to the contrary: Even ignoring the fact that plaintiffs' settlements with 22 defendants are in various stages of being finalized (a fact which itself constitutes grounds for remand following the reasoning in Guerrero) six of the defendants, including California citizen Plant Insulation Company, have not even settled with plaintiffs but rather indicated an intent to attempt to reach a settlement in the future as a means of avoiding the expense of trial at this time. (See Hanley Declaration in support of Plaintiffs' Motion for Remand at ¶ 7.) Such preliminary settlement

discussions are neither final nor binding on the parties and are therefore insufficient to establish that those defendants no longer remain in the case.

Plaintiffs do not suggest that a written court order of dismissal is necessary to effectuate a binding settlement. But evidence that a settlement is in fact final and binding must exist. On this point, JOHN CRANE's Notice of Removal was facially deficient. JOHN CRANE attempts to cure this problem by filing an attorney declaration with its Opposition stating that a May 16, 2007, case docket entry states: "Case settled except for Deft. John Crane (D220)." (See, Opposing Papers, passim, esp. Nelder Decl., Par. 6).

JOHN CRANE, INC., misconstrues the entry in Judge Robertson's minutes; a number of defendants had not been dismissed from the action as they had either not settled or not had their settlements become final. (Notably, this defect in the notice of removal has not been cured at this writing, nor has JOHN CRANE requested an opportunity to amend its removal petition.) JOHN CRANE relies on this new evidence, nowhere alleged in its Notice of Removal, and misconstrues same in derogation of its obligations under FRCP Rule 11. A telephone call from Your Honor to Judge Robertson would corroborate the declaration of Dean Hanley, particular at Paragraphs 7 and 8, discussing the "agree to agree" arrangements with certain California asbestos defendants that involve chiefly insurance matters, and not federal diversity jurisdiction, considerations. Plaintiffs can and will copy Judge Robertson, the Presiding Judge of the San Francisco Superior Court, with these papers and declarations if this Court deems it necessary, so that Judge Robertson himself can attest to the true meaning of his minute order.

**2. It Is Irrelevant For The Purposes Of Determining Federal Court Jurisdiction Whether Plant Insulation Company's Answered Plaintiffs' Complaint.**

This Court has a statutory duty to remand these proceedings to state court pursuant to 28 U.S.C. § 1447(c) if any of the defendants properly joined and served in this action is a citizen of California because this action was initially brought in California, and if any of the non-nominal defendants (see below) properly joined and served in this action failed to join in the removal petition. *Prize Frize, Inc. v. Matrix (U.S.) Inc.* (9th Cir. 1999) 167 F.3d 1261, 1262 ("[the notice of removal was] facially deficient for failing to explain why all non-joining defendants had not

consented"). JOHN CRANE argues that Plant Insulation Company should not be considered a remaining defendant for purposes of establishing federal court jurisdiction because Plant never filed an Answer. Whether or nor Plant filed an Answer is not one of the considerations authorized by the federal statutes governing federal diversity jurisdiction.

**B. FEDERAL COURTS IN CALIFORNIA DO NOT RECOGNIZE SETTLING DEFENDANTS AS "NOMINAL" FOR THE PURPOSES OF UNANIMOUS JOINDER**

JOHN CRANE's argument that settling defendants are "nominal" for the purposes of the unanimous joinder rule is not supported by governing law. In *Kozelek v. Jetset Records* (N.D. Cal. 2006) 2006 U.S. Dist. LEXIS 39654, the U.S. District Court for the Northern District of California found that while federal courts in districts outside of the Ninth Circuit have found that a settlement agreement excused a defendant from joining in a notice of removal before that defendant was formally dismissed, "these non-binding cases can be distinguished because they turned upon whether complete diversity was present at the time of removal.... By contrast, the removing defendants here simply had to secure [the settled-but-not-dismissed defendant's] approval to remove this case. Without any allegation that plaintiff acted in some way to prevent removal, this court sees no reason to depart from the general principle that 'all defendants who may properly join in the removal petition must join.' [Citation.]" *Kozelek, supra,* at pp. 6-7.

**C. DEFENDANT FAILS TO SHOW THAT HOPEMAN BROTHERS, INC., NO LONGER REMAINS IN THE CASE AND THUS <u>FAILS TO ESTABLISH COMPLETE DIVERSITY OF THE PARTIES.</u>**

As noted in plaintiffs' moving papers, JOHN CRANE's removal petition is altogether silent as to how or when defendant HOPEMAN BROTHERS, INC., supposedly disappeared from this action. JOHN CRANE alleges that as of May 15, 2007, "two defendants remained: John Crane Inc. and Hopeman Brothers, Inc.;" and that Hopeman Brothers is a Delaware Corporation with its principal place of business in North Carolina and that because plaintiffs are citizens of Virginia, complete diversity exists. (Notice of Removal at 2:25-26 and ¶¶ 2 & 7 and Exhibits 2 and 6 to its Notice of Removal.)

However, **HOPEMAN BROTHERS, INC., is actually incorporated in Virginia.** (See Declaration of Deborah R. Rosenthal in support of Plaintiffs' Reply, filed herewith, at ¶¶ 2-3,

and Exhibits 1 and 2.) Because there is evidence that a non-diverse defendant remains in the action, and has not joined in the removal petition, this case must be remanded.

### D. POLICY CONSIDERATION SUPPORT REMAND

EVERETT HOGGE is dying of mesothelioma and JOHN CRANE is stalling Mr. HOGGE's right to have his case against JOHN CRANE heard before he dies. In a 2006 asbestos cancer case much like this one, the 9th Circuit Court of Appeals affirmed the district court's remand back to the district court, citing among other legal reasons, the longstanding rule that 28 U.S.C. Sec. 1447(d) generally bars appellate review of a district court order remanding a removed case back to state court. *Durham v. Lockheed Martin Corp.,* 445 F. 3d 1247 (9th Cir. 2006)(affirming the district court's remand back to state court based on 28 U.S.C. Sec. 1447(d), but disallowing an award of attorneys fees). There, as here, the removing defendant had difficulty obtaining the necessary consent of all the asbestos defendants, because "[removing defendant] had learned in prior asbestos litigation with these [asbestos] defendants that some of them preferred a state forum and thus would not consent to removal." *Id.*

DATED: June 8, 2007

PAUL, HANLEY & HARLEY LLP

By: ______________________
Deborah R. Rosenthal,
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE - FRCivP 4(d)**

I am employed in the County of Alameda, State of California, I am over the age of 18 years and not a party to the within action. My business address is 1608 Fourth Street, Suite 300, Berkeley, CA 94710. On June 8, 2007, I served the foregoing:

- **PLAINTIFFS' REPLY TO DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND**
- **DECLARATION OF DEBORAH R. ROSENTHAL IN SUPPPORT OF PLAINTIFFS' REPLY TO DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND**

and a copy of this declaration to the interested parties herein as follows:

[ ] By personal delivery of a true copy thereof to:

[ ] By transmittal from a facsimile machine whose telephone number is (510) 559 9970:

[ ] By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the US mail at Berkeley, California, addressed as set forth by the attached Service List. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the US Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration:

[XX] By submitting an electronic version to ECF for service upon:

<u>**Attorneys for Defendant JOHN CRANE, INC.**</u>
HASSARD BONNINGTON, LLP
Two Embarcadero Center, Suite 1800
San Francisco, CA 94111
Phone: (415) 288-9800
FAX (415) 288-9802

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in Berkeley, California.

DATE: June 8, 2007

Marlena Aying

<u>Everett Hogge, et al. v. A.W. Chesterton Company, et al.</u>
Northern District of California Case No. C07 2873 EDL