**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT HOGGE AND PRISCILLA HOGGE, | No. C07-02873 MJJ |
| Plaintiff, | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |
| v. | |
| A W CHESTERTON COMPANY, | |
| Defendant. | |

Before the Court is Plaintiffs Everett Hogge and Priscilla Hogge ("Plaintiffs") Motion to Remand.[1] Defendant John Crane Inc. ("Defendant") opposes the motion. The Court having considered the parties' arguments and upon good cause shown **GRANTS** Plaintiffs' motion.

Pursuant to 28 U.S.C. § 1441(a), a defendant in a civil action may remove a case from state court to federal district court if the district court has subject matter jurisdiction over the case. The district court has subject matter jurisdiction over a case if there is diversity of citizenship between the parties or if the action is founded on a claim arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1441(b); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity jurisdiction); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). Section 1441(b) further provides that if the basis for federal jurisdiction is diversity of citizenship, removal is available only if no defendant is a citizen of the forum state. As the party seeking to

---

[1] Docket No. 16.

1  remove the action, the defendant bears the burden of establishing that subject matter jurisdiction
2  exists. *Ethridge*, 861 F.2d at 1393.  Because the Court strictly construes the removal statute against
3  removal,  if there is any doubt as to the existence of federal jurisdiction, the Court should remand the
4  matter to state court.  *See Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

5  Because the record before the Court does not establish that binding settlement agreements
6  have eliminated all non-diverse Defendants from the state court action, complete diversity did not
7  exist as of the time of removal.  Accordingly, this Court is without subject matter jurisdiction.  For
8  the foregoing reason, the Court **GRANTS** Plaintiffs' Motion to Remand.

10 **IT IS SO ORDERED.**

12 Dated: June 8, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

2