Dean A. Hanley, Esq.   (State Bar No. 169507)
Philip A. Harley, Esq.   (State Bar No. 147407)
Deborah R. Rosenthal, Esq. (State Bar No. 184241)
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:  (510) 559-9980
Facsimile:   (510) 559-9970
Email:  pharley@phhlaw.com
Email:  drosenthal@phhlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, *et al*,<br><br>Defendants. | Case No.:  C07 2873 MJJ<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**<br><br>[28 U.S.C. § 1447(c); ND CA Local Rules 7-2 & 7-8]<br><br>Hearing Date:  July 24, 2007<br>Time:  9:30 a.m.<br>Courtroom:  11, 19th Floor<br>Judge:  Hon. Martin J. Jenkins |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**

S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE removal costs - P&A.doc

## I. INTRODUCTION

Plaintiffs EVERETT HOGGE and PRISCILLA HOGGE initiated a personal injury action against JOHN CRANE INC. and others in the Superior Court of the State of California, County of San Francisco, on June 2, 2006. Trial commenced on May 7, 2007, against JOHN CRANE INC. only. The jury trial proceeded through its first three weeks and then was dark the week of May 28, 2007, due to the Court's calendar. On the afternoon of Friday, June 1, 2007, JOHN CRANE INC. improperly removed this asbestos-caused mesothelioma case from state court. After subsequent filings, this Court remanded the case back to state court on Friday, June 8, 2007, upon finding that this Court was without subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1447(c), this Court should award plaintiffs $27,244.46 in costs and fees incurred as a result of the removal because JOHN CRANE INC.'s removal petition was defective, this Court lacked subject matter jurisdiction over the action, and there was no objectively reasonable basis for removal. In addition, JOHN CRANE's removal on a Friday afternoon after a dark week in the middle of a personal injury jury trial wherein the plaintiff is dying of fatal cancer and each day's delay increases the chance that the plaintiff will not survive to verdict, constitutes unusual circumstances that make an award of expenses just and proper.

## II. STATEMENT OF ISSUES TO BE DECIDED

A. Did JOHN CRANE INC. have an objectively reasonable basis for removal?

B. Were there unusual circumstances warranting an award of costs and attorney fees incurred as a result of the removal?

C. Are the costs and fees incurred as a result of the removal just?

## III. STATEMENT OF FACTS AND STATE COURT PROCEEDINGS

Plaintiff EVERETT HOGGE, 65 years old, is presently dying from mesothelioma, an incurable cancer caused by asbestos. On June 2, 2006, Mr. HOGGE and his wife PRISCILLA filed a personal injury and loss of consortium action in the Superior Court of the State of California, County of San Francisco, against JOHN CRANE INC. ("JOHN CRANE") and 50

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**
PAGE 1
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE removal costs - P&A.doc

1  other defendants, alleging that the products and activities of the defendants exposed MR.
2  HOGGE to asbestos and thereby caused his injuries.  No federal law is involved.  (Declaration of
3  Deborah R. Rosenthal In Support of Plaintiffs' Motion for Costs and Expenses Incurred, filed
4  herewith, at ¶¶ 3-4, and Exhibits 1 and 2.)

5        Throughout the course of the litigation, various defendants were dismissed, while others
6  engaged in negotiations with plaintiff that yielded different agreements and arrangements with
7  regard to settlement.  On May 7, 2007, trial in this case commenced in Department 611 of the
8  San Francisco Superior Court before Honorable Diane E. Wick.  The case proceeded through
9  motions in limine and jury selection.  By the time the jury was impaneled, six defendants had
10 entered into "agreements to agree" with plaintiffs, whereby plaintiffs agree to set a defendant
11 with limited assets or insurance outside of the trial in order to conserve the defendant's assets or
12 insurance for ultimate payment to plaintiffs.  The "agreement to agree" is an arrangement made
13 to facilitate settlement but is not binding, does not constitute a settlement, is entered into by the
14 parties' counsel and not signed by the parties, and can be revoked at any time.  These agreements
15 also are indefinite as to amount of settlement and timing of payment, and they do not end the
16 action against that defendant.  After counsel enters into an "agreement to agree," counsel will
17 thereafter periodically meet, and sometimes the court will also become involved in the form of
18 mediation or settlement conferences.  (Declaration of Dean A. Hanley In Support of Plaintiffs'
19 Motion for Remand, attached to the Rosenthal Declaration as Exhibit 4, at, ¶ 7.)  One of the
20 defendants with an "agreement to agree" is Plant Insulation Company, a California citizen.
21 (Hanley Declaration In Support of Motion to Remand, attached as Exhibit 4 and filed herewith,
22 at ¶ 8 and Exhibit A thereto.)

