Dean A. Hanley, Esq.   (State Bar No. 169507)
Philip A. Harley, Esq.   (State Bar No. 147407)
Deborah R. Rosenthal, Esq. (State Bar No. 184241)
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:  (510) 559-9980
Facsimile:   (510) 559-9970
Email:  pharley@phhlaw.com
Email:  drosenthal@phhlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>  Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, *et al*,<br><br>  Defendants. | Case No.:  C07 2873 MJJ<br><br>**DECLARATION OF STEPHEN J. HEALY IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**<br><br>[28 U.S.C. § 1447(c); ND CA Local Rules 7-2 & 7-8]<br><br>Hearing Date:     July 24, 2007<br>Time:                  9:30 a.m.<br>Courtroom:        11, 19th Floor<br>Judge:                 Hon. Martin J. Jenkins |

I, STEPHEN J. HEALY, declare as follows:

1.    I am an attorney admitted to practice law before this Court and all the courts of the State of California and am an associate of PAUL, HANLEY& HARLEY, LLP, attorneys of record for plaintiff herein.  The matters stated herein are true to my own personal knowledge, except as otherwise stated.  If called upon as a witness, I could and would testify to the following facts.

2.    I was admitted to practice law in 1988.  My professional practice since that time has involved primarily litigation and trials of personal injury, real estate and criminal cases in the

**DECLARATION OF STEPHEN J. HEALY IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**
PAGE 1
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE removal costs - SJH dec4.doc

States of California and Nevada, and since 1999, my practice has been almost exclusively devoted to personal injury civil litigation and personal injury civil trial practice. I am now or have been admitted to practice law before the United States Court of Appeals, the Ninth Circuit; the United States District Courts of California, Northern District, Central District and Eastern District; and I was actively admitted to the practice before all the Courts of the State of Nevada from 1988 to 2006 (currently inactive) and of the United States District Court, District of Nevada (1990 to 2006; currently inactive). I have tried over thirty (30) jury trials to verdict in the States of California, Nevada and Oregon, achieving over $20,000,000.00 in verdicts on behalf of my clients in injury and damages cases.

      3.    On May 7, 2007, trial in this case commenced in Department 611 of the San Francisco Superior Court before Honorable Diane E. Wick. I attended as the trial attorney handling this case on behalf of plaintiffs. The case proceeded through motions in limine and jury selection. On May 16, 2007, the judge handed counsel a trial schedule. According to this schedule, plaintiffs would present their case the week of May 21, 2007; the courtroom would be dark the week of May 28, 2007; the plaintiffs would resume presentation of their case on Monday, June 4, 2007, and conclude their case on Monday June 11, 2007; JOHN CRANE would present its defense beginning on June 12, 2007, and continuing through Monday, June 18, 2007; the following day the parties would give closing arguments and the judge would give jury instructions; and on June 20, 2007, jury deliberations would begin. The jury was time-qualified to sit through June 22, 2007. In accordance with this schedule, a jury was impaneled, the parties made their opening statements, and I began presenting witnesses and evidence in the plaintiffs' case-in-chief. The jury trial proceeded as planned through Friday, May 25, 2007. The courtroom was dark the week of May 28, 2007, through June 1, 2007, and the receipt of evidence was scheduled to resume on Monday, June 4, 2007, with plaintiffs' presentation of expert witnesses.

///

///

**DECLARATION OF STEPHEN J. HEALY IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**
PAGE 2

S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE removal costs - SJH dec4.doc

4.      On the afternoon of Friday, June 1, 2007, JOHN CRANE INC. served my office with a copy of the Notice of Removal that JOHN CRANE had filed in the U.S. District Court for the Northern District of California earlier that day. Prior to service of the removal petition, neither JOHN CRANE nor its counsel gave any indication of its intent to petition for removal other than casual mention of same by Robert Nelder, trial counsel for JOHN CRANE, in connection with a phone call that I had placed with him regarding a matter completely unrelated to the Notice of Removal. That phone call took place after 3:00 p.m., on Friday, June 1, 2007. None of JOHN CRANE's counsel ever asked me whether any other defendants remained in the action. Upon information and belief, none of JOHN CRANE's counsel ever asked any of plaintiffs' counsel for this information. Indeed, counsel for JOHN CRANE failed to explain to me what event transpired that supported its removal of the action on Friday, June 1, 2007, although in subsequent conversations it was discussed that the one-year statutory limit for removal would expire on June 2, 2007. Moreover, as of June 1, 2007, no Judicial Council form Notice of Settlement, no California Rule of Court 3.1385 Notice of Settlement, and no Request for Dismissal has been offered or provided for HILL BROTHERS CHEMICAL COMPANY, PLANT INSULATION COMPANY, QUINTEC INDUSTRIES, INC., SEPCO CORPORATION, or HOPEMAN BROTHERS, INC.

5.      On Monday, June 4, 2007, at approximately 8:30 a.m., I appeared in Department 611 of the San Francisco Superior Court to inform the Court that defendant had removed the case of *Everett Hogge and Priscilla Hogge v. A.W. Chesterton Co., et. al.,* San Francisco Superior Court Case No. 452846, to federal court, but plaintiffs intended to move for remand that day because the federal court lacked subject matter jurisdiction over the case. I pointed out that MR. HOGGE was unlikely to survive through the conclusion of another trial at a future time if this jury were released and plaintiffs were forced to start trial again from the beginning, with a different judge and/or jury. Judge Wick stated that since the jury was time-qualified to sit until June 22, 2007, we were ordered to reappear in her courtroom on the morning of Monday, June 11, 2007, at 8:30 a.m., and provide her with a status report. She indicated that if the case were

1  not remanded as of that time, she would have no choice but to excuse the jury, since the case
2  could not complete by June 22, 2007, otherwise. She suggested that, as a practical matter, if the
3  case were not remanded by Friday, June 8, 2007, she would dismiss and excuse the jury on
4  Monday, June 11, 2007, at 8:30 a.m. Judge Wick requested timely status reports on the progress
5  of the proceedings in the federal court and also asked for a potential witness schedule for the
6  week of June 11, 2007, should the case be remanded.

7      6.    After leaving Judge Wick's courtroom, I learned from my colleague Deborah
8  Rosenthal that the federal case had been assigned to Magistrate Judge Elizabeth LaPorte. (The
9  papers that defendant served us with on Friday did not have a case number or judge's initials on
10 them.) I went to the federal courthouse to speak with Judge LaPorte's clerk and learned that
11 Judge LaPorte's courtroom was dark Tuesday and Thursday, she would be sitting on Friday June
12 8, 2007, and then her courtroom would be dark for the two weeks following because she was
13 going on vacation.

14     7.    Given Everett Hogge's exigent health circumstances, Judge Wick's directive
15 regarding the jury, and Judge LaPorte's schedule, between June 4 and June 6, 2007, I engaged in
16 further meet and confer discussions with counsel for JOHN CRANE, and with other plaintiffs'
17 counsel in my office; determined who was serving as duty judge at the U.S. District Court; and
18 prepared a Request for Intervention of the General Duty Judge, asking for reassignment to the
19 duty judge and for an expedited briefing and hearing schedule that would allow for a ruling on
20 plaintiffs' Motion for Remand before 8:30 a.m., Monday, June 11, 2007, the date and time at
21 which Judge Wick indicated she would excuse and dismiss the jury.

22     8.    I spent approximately 2.5 hours appearing before Judge Wick, and subsequently
23 emailing Judge Wick and defense counsel, to discuss the removal and remand and revised
24 witness schedule made necessary by the removal.

25     9.    I spent approximately 1.2 hours traveling to and visiting the federal courthouse
26 and meeting and conferring in person and by telephone with clerks at the federal courthouse with
27 regard to the various judges' schedules.

28 **DECLARATION OF STEPHEN J. HEALY IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**
PAGE 4
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE removal costs - SJH dec4.doc

10. I spent approximately 5 hours researching, reviewing, and assisting in the preparation of Plaintiffs' Motion for Remand, Motion for Order Shortening Time, and Reply to Defendant's Opposition to Plaintiffs' Motion for Remand, and an additional 2.3 hours researching and writing the Request for Intervention of the General Duty Judge.

11. I spent approximately .5 hours preparing this declaration.

12. My hourly rate is $400.00 per hour.

I declare under the penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct. Executed on June 18, 2007, in Berkeley, California.

_____
Stephen J. Healy

**DECLARATION OF STEPHEN J. HEALY IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**
PAGE 5

S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE removal costs - SJH dec4.doc