Dean A. Hanley, Esq.   (State Bar No. 169507)
Philip A. Harley, Esq.   (State Bar No. 147407)
Deborah R. Rosenthal, Esq. (State Bar No. 184241)
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone: (510) 559-9980
Facsimile:   (510) 559-9970
Email: pharley@phhlaw.com
Email: drosenthal@phhlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, *et al*,<br><br>Defendants. | Case No.: C07 2873 MJJ<br><br>**DECLARATION OF DEBORAH R. ROSENTHAL IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**<br><br>[28 U.S.C. § 1447(c); ND CA Local Rules 7-2 & 7-8]<br><br>Hearing Date:   July 24, 2007<br>Time:   9:30 a.m.<br>Courtroom:   11, 19th Floor<br>Judge:   Hon. Martin J. Jenkins |

I, DEBORAH R. ROSENTHAL, declare as follows:

1.  I am an attorney admitted to practice law before this Court and all the courts of the State of California and am an associate of PAUL, HANLEY & HARLEY, LLP, attorneys of record for plaintiff herein. The matters stated herein are true to my own personal knowledge, except as otherwise stated. If called upon as a witness, I could and would testify to the following facts.

2.  I was admitted to practice law in 1996. My professional activities have primarily involved personal injury litigation. Since April 2005, the focus of my work has been on legal

---

**DECLARATION OF DEBORAH R. ROSENTHAL IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**
PAGE 1
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE removal costs - DRR dec.doc

research and writing of motions, briefs, and memoranda for asbestos personal injury and wrongful death cases in litigation, trial, and appeals.

3. Plaintiff EVERETT HOGGE, 65 years old, is presently dying from mesothelioma, an incurable cancer caused by asbestos. Attached hereto as **Exhibit 1** is a true and correct copy of the Declaration of David H. Harpole, Jr., In Support of Trial Preference, filed in *Everett Hogge and Priscilla Hogge v. A. W. Chesterton Co., et. al.,* San Francisco Superior Court Case No. 452846.

4. On June 2, 2006, Mr. HOGGE and his wife PRISCILLA filed a personal injury and loss of consortium action in the Superior Court of the State of California, County of San Francisco, against JOHN CRANE INC. ("JOHN CRANE") and 50 other defendants, alleging that the products and activities of the defendants exposed MR. HOGGE to asbestos and thereby caused his injuries. No federal law is involved. Attached hereto as **Exhibit 2** is a true and correct copy of the caption pages of Plaintiffs' Complaint for Personal Injury and Loss of Consortium – Asbestos, filed on June 2, 2006, in the Superior Court of the State of California, County of San Francisco.

5. At approximately 4:30 p.m. on Friday, June 1, 2007, Dean Hanley of this office informed me that JOHN CRANE INC. had filed a Notice of Removal effecting removal of *Everett Hogge and Priscilla Hogge v. A.W. Chesterton Co., et. al.,* San Francisco Superior Court Case No. 452846, to federal court. Attached hereto as **Exhibit 3** is a true and correct copy of JOHN CRANE's Notice of Removal. Because of the rapidly declining health of plaintiff Everett Hogge, and because plaintiffs had begun presenting their case to the jury in the state court action, we determined to file Plaintiffs' Motion for Remand as soon as possible and to attempt to have the motion heard on an expedited basis.

6. I telephoned Thomas French, counsel for JOHN CRANE INC., and left a voicemail message notifying him that we intended to file a Motion for Remand and asking if he would stipulate on defendant's behalf to an accelerated hearing schedule. When Mr. French returned my call, he asked what I had in mind as an expedited schedule. I told him that I

**DECLARATION OF DEBORAH R. ROSENTHAL IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**
PAGE 2
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE removal costs - DRR dec.doc

intended to have plaintiffs' remand motion filed and served on Monday, June 4, 2007, and that in the past we had requested an accelerated hearing date but allowed defendant the full amount of time to oppose our motion. I further stated that I was unsure at that time what we intended to do in the *Hogge* matter. As it was after 5:00 p.m. on Friday, Mr. French told me to prepare a draft stipulation that he could discuss with his fellow defense counsel. I asked him if he would be willing to reply no later than noon on Monday, June 4, 2007, and he agreed. I then prepared a draft stipulation and cover letter that I emailed to Mr. French and began work on Plaintiffs' Motion for Remand.

7. On June 1, 2007, I spent approximately three hours meeting and conferring with Philip Harley, Dean Hanley, Stephen Healy, and with defense counsel Thomas French regarding the removal and remand petitions and briefing and hearing schedule; preparing a draft stipulation regarding an expedited briefing and hearing schedule; and researching facts and law in preparation for Plaintiffs' Motion for Remand and for Order Shortening Time.

8. On June 2 and June 3, 2007, I spent approximately 8 hours researching, marshaling facts and evidence, and writing Plaintiffs' Motion for Remand.

9. Attached hereto as **Exhibit 4** is a true and correct copy of the Declaration of Dean A. Hanley In Support of Plaintiffs' Motion for Remand and Exhibits A – D thereto.

10. On June 4, 2007, I engaged in further meet and confer discussions via telephone and email with Mr. French, in which Mr. French informed me that defendant was unwilling to agree to my proposed expedited briefing schedule, and I drafted Plaintiffs' Motion for Order Shortening Time. I spent approximately 4 hours on June 4, 2007, in these endeavors. Attached hereto as **Exhibit 5** is a true and correct copy of my meet and confer email correspondence with defense counsel Thomas French in regard to the stipulation and motion for order shortening time.

11. From June 5, 2007, to June 7, 2007, I spent approximately three hours meeting and conferring with Philip Harley and Stephen Healy of this office regarding the removal and remand matters, the matter of plaintiffs' Request for Intervention of Duty Judge, and tracking the status and progress of the motions at the federal court. Attached hereto as **Exhibit 6** is a true and

1 correct copy of the Billing History Report from the PACER electronic filing and tracking

2 system, showing costs incurred by plaintiffs in this action from June 1, 2007, through June 13,

3 2007, for tracking and downloaded filings arising out of JOHN CRANE's removal of this action.

    12. Because defendant declined to proceed before Magistrate Judge Elizabeth LaPorte, to whom this case was initially assigned, this case was reassigned to Judge Martin Jenkins on June 7, 2007. Judge Jenkins granted Plaintiffs' Motion for an Order Shortening Time that same day and established an expedited briefing and hearing schedule for Plaintiffs' Motion for Remand. Attached hereto as **Exhibit 7** is a true and correct copy of the Court's Order Granting Plaintiffs' Motion for Order Shortening Time.

    13. Counsel for JOHN CRANE filed its Opposition to Plaintiffs' Motion for Remand on June 8, 2007, and I prepared and filed Plaintiffs' Reply that same day. I spent approximately 3.5 hours meeting and conferring with Philip Harley and Stephen Healy and preparing Plaintiffs' Reply on June 8, 2007.

    14. Plaintiffs' Motion to Remand was granted by this Court on June 8, 2007. Attached hereto as **Exhibit 8** is a true and correct copy of this Court's Order Granting Plaintiffs' Motion to Remand.

    15. Between June 11, 2007, and June 18, 2007, I spent approximately 10 hours researching, marshaling facts and evidence, and writing Plaintiffs' Motion for Costs and Expenses Incurred As A Result of Removal and meeting and conferring with Philip Harley, Dean Hanley, Stephen Healy, and Mark Abelson with regard to this motion.

    16. My hourly rate is $325 per hour.

    17. Attached hereto as **Exhibit 9** is a true and correct copy the Virginia State Corporation Commission's record showing that Hopeman Brothers, Inc., incorporated in the State of Virginia on February 1, 2007. In Spring 2007, I engaged in meet and confer discussions with counsel for Hopeman Brothers, Inc., with regard to a removal by Hopeman Brothers and plaintiffs' remand motion in the case of *Gene Murray and Anna Marie Murray v. A.W. Chesterton Co., et. al.,* U.S. District Court for the Northern District of California, Oakland

**DECLARATION OF DEBORAH R. ROSENTHAL IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**
PAGE 4

S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE removal costs - DRR dec.doc

1  Division, Case No. C 07 0843 WDB. During the course of those discussions, Hopeman's
2  counsel confirmed that Hopeman Brothers, Inc., had recently re-incorporated in the State of
3  Virginia.
4      I declare under the penalty of perjury under the laws of the State of California and of the
5  United States of America that the foregoing is true and correct. Executed on June 18, 2007, in
6  Berkeley, California.

Deborah R. Rosenthal

**DECLARATION OF DEBORAH R. ROSENTHAL IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**
PAGE 5

S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE removal costs - DRR dec.doc