**EXHIBIT "1"**

1  Dean A. Hanley, Esq.   (State Bar No. 169507)
   Philip A. Harley, Esq.  (State Bar No. 147407)
2  Francine S. Curtis, Esq. (State Bar No. 104338)
   Young S. Lee, Esq.     (State Bar No. 184506)
3  PAUL, HANLEY & HARLEY LLP
   1608 Fourth Street, Suite 300
4  Berkeley, California 94710
   Telephone: (510) 559-9980
5  Facsimile:  (510) 559-9970

6  Attorneys for Plaintiffs

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       COUNTY OF SAN FRANCISCO-COURT OF UNLIMITED JURISDICTION

10

11

12 | EVERETT HOGGE and PRISCILLA     ) Case No.: 452846
   | HOGGE,                          )
13 |                                 ) DECLARATION OF DAVID H.
   |         Plaintiffs,             ) HARPOLE, Jr., M.D., IN SUPPORT OF
14 |                                 ) TRIAL PREFERENCE
   | vs.                             )
15 |                                 ) [C.C.P. § 36 (d)]
   | A. W. CHESTERTON COMPANY, et al., )
16 |                                 ) Date:           January 10, 2006
   |         Defendants.             ) Time:           3:00 p.m.
17 |                                 ) Dept:           611, Hon. Diane E. Wick
   |                                 ) Complaint Filed: June 2, 2006
18 |                                 ) Trial Date:     None Set

19      I, David H. Harpole, Jr., M.D. declare as follows:

20      1. I am a physician involved in the care and treatment of EVERETT HOGGE, one of the

21  plaintiffs in this lawsuit. I examined Mr. HOGGE most recently on or about

22  12/19/06, and continue to monitor his health regularly as his treating physician.

23      2. Mr. HOGGE initially presented in February of 2006 with increasing shortness of

24  breath and a cough. Review of radiological studies performed at that time revealed a large left-

25  sided pleural effusion, necessitating a thoracentesis. In an attempt to ascribe a clear etiology to

26  his complaint, Mr. HOGGE underwent a diagnostic thoracoscopy with multiple pleural biopsies,

27  a second thoracentesis and a talc pleurodesis on March 29, 2006. Review of pathology materials

28  DECLARATION OF DAVID H. HARPOLE, JR. M.D., IN SUPPORT TRIAL PREFERENCE
                                                                              PAGE 1
C:\DOCUME~1\FEG\LOCALS~1\Temp\0875271ALDA73~1.DOC

1  from said procedure resulted in a diagnosis of malignant mesothelioma, a terminal disease.
2  Attached hereto as Exhibit A, page 1, is a true and correct copy of the surgical pathology report
3  showing the mesothelioma diagnosis from pathology obtained on March 29, 2006.
4       3. It is my medical opinion, as a physician involved in the care and treatment of
5  EVERETT HOGGE, that there is substantial medical doubt Mr. HOGGE will survive beyond
6  three months from the date of this declaration. My medical opinion is based on all of the facts
7  and factors as specifically outlined below.
8       4. My opinion is based upon several factors: my training as a physician; my considerable
9  experience treating cancer patients; my experience treating patients suffering from Mr.
10 HOGGE's specific disease of mesothelioma; my specialized knowledge regarding the typical
11 course of this cancer in patients like Mr. HOGGE; my knowledge of the specifics of Mr.
12 HOGGE's current condition; how his condition has deteriorated since his diagnosis and the
13 significance of his signs and symptoms; and my knowledge of the specifics of the recent
14 treatments rendered to Mr. HOGGE and how such treatments affect his prognosis.
15      5. My Curriculum Vitae is attached hereto as Exhibit B. As delineated in my curriculum
16 vitae, I currently serve as the Vice Chair of Faculty Affairs and Education in Duke University
17 School of Medicine's Division of Cardiovascular and Thoracic Surgery. I am a board certified in
18 thoracic surgery. I was trained in thoracic oncology at the Harvard Medical School from 1993 to
19 1995. My clinical and research interests include but are not limited to thoracic oncology, general
20 thoracic surgery, benign and malignant disease of the lung, esophagus, and mediastinum;
21 advanced airway and thoracoscopic surgery, hyperhidrosis palmaris, and mesothelioma.
22      6. I have considerable experience treating patients suffering from mesothelioma, the
23 specific form of cancer Mr. HOGGE was diagnosed with on March 29, 2006. I have treated
24 dozens of such patients and am very familiar with the typical course of the disease. Duke is a
25 cancer treatment center and in addition to my own experience I have observed the treatment of
26 numerous other patients with mesothelioma. As delineated in my curriculum vitae, my
27 experience with malignant mesothelioma extends to having co-authored several abstracts
28

DECLARATION OF DAVID H. HARPOLE, JR. M.D., IN SUPPORT TRIAL PREFERENCE

C:\DOCUME~1\SEV.LOCALS~1\Temp\9673957\ALBA36-1.DOC

PAGE 2

1 regarding the cancer, including *Patterns of failure following planned tri-modality therapy for*
2 *malignant mesothelioma* (Proc. Society of Surgical Oncology 48: 25, 1995), and *Multimodality*
3 *treatment of malignant pleural mesothelioma, results in 94 consecutive patients* (Proc. American
4 Society of Clinical Oncology, 1995). This experience has contributed greatly to my
5 understanding of this disease, its treatment options, and its inevitably terminal course. The
6 articles specifically addressed treatment options and survivability in mesothelioma patients.

7.    Mr. HOGGE has been diagnosed with malignant mesothelioma, a terminal disease,
8 and his health is in decline. The lengthy and extensive surgery to remove his left lung and
9 sections of his pleura and ribcage at Duke University Medical Center on May 24, 2006 did not
10 cure him of his disease. Attached hereto as Exhibit A, page 2-3, is a true and correct copy of Mr.
11 HOGGE's operative report from that day.

12.    Mr. HOGGE had to undergo re-exploration surgery on May 25, 2006, as he had
13 bleeding. As indicated on the operative report, Mr. HOGGE's thoracotomy incision was re-
14 opened and examined. Mr. HOGGE's chest was irrigated and his bleeding was controlled with
15 Bovie electrocautery. Attached hereto as Exhibit A, page 4-5, is a true and correct copy of Mr.
16 HOGGE's operative report from that day.

17.    Mr. HOGGE was finally discharged on postoperative day 6 after his left extrapleural
18 pneumonectomy. Attached hereto as Exhibit A, page 6-7, is a true and correct copy of Mr.
19 HOGGE's discharge summary of May 30, 2006.

20. 10. Following discharge, Mr. HOGGE had difficulty controlling his diabetes and blood
21 sugars. He lost significant weight following his surgery – 5 kg (11 pounds) in less than three
22 weeks. Attached hereto as Exhibit A, page 8-9, is a true and correct copy of Mr. HOGGE's
23 thoracic surgery clinic note of June 13, 2006.

24. 11. I referred Mr. HOGGE to Dr. Marks, who recommended radiation to the tumor bed
25 to reduce the risk of local/regional recurrence. There are side effects of radiation, including
26 injury to the kidney, stomach, esophagus, heart, lung, which can be minimized, but cannot be
27 avoided completely. Radiation is performed to reduce the risk of recurrence, but cannot stop it.
28

DECLARATION OF DAVID H. HARPOLE, JR. M.D., IN SUPPORT TRIAL PREFERENCE
C:\DOCUME~1\FSE\LOCALS~1\Temp\049297\TRIAL9ADH-1.DOC
PAGE 3

01/04/2007 10:39 FAX                                                                                     ☒005
To: Barbara Dixon                    From: John Kirkham           Friday, December 29, 2006
Subject: Draft supplemental declaration re: Everett Hogge

1   Radiation was not recommended for a few weeks after the initial consultation, to allow Mr.
2   HOGGE to try to regain some more of his strength following his left extrapleural
3   pneumonectomy. Dr. Marks also discussed chemotherapy with Mr. HOGGE during his initial
4   consultation, following radiation, given the patterns of failure for mesothelioma. It is also worth
5   noting that as of July 25, 2006, Mr. HOGGE's weight was down to 135.7 pounds. Attached
6   hereto as Exhibit A, page 10-12, is a true and correct copy of Mr. HOGGE's consultation report
7   with Dr. Marks of July 25, 2006.

8         12. I also referred Mr. HOGGE to Dr. Crawford, who evaluated him on August 24, 2006.
9   Dr. Crawford noted that Mr. HOGGE had lost 15 pounds since his left extrapleural
10  pneumonectomy with difficulty eating, and that he was having difficulty controlling his diabetes
11  since his surgery. Dr. Crawford had an extensive discussion with Mr. HOGGE regarding the
12  likely course of his disease, and that fully resectable mesothelioma is uncommon. Radiation,
13  plus chemotherapy *may* have some benefit in *decreasing recurrence and/or delaying time to*
14  *relapse*. Attached hereto as Exhibit A, page 13-16, is a true and correct copy of Dr. Crawford's
15  report of August 24, 2006.

16        13. As noted in September 5, 2006 radiation oncology clinic note, Mr. HOGGE was
17  evaluated with a CT to plan his radiation treatment. It was noted at that time that it would not be
18  possible to deliver the desired dose to the inferior aspect of the tumor, without exceeding the
19  cardiac and bowel tolerances, which was further complicated by the fact that the tumor wrapped
20  around the pericardial surface both anteriorly and posteriorly. Radiation oncology clinic notes of
21  September 5, 2006 is attached hereto as Exhibit A, page 17-18.

22        14. Mr. HOGGE's mesothelioma tumor has grown over the pericardial surface. The
23  pericardium is the lining of the heart. Thus, Mr. HOGGE's tumor is growing around his heart.
24  This particular tumor was removed during the initial surgery, but has since recurred. Malignant
25  tumors growing next to the surface of the heart are life threatening! As the tumor grows it could
26  stop Mr. HOGGE's heart causing death immediately. There is no treatment available to lessen
27  this threat.
28

DECLARATION OF DAVID H. HARPOLE, JR. M.D., IN SUPPORT TRIAL PREFERENCE
C:\DOCUME~1\FSE\LOCALS~1\Temp\F3t8071ALBA36~1.DOC
PAGE 4

15. Mr. HOGGE's weight loss is a result of his tumor's growth. As cancerous tumors grow they demand more and more energy, thus depriving the rest of the body. Because Mr. HOGGE is unable to consume sufficient calories to meet his tumor's demands his body is converting fat and muscle to energy to feed his tumor. This further weakens his body defenses to even simple colds or flu. Any infection or serious illness is life threatening to Mr. HOGGE because of his overall state of poor health.

16. The removal of one lung (which decreases Mr. HOGGE's ability to breathe), radiation and chemotherapy all combine to weaken Mr. HOGGE and make him susceptible to disease and or infection.

17. Mr. HOGGE's mesothelioma is likely to kill him. However, his overall poor health and weakened defenses also make him vulnerable to flu, pneumonia and other common illnesses, any of which could hasten his death.

18. As outlined in detail above, because of the complexity and the high risks involved with his left extrapleural pneumonectomy, he is now more susceptible to other diseases, which will significantly impact his health. The variety of chemotherapy and radiation treatments Mr. HOGGE has or will undergo are solely palliative in nature and not intended to cure him of his cancer, as *a cure is not currently possible with Mr. HOGGE's malignant mesothelioma*. Rather, such treatments are or will be administered with the intent of *slowing* the progress of his disease. The benefits of such treatments are variable in terms of the amount of additional time they can add to a patient's lifespan. Mr. HOGGE's symptoms of severe shortness of breath, coughing, fatigue and nausea are all very standard for those diagnosed with malignant mesothelioma. His loss of over 20 pounds since the onset of his disease, from 155 to 135 pounds, and his constant fatigue and weakness are attributable to the voracious energy demands of his growing tumors. Review of radiological studies performed on December 19, 2006 by a Dr. Crowder at Duke University Medical Center revealed a new pericardial effusion. These symptoms are clear indicators that the disease is still present, is progressing, and that Mr. HOGGE's condition is continuing to deteriorate. His anorexia complicates his struggles to

DECLARATION OF DAVID H. HARPOLE, JR. M.D., IN SUPPORT TRIAL PREFERENCE
C:\DOCUME~1\LOCALS~1\Temp\...DOC                                                         PAGE 5

01/04/2007 10:40 FAX                                                            ☒007
To: Barbara Dixon            From: John Kirkham        Friday, December 29, 2006
Subject: Draft supplemental declaration re: Everett Hogge

1 regulate his insulin-dependent diabetes. All of these factors contribute to my opinion regarding
2 the doubt of his survival beyond three months.
3     19. I have treated innumerable cancer patients and dozens of mesothelioma patients. I
4 recognize when cancer patients are beginning their final decline and are unlikely to recover.
5 There is no set formula and "decision matrix" for estimating life expectancy in terminal patients.
6 Rather, such judgments are made on a case by case basis based on the physician's training,
7 education, and experience. I have attempted to present, in so far as possible, the basis for my
8 conclusions and opinions regarding Mr. HOGGE.
9     20. Attached hereto as Exhibit C are true and correct copies of Mr. HOGGE's most
10 recent medical records, dating September 11, 2006 and November 14, 2006.
11     I declare under penalty of perjury under the laws of the State of California that the
12 foregoing is true and correct.
13     Executed on January 2, 2007 in Durham, North Carolina.
14
15                   David H. Harpole, Jr., M.D.

DECLARATION OF DAVID H. HARPOLE, JR. M.D., IN SUPPORT TRIAL PREFERENCE        PAGE 6

**EXHIBIT "2"**

ENDORSED
FILED
San Francisco County Superior Court

JUN 2 2006

GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JUN 2 0 2007  -1:30PM

DEPARTMENT 206

1  Dean A. Hanley, Esq. (State Bar No. 169507)
   Philip A. Harley, Esq. (State Bar No. 147407)
2  Robert L. Barrow, Esq. (State Bar No. 208466)
   PAUL, HANLEY & HARLEY LLP
3  1608 Fourth Street, Suite 300
   Berkeley, California 94710
4  Telephone:  (510) 559-9980
   Facsimile:   (510) 559-9970
5
   Attorneys for Plaintiffs
6
7
8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9         COUNTY OF SAN FRANCISCO - COURT OF UNLIMITED JURISDICTION
10
11 EVERETT HOGGE and PRISCILLA HOGGE,  )   Case No. CGC-06-452846
                                        )
12       Plaintiffs,                    )   COMPLAINT FOR
                                        )   PERSONAL INJURY AND
13 vs.                                  )   LOSS OF CONSORTIUM -
                                        )   ASBESTOS
14 A.W. CHESTERTON COMPANY,             )
   AMERICAN STANDARD, INC.,             )
15 ASBESTOS CORPORATION, LTD.,          )
   AURORA PUMP COMPANY,                 )
16 BORGWARNER MORSE TEC, INC. individually )
        and as successor-in-interest to BORG- )
17      WARNER CORPORATION,             )
   BUFFALO PUMPS, INC.,                 )
18 BURNHAM CORPORATION,                 )
   CARRIER CORPORATION,                 )
19 CBS CORPORATION, a Delaware corporation, )
        f/k/a VIACOM, INC., successor by merger )
20      to CBS CORPORATION, a Pennsylvania )
        corporation, f/k/a WESTINGHOUSE   )
21      ELECTRIC CORPORATION and         )
        successor-in-interest to B. F.   )
22      STURTEVANT COMPANY,              )
   CRANE CO.,                           )
23 CRANE CO. as successor-in-interest to PACIFIC )
        BOILER,                          )
24 CROWN CORK & SEAL COMPANY, INC,      )
        Individually and as Successor-In-Interest to )
25      MUNDET CORK COMPANY,             )
   THE DARCOID COMPANY OF CALIFORNIA,   )
26 DURABLA MANUFACTURING COMPANY,       )
   DURAMETALLIC CORPORATION,            )
27 FORD MOTOR COMPANY,                  )
   FOSTER WHEELER USA CORPORATION,      )
28 GARDNER DENVER, INC. fka GARDNER     )

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS                    PAGE 1
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Pleadings\Complaint PI LOC.doc

| | |
|---|---|
| 1 | DENVER MACHINERY, INC., )
| | GENERAL MOTORS CORPORATION, )
| 2 | GEORGIA PACIFIC CORPORATION, )
| | GARLOCK SEALING TECHNOLOGIES, LLC, )
| 3 | fka GARLOCK, INC., )
| | THE GOODYEAR TIRE & RUBBER )
| 4 | COMPANY, )
| | GOULDS PUMPS (IPG), INC., )
| 5 | HILL BROTHERS CHEMICAL COMPANY, )
| | HONEYWELL INTERNATIONAL, INC., fka )
| 6 | ALLIED SIGNAL, INC., as successor-in- )
| | interest to the BENDIX CORPORATION, )
| 7 | BENDIX AVIATION CORP. and THE )
| | SIGNAL COMPANIES, INC. fka SIGNAL )
| 8 | OIL & GAS COMPANY, )
| | HOPEMAN BROTHERS, INC., )
| 9 | IMO INDUSTRIES, INC. fka DE LAVAL )
| | TURBINE, INC.; DELAVAL TURBINE, )
| 10 | INC. and IMO DELAVAL, INC., )
| 11 | INGERSOLL-RAND COMPANY, )
| | INTERNATIONAL PAPER COMPANY, )
| 12 | ITT INDUSTRIES, INC., )
| | J.T. THORPE & SON, INC., )
| 13 | JOHN CRANE, INC. individually and fka CRANE )
| | PACKING COMPANY, )
| 14 | KENTILE FLOORS, INC., )
| | LESLIE CONTROLS, INC., )
| 15 | METALCLAD INSULATION CORPORATION, )
| | MUELLER CO. aka MUELLER COMPANY, )
| 16 | NIBCO, INC., )
| | OWENS-ILLINOIS, INC., )
| 17 | PARKER HANNIFIN CORPORATION as )
| | successor-in-interest to SACOMO- )
| 18 | SIERRA, )
| | PLANT INSULATION COMPANY, )
| 19 | QUINTEC INDUSTRIES, INC., )
| | SB DECKING, INC. fka SELBY BATTERSBY & )
| 20 | COMPANY, )
| | SEPCO CORPORATION, )
| 21 | SIDNEY FACILITY MANAGEMENT, INC. fka )
| | RICHARD KLINGER, INC., )
| 22 | SOCO WEST, INC. fka BRENNTAG )
| | WEST, INC., SOCO-LYNCH )
| 23 | CORPORATION, SOCO-WESTERN )
| | CHEMICAL CORPORATION, and )
| 24 | STINNES-WESTERN CHEMICAL )
| | CORPORATION individually and as )
| 25 | successor-in-interest to WESTERN )
| | CHEMICAL AND MANUFACTURING )
| 26 | COMPANY, )
| | THORPE INSULATION COMPANY, )
| 27 | UNION CARBIDE CORPORATION fka UNION )
| | CARBIDE CHEMICALS AND PLASTICS )
| 28 | COMPANY, INC., Individually and as )

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS    PAGE 2
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Pleadings\Complaint PI LOC1.doc

|   |   |
|---|---|
| 1  Successor-In-Interest to CALIDRIA ASBESTOS, | ) ) |
| 2  VELAN VALVE CORPORATION, WALDRON DUFFY INC., | ) ) |
| 3  WARREN PUMPS, INC., WEIL-MCLAIN COMPANY, INC., | ) ) |
| 4  YORK INTERNATIONAL CORPORATION which will do usiness in California as | ) ) |
| 5  YORK HEATING AND AIR CONDITIONING, | ) ) |
| 6  and DOES 1 - 800, | ) ) |
| 7  | ) |
| 8  Defendants. | ) ) |

1. Plaintiff EVERETT HOGGE suffers from asbestos-related disease, including mesothelioma.

2. Plaintiffs EVERETT HOGGE and PRISCILLA HOGGE were married on March 9, 1963.

3. The Paul & Hanley, Master Complaint - Asbestos was filed with the Court on September 7, 2000. A copy of the Master Complaint and General Order No. 55 may be obtained upon request from Paul, Hanley & Harley, LLP, and designated portions of the Master Complaint are incorporated by reference herein pursuant to the authority conferred by General Order No. 55. Plaintiffs' claims are as set forth in said Master Complaint against defendants herein as follows:

|   | Defendants on Exhibit | | | | | |
|---|---|---|---|---|---|---|
| CAUSE OF ACTION | B | C | D | E | F | G |
| **First** (Negligence) | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Second** (Strict Liability) | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Third** (False Representation Under Restatement of Torts Section 402-B) | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Fourth** (Intentional tort) | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

///

**EXHIBIT "3"**

HASSARD BONNINGTON LLP
B. THOMAS FRENCH, ESQ., State Bar No. 65848
ROBERT L. NELDER, ESQ., State Bar No. 125426
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9802
btf@hassard.com

Attorneys for Defendant
JOHN CRANE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants. | No.<br><br>(San Francisco County Superior Court Case No. CGC-06-452846)<br><br>**NOTICE OF REMOVAL**<br>28 U.S.C. Section 1441(b)<br>(Diversity Jurisdiction) |

TO THE CLERK AND THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

  Defendant John Crane Inc. (hereinafter "John Crane" or "Defendant") hereby removes to the United States District Court for the Northern District of California, the following state court action: <u>Everett Hogge and Priscilla Hogge, plaintiffs v. A. W. Chesterton Company, et al., defendants</u>, which was filed as Case No. CGC-06-452846 in the Superior Court of the State of California, County of San Francisco.

  Removal of this action is authorized under 28 U.S.C. section 1441(b), diversity of citizenship, based on the following facts:

  1. On or about June 2, 2006, plaintiffs Everett Hogge and Priscilla

-1-

NOTICE OF REMOVAL
P:\Wdocs\HBMAIN\01850\01251\00221281.DOC-6107

1. Hogge ("plaintiffs") commenced an action against Defendant by filing their complaint with the Superior Court of the State of California, County of San Francisco. True and correct copies of the summons and the complaint ("Complaint"), together with Paul & Hanley, LLP's Master Complaint – Asbestos, which was filed on September 7, 2000, are attached to the accompanying declaration of B. Thomas French as Exhibit 1.

2. It is undisputed that plaintiffs Everett Hogge and Priscilla Hogge are citizens of the State of Virginia. Plaintiff states in response to interrogatories served in this case that they have lived in Glouster, Virginia from 1988 to the present. (Please see Exhibit 2 attached to the accompanying declaration of Robert Hamblett, responses to Interrogatory Nos. 1 and 5.)

3. At the time the complaint was filed, it could not be removed for multiple reasons including that one or more California defendants were named and sued in the Complaint.

4. One of the defendants named in the complaint is Hill Brothers Chemical Company. Hill Brothers Chemical Company is a California corporation with its principal place of business in California. Attached as Exhibit 3 to the accompanying declaration of B. Thomas French is a true and correct copy of a printout from the California Secretary of State's website (www.ss.ca.gov/corpdata) identifying Hill Brothers Chemical Company as a California corporation with its principal place of business at 1675 N. Main St., Orange, California.

5. As of May 11, 2007, six defendants remained in the <u>Hogge</u> matter, one of which was Hill Brothers Chemical Company. Attached as Exhibit 4 to the accompanying declaration of B. Thomas French is a true and correct copy of the Court's May 14, 2007 Minute Order reflecting the parties as of May 11, 2007.

6. As of May 15, 2007, after additional settlements, only two defendants remained: John Crane Inc. and Hopeman Brothers, Inc. Attached as Exhibit 5 to the accompanying declaration of B. Thomas French is a true and correct copy of the Court's May 15, 2007 Minute Order reflecting the parties as of that date.

-2-

NOTICE OF REMOVAL
P:\Wdocs\HBMAIN\01850\01251\00221281.DOC-6107

1  Hill Brothers Chemical Company was, as of May 15, 2007, no longer a defendant in
2  the action.
3     7.   Hopeman Brothers, Inc., is a Delaware corporation with its
4  principal place of business is in North Carolina. Attached as Exhibit 6 to the
5  accompanying declaration of B. Thomas French is a true and correct copy of a
6  printout from the Hopeman Brothers, Inc., as a Delaware corporation with its principal
7  place of business at 155 Sunnynoll Ct., Suite 300, Winston Salem, North Carolina.
8     8.   Defendant John Crane Inc. is now the only remaining defendant
9  in this lawsuit. John Crane Inc. is a Delaware corporation with its principal place of
10 business in Illinois. Attached as Exhibit 7 to the accompanying declaration of B.
11 Thomas French is a true and correct copy of a printout from the California Secretary
12 of State's website (www.ss.ca.gov/corpdata) identifying John Crane Inc. as a
13 Delaware Corporation with its principal place of business in Morton Grove, Illinois.
14    9.   Defendant timely files this notice of removal on or about June 1,
15 2007, less than 30 days after receiving written notice of removability. 28 U.S.C.
16 §1446(b).
17    10.  The amount in controversy in this lawsuit exceeds $75,000.
18 Plaintiffs have recently filed formal demands in State Court against defendant John
19 Crane for amounts well in excess of the jurisdictional requirement. Attached as
20 Exhibit 8 to the accompanying declaration of B. Thomas French is a true and correct
21 copy of Plaintiffs' C.C.P. §998 Offer to Compromise to Defendant John Crane Inc.,
22 which shows the amounts of plaintiffs' demands at page 3.
23    11.  Attached as Exhibit 9 to the accompanying declaration of B.
24 Thomas French is a true and correct copy of an economic damages report created by
25 plaintiffs' expert, Dr. Barry Ben-Zion. Dr. Ben-Zion calculated plaintiffs' total
26 economic damages to be $2,161,850.
27    12.  Because this Court is the United States District Court for the
28 district and division embracing the place where the original State Court Complaint

1 | was filed, it is the appropriate court for removal under 28 U.S.C. §1446(a).

2 |     13. Attached as Exhibit 10 to the accompanying declaration of B. Thomas French is a copy of the Register of Actions in the state court proceeding. As appears from Exhibit 10, the state court file is voluminous. To the extent that this Court requires copies of records and proceedings in the state court proceeding, Defendant respectfully requests this Court to issue a writ of certiorari to obtain these voluminous documents from the San Francisco Superior Court pursuant to U.S.C. §1447(b).

    14. John Crane Inc. also intends to seek transfer of this action to the Eastern District of Pennsylvania, where all Federal Court asbestos actions have been centralized in a single forum, i.e., *In re Asbestos Products Liability Litigation* (Multi District Litigation Docket No. 875), pursuant to 28 U.S.C. §1407. Accordingly, Defendant is concurrently filing a Notice of Pendency of Other Action regarding MDL 875.

    WHEREFORE, defendant John Crane Inc. respectfully removes the above-described state court action to this Court and requests that all further proceedings in this action be conducted before this Court as provided by law.

Dated: June __, 2007

HASSARD BONNINGTON LLP

By: _/s/ B. Thomas French_
    B. Thomas French

Attorneys for Defendant
JOHN CRANE INC.