23       Also before opening statements, 22 defendants reached agreements with counsel as to the
24 amount of settlement, and these settlements were in varying stages of being processed at the time
25 JOHN CRANE removed this action to federal court.  Only three of the settling defendants had
26 paid the settlement money.  Under the terms of the agreements between 18 of these defendants'
27 counsel and plaintiffs' counsel, payment was not yet due and had not yet been rendered.  Three

28 **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**
PAGE 2
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE removal costs - P&A.doc

of the defendants whose settlements were not final and who had not been dismissed from this action at the time JOHN CRANE removed this case are California citizens: Hills Brothers Chemical Company, Quintec Industries, and Sepco Corporation. (Exhibit 4 at ¶¶ 9-12, and Exhibits B-D thereto, attached to the Rosenthal Declaration as part of Exhibit 4.) Another of these defendants was HOPEMAN BROTHERS, INC., a Virginia corporation. (Exhibit 4 at ¶ 9; Rosenthal Declaration filed herewith at ¶ 17.) It is undisputed that plaintiffs are citizens of Virginia. (Notice of Removal, attached to the Rosenthal Declaration as Exhibit 3, at ¶ 2.)

According to the trial schedule established by the Superior Court judge, plaintiffs were to present their case the week of May 21, 2007; the courtroom would be dark the week of May 28, 2007; the plaintiffs would resume presentation of their case on Monday, June 4, 2007, and conclude their case on Monday June 11, 2007; JOHN CRANE would present its defense beginning on June 12, 2007, and continuing through Monday, June 18, 2007; the following day the parties would give closing arguments and the judge would give jury instructions; and on June 20, 2007, jury deliberations would begin. The jury was time-qualified to sit through June 22, 2007. In accordance with this schedule, the parties made their opening statements, and plaintiffs began presenting witnesses and evidence in the plaintiffs' case-in-chief. The jury trial proceeded as planned through Friday, May 25, 2007. The courtroom was dark the week of May 28, 2007, through June 1, 2007, and the receipt of evidence was scheduled to resume on Monday, June 4, 2007, with plaintiffs' presentation of expert witnesses. However, on the afternoon of Friday, June 1, 2007, JOHN CRANE removed this action to federal court. JOHN CRANE removed the case without first verifying whether there were any other remaining defendants, without presenting evidence that all California and Virginia defendants had been dismissed or otherwise extinguished from the action, and without obtaining unanimous joinder in the removal from all remaining defendants. Furthermore, JOHN CRANE served plaintiffs with its Notice of Removal after 3:00 p.m., on Friday, June 1, 2007, at the end of a dark week in court, and despite the fact that there had been no change in the status of any defendants since May 16, 2007, when the trial judge set the above-described trial schedule. (Declaration of Stephen J. Healy In Support Of

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**
PAGE 3

Plaintiff's Motion for Costs and Expenses Incurred As A Result of Removal, filed herewith, at ¶¶ 3-4; Declaration of Deborah R. Rosenthal at ¶¶ 5 & 17; Declaration of Diana M. Sage In Support Of Plaintiff's Motion for Costs and Expenses Incurred As A Result of Removal, filed herewith.)

Immediately following JOHN CRANE's removal of the state court action, plaintiffs' counsel began investigation and research into the propriety of the removal, including meeting and conferring among themselves and with defense counsel regarding the removal and the necessity of having Plaintiffs' Motion for Remand heard on shortened time. After JOHN CRANE refused to stipulate to an expedited briefing schedule, plaintiffs filed their Motion for Remand and Motion for Order Shortening Time regarding Plaintiffs' Motion for Remand. (Declaration of Deborah R. Rosenthal, filed herewith, at ¶¶ 5-10.)

After removal, this case was randomly assigned to Magistrate Judge Elizabeth D. LaPorte. Plaintiffs consulted with Judge LaPorte's clerk to determine whether Judge LaPorte would be able to hear plaintiffs' motion for remand on an expedited basis, in light of plaintiff EVERETT HOGGE's exigent health circumstances and the fact that the jury in the state court trial was time-qualified only until June 22, 2007. Plaintiffs learned that Judge LaPorte had a two-week vacation planned beginning the week of June 11, 2007, and prepared a Request for Intervention by the General Duty Judge. (Declaration of Stephen J. Healy, filed herewith, at ¶¶ 6-7.)

Because JOHN CRANE declined to proceed before a magistrate judge, the case was reassigned to Judge Martin J. Jenkins on Thursday, June 7, 2007. Judge Jenkins set an expedited briefing schedule, and on June 8, 2007, granted Plaintiffs' Motion for Remand. (Rosenthal Declaration, filed herewith, at ¶¶ 12-14, and Exhibits 7 and 8.)

///

///

///

## IV. LEGAL ARGUMENT

When a district court remands a case due to defects in the removal procedure or upon a finding of lack of subject matter jurisdiction, the Court may also require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). When considering whether or not to award costs and fees, the Court "should consider 'the nature of the removal and the nature of the remand'" and may award fees incurred when such an award "is 'fair and equitable under all the circumstances.'" *Wehr v. Pheley,* 2000 U.S. Dist. LEXIS 2375 (N.D. Cal. 2000) at p. 16 (citing to Commentary on 1988 Revision by David D. Siegel at 28 U.S.C.A. § 12147, p. 58 (West Supp. 1992) and *Morris v. Bridgestone Firestone Inc.,* 985 F.2d 238, 240 (6th Cir. 1993)). A showing of bad faith by the removing defendant is not necessary. *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 448 (9th Cir. 1992). However, "some showing beyond the bare fact of remand is necessary to justify an award of fees." *Uriarte v. R & J Machinery,* 2000 U.S. Dist. LEXIS 18084 (N.D. Cal. 2000)(citations omitted). Specifically, a District Court may properly award attorneys' fees incurred as a result of removal where "unusual circumstances" exist or where the removing party lacked "an objectively reasonable basis" for removal. *Martin v. Franklin Capital Corp.* (2005) 546 U.S. 132, 136.

Furthermore, an award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is collateral to the decision to remand, and the district court retains jurisdiction after remand to entertain plaintiffs' motion for attorney's fees and costs pursuant to that statute. *Moore v. Permanente Medical Group, Inc.* (9th Cir. 1992) 981 F. 2d 443, 445.

### D. JOHN CRANE LACKED AN OBJECTIVELY REASONABLE BASIS FOR REMOVAL

In considering whether an award is "just" under 28 U.S.C. § 1447(c), "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.* (2005) 546 U.S. 132, 141. As Chief Justice John Roberts explained in a unanimous United States Supreme Court decision:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

546 U.S. at 140.

In this case, JOHN CRANE had no objectively reasonable basis for its removal. First, JOHN CRANE's removal petition alleges that HOPEMAN BROTHERS, INC., remained in the action at the time of removal and erroneously asserts that HOPEMAN BROTHERS, INC., is a Delaware corporation. (Exhibit 3 at ¶¶ 6-7.) However, HOPEMAN BROTHERS, INC., re-incorporated in the State of Virginia in February 2007 and was therefore a citizen of the same state as the plaintiffs at the time JOHN CRANE removed the case. (Exhibit 3 at ¶¶6-7; Rosenthal Declaration, ¶ 17, and Exhibit 9.) The simplest of inquiries by JOHN CRANE would have revealed this fact.[1]

Because HOPEMAN BROTHERS, INC., was indisputably a citizen of the same state as plaintiffs, complete diversity was lacking at the time of removal.

Moreover, JOHN CRANE was required to obtain the unanimous joinder in its removal of all defendants properly named and served except "nominal" parties (*i.e.*, parties whose role is limited to that of stakeholder or depositary and who could not be found liable on their own under any theory). *Hewitt v. Stanton*, 798 F.2d 1230, 1232-1233 (9th Cir. 1986) (citing to 28 U.S.C. § 1446 and *Chicago, R.I. & P.R. Co. v. Martin* (1900) 178 U.S. 245, 248.

In this case, JOHN CRANE failed to obtain joinder by numerous defendants that were properly named and served and which remained in the action at the time of removal. Indeed, it appears that JOHN CRANE made no attempt to obtain such joinder—even from HOPEMAN

---

[1] Federal courts in Pennsylvania have held that awards for expenses incurred after removal are proper "where lack of jurisdiction is plain in the law and would have been revealed for the defendant with a minimum of research." *Mitchell v. Street,* 310 F.Supp.2d 724, 727 (D. Pa. 2004); *Township of Whitehall v. Allentown Auto Auction,* 966 F.Supp. 385, 386 (D. Pa. 1997).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL
PAGE 6

BROTHERS, INC., which JOHN CRANE admitted in its Notice of Removal remained in the action—because if JOHN CRANE had attempted HOPEMAN's joinder, it would have learned that HOPEMAN was a Virginia corporation and that complete diversity did not exist.

In addition, JOHN CRANE's removal petition failed to establish that all California citizen defendants that were properly joined and served had been dismissed from the state court action. California law is clear that a mere agreement to settle at some future point in time does not extinguish a defendant from an action where there is no evidence that settlement has indeed been effectuated through an executed, binding, and legally enforceable written settlement agreement and there is no formal order dismissing the party from the case. *See, e.g., Guerrero v. General Motors Corp.*, 392 F.Supp.2d 1133 (N.D. Cal. 2005); *Mertan v. E.R. Squibb & Sons, Inc.*, 581 F. Supp. 751, 752-753 (C.D. Cal. 1980). Had JOHN CRANE inquired of plaintiffs or of any of the defendants that did not appear at trial whether those defendants had in fact settled or been dismissed, JOHN CRANE would have known that they had not finally settled or been dismissed but rather remained in the action, including several California defendants and HOPEMAN BROTHERS, INC. (Exhibit 4 at ¶¶ 7-12.) The presence of any of these defendants deprived the federal court of subject matter jurisdiction over this action and thus shows that JOHN CRANE lacked any objectively reasonable basis for removing this case on June 1, 2007. An award of expenses incurred as a result of the removal is just under these circumstances.

### E. JOHN CRANE REMOVED THIS CASE UNDER UNUSUAL CIRCUMSTANCES EVIDENCING ABUSE OF THE SYSTEM

Even if a defendant had reasonable grounds for removal, so that fees ordinarily would be denied, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. *Martin, supra*, 546 U.S. 132, 141.

For example, in *Mertan v. E.R. Squibb & Sons, Inc.* (C.D. Cal. 1980) 581 F. Supp. 751, the District Court awarded costs and fees pursuant to 28 USC § 1447(c) where defendant twice removed a case to federal court despite lack of subject matter jurisdiction. The second removal and remand occurred on essentially the same set of facts as the first: Both removal petitions

were filed weeks after trial in state court had begun, and complete diversity did not exist because one of the defendants, whose citizenship was "uncontested and indeed incontestable," remained "a viable defendant" in the action because no written dismissal had extinguished that defendant from the case. 581 F.Supp. 751, 752-753. The District Court found that such a removal, and especially two such removals under the same circumstances, "is a poorly disguised and flagrant misuse of the process and facilities of this United States District Court," "presents an egregious example of abuse in an abortive attempt at 'judge-shopping' in the Federal Court system," and perpetrates "a grave injustice ... upon the plaintiff." *Id.* at 753. The Court awarded "the necessary and reasonable expenses incurred by [plaintiff] because of the unwarranted delay in the trial of the State proceedings and the forced preparation of opposing pleadings caused by these oppressive and futile actions in this Federal Court initiated by defendant and defendants' counsel." *Id.*

In this case, JOHN CRANE filed its Notice of Removal several weeks after trial in the state court had commenced, late on a Friday afternoon after trial had been dark for a week, without pointing to any triggering event that could justify removing the action on that date and time, rather than two weeks earlier when the trial court set the trial schedule and it was clear that no other defendants would be participating in the trial. JOHN CRANE removed without making any attempt to learn whether the federal court did, in fact, have subject matter jurisdiction over the action, and with full knowledge that the removal would most likely cause the state court to release the jurors and that EVERETT HOGGE was likely to die before the case could get before another jury. (Declaration of Stephen J. Healy In Support of ¶¶ 4-5.) These constitute unusual circumstances warranting an award of costs and fees pursuant to 28 USC § 1447(c).

### F. PLAINTIFFS' COSTS AND EXPENSES INCURRED WERE JUST AND REASONABLE

Pursuant to section 1447(c), the District Court may require payment of attorney's fees even thought the litigant in question is a contingency fee litigant. *Gotro v. R&B Realty Group* (9th Cir. 1995) 69 F.3d 1485, 1487-1488.

---

In this case, plaintiffs incurred $27,244.46 in reasonable costs and fees as a result of JOHN CRANE's removal. Specifically, plaintiffs incurred the following costs:

>  $ 21,007.50 in attorneys' fees
>  $  6,200.00 in cancellationfees
>  $       36.96 in PACER costs
>  **$ 27,244.46 total costs and expenses incurred**

Specifically, JOHN CRANE's removal on the afternoon of Friday, June 1, 2007, caused several of plaintiffs' counsel to work together as needed to move for remand and to have this motion briefed and heard on an expedited basis in an effort to keep the jury that was time-qualified until June 22, 2007. A total of 53 hours were expended by five plaintiffs' counsel on Plaintiffs' Motion for Remand, Motion for Order Shortening Time, Request for Intervention by Duty Judge, Reply to JOHN CRANE's Opposition to Motion for Remand, and this Motion for Costs and Expenses Incurred—all of which resulted from JOHN CRANE's improvident removal. (Declarations of Deborah R. Rosenthal, Stephen J. Healy, Philip A. Harley, Dean A. Hanley, and Mark Abelson, filed herewith.) The number of hours spent and hourly rates charged by each of these attorneys was reasonable in light of the experience of these attorneys, the legal work performed, the result achieved, and the business practices and rates for attorneys with similar years of practice and experience in the San Francisco Bay Area. (Abelson Declaration at ¶¶ 3-7.)

In addition to attorneys' fees, plaintiffs also incurred $6,200 in cancellation fees of two expert witnesses who were scheduled to testify during the week of June 4, 2007, and whose appearances that week had to be canceled while the case was pending in federal court. (Declaration of Diana M. Sage In Support of Plaintiffs' Motion, filed herewith, at ¶¶ 3-6 and Exhibits 1 and 2 thereto.)

Plaintiffs also incurred $36.96 tracking and downloading filings from the PACER system of the U.S. District Court for the Northern District of California. (Rosenthal Declaration, ¶ 11, and Exhibit 6 to the Rosenthal Declaration.)

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**
PAGE 9

S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE removal costs - P&A.doc

These expenses all were incurred because of the removal and are reasonable and just under the circumstances. It would be fair and equitable for the Court to order JOHN CRANE to pay these costs and fees.

## CONCLUSION

JOHN CRANE removed this case without any evidence that all California defendants had been dismissed or otherwise extinguished from the action, without obtaining (or apparently even attempting to obtain) consent of the remaining defendants to the removal, and despite the absence of complete diversity. There was no objectively reasonable basis for this removal.

Moreover, JOHN CRANE filed its Notice of Removal several weeks after trial in the state court had commenced, late on a Friday afternoon after trial had been dark for a week, without pointing to any triggering event that could justify removing the action on that date and time, and with full knowledge that the removal would most likely cause the state court to release the jurors and that EVERETT HOGGE was likely to die before the case could get before another jury. These constitute unusual circumstances warranting an award of costs and fees pursuant to 28 USC § 1447(c).

For the foregoing reasons, plaintiffs request that this Court award $27,244.46 to plaintiffs and/or their counsel as against JOHN CRANE for reasonable and just expenses incurred as a result of JOHN CRANE's improvident removal.

DATED: June 18, 2007

PAUL, HANLEY & HARLEY LLP

_____
Deborah R. Rosenthal, Esq.
Attorneys for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL
PAGE 10

S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE removal costs - P&A.doc