**EXHIBIT "4"**

Dean A. Hanley, Esq.   (State Bar No. 169507)
Philip A. Harley, Esq.   (State Bar No. 147407)
Deborah R. Rosenthal, Esq. (State Bar No. 184241)
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:  (510) 559-9980
Facsimile:  (510) 559-9970
Email:  pharley@phhlaw.com
Email:  drosenthal@phhlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>  Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, *et al*,<br><br>  Defendants. | Case No.: C 07 2873 EDL<br><br>**DECLARATION OF DEAN A. HANLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND**<br><br>[28 U.S.C. §§ 1441-1447; F.R.C.P. 7(b); ND CA Local Rule 7-1]<br><br>Current Hearing Date:  July 10, 2007<br>Proposed Hearing Date: June 19, 2007<br>Time:                          9:00 a.m.<br>Courtroom:              E, 15th Floor<br>Magistrate Judge:     Hon. Elizabeth D. Laporte |

I, Dean A. Hanley, declare as follows:

1.  I am an attorney admitted to practice law before the United States District Court for the Northern District of California and all the courts of the State of California and am a partner in the firm of Paul, Hanley & Harley, LLP, counsel of record for plaintiffs. The matters stated herein are true to my own personal knowledge unless specifically stated otherwise. If called upon as a witness, I could and would testify to the following facts.

2.  I was admitted to practice law in 1993. My professional practice since that time primarily has involved handling asbestos personal injury and wrongful death cases in California. I have participated in asbestos litigation in many jurisdictions throughout California and the

1  United States and have been either the primary attorney or supervising attorney in several

2  hundred asbestos cases litigated in California courts.

3      3.  I am the partner primarily in charge of settlement negotiations for this law firm.  I am

4  personally familiar with the facts and files of the pending action and was personally involved in

5  each and every settlement, "agreement to agree" (explained below), and dismissal that has

6  occurred to date in this action.

7      4.  I have reviewed the records and files pertaining to the state court action and am

8  personally familiar with the status of the defendants named and served, the defendants that

9  answered, the defendants that have and have not been dismissed, and the defendants that remain

10  in this action.

11      5.  Approximately 51 defendants were named and served in the state court action.  See

12  caption pages of Plaintiff's Complaint for Personal Injury – Asbestos, filed in the San Francisco

13  Superior Court on August 29, 2006, in the case of *Everett Hogge and Priscilla Hogge v. A.W.*

14  *Chesterton Co., et. al.,* S.F.S.C. Case No. 452846, a true and correct copy of which is attached as

15  **Exhibit "1"** to the Declaration of Stephen J. Healy filed in support of Plaintiffs' Motion to

16  Remand.  Plaintiffs can produce Proofs of Service of Summons and Complaint on all named

17  defendants at the Court's request.

18      6.  Of those 51 defendants named and served in the state court action, approximately 20

19  were dismissed.

20      7.  Six of the remaining defendants have an "agreement to agree."  Such agreements are

21  common in California asbestos litigation.  The purpose of the agreement is to allow defendants

22  with limited assets or insurance to avoid costs of litigation and/or trial.  These defendants are

23  often named as defendants in asbestos litigation.  Each defendant will reach an agreement with

24  our office that a particular case will be set aside as an agreement to agree to a settlement amount

25  at a future date.  The "agreement to agree" is an arrangement made to facilitate settlement but is

26  not binding, does not constitute a settlement, is entered into by the parties' counsel and not

27  signed by the parties, and can be revoked by either side at any time.  These agreements are

28

---

**DECLARATION OF DEAN A. HANLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND**
PAGE 2

S:\Clients\PlainHB\Hogge, Everett 10293\Motion\JOHNCRANE remand - DAH Dec.doc

1  indefinite as to amount of settlement and timing of payment. After counsel enters into an

2  "agreement to agree, " counsel will thereafter periodically meet and eventually agree to a

3  settlement amount. The number and frequency of meetings varies in each instance. Often

4  installment payment terms are arranged. Because these defendants avoid nearly all litigation

5  costs, they are able to preserve assets and insurance so as to make payments to plaintiffs. When

6  disputes arise (rarely), the state courts are asked to assist by, for example, mediating or ordering

7  settlement conferences. In particular, Judge James Robertson of the San Francisco Superior

8  Court has actively worked to facilitate these agreements. The defendants that have such an

9  agreement with plaintiffs thus remain defendants in the action. The six defendants that currently

10 have "agreements to agree" in the Hogges' case are: Asbestos Corporation, Ltd.; Crown Cork &

11 Seal Company, Inc.; Foster Wheeler USA Corporation; Georgia-Pacific Corp.; Plant Insulation

12 Co.; and Waldron Duffy, Inc.

13      8.  Plant Insulation Company is a California insulation contractor and asbestos product

14 distributor. Plant Insulation is incorporated in California and maintains its principal place of

15 business in San Francisco, California. (See Plant Insulation Company's Responses to Plaintiffs'

16 First Set of Dieden Interrogatories, served in *In re Complex Asbestos Litigation*, Alameda

17 County Superior Court Case No. 607734-9, at Interrogatory No. 2 and Response to Interrogatory

18 No. 2, pp. 7:27 –8:13. A true and correct copy of relevant portions of Plant's Interrogatory

19 Responses are attached hereto as **Exhibit A**.) Plant Insulation Company is presently engaged in

20 a legal dispute with its insurers. The insurers are denying coverage. These matters are in

21 litigation. At this point, Plant has entered into an "agree to agree" arrangement. A sum certain

22 will be agreed as a reasonable settlement. (This has not yet been done.) Payment of this

23 settlement will be dependent on the outcome of the coverage litigation. Again, these agreements

24 are both encouraged and assisted by the California state courts. Our office routinely meets

25 settlement judges to assist in setting amounts specific to these agreements. In this case, the use

26 of the San Francisco Superior Court to "finalize" the agreement will be needed.

27

28

9.    Twenty-two defendants have reached agreements with counsel as to the amount of settlement, and these settlements are in varying stages of being processed.  Only three of these defendants have paid the settlement money.  Some may seek a determination of good faith settlement pursuant to California Code of Civil Procedure § 877.6, which calls for briefing and a hearing in the state court.  Specifically, the status of pending settlements with defendants that remain in this action are, as of this writing, as follows:

- As to the following defendants, payment is neither due under the terms of the agreement between counsel, nor has it been rendered:  American Standard, Inc.; Buffalo Pumps, Inc.; Burnham Corp.; CBS Corp.; Crane Co.; General Motors Corp.; Goodyear Tire & Rubber Company; Gould Pumps, Inc.; Hills Brothers Chemical Co.; Honeywell International, Inc.; Hopeman Brothers, Inc.; IMO Industries Inc.; International Paper Co.; Kentile Floors, Inc.; Leslie Controls, Inc.; Quintec Industries, Inc.; Sepco Corp.; and Weil-McLean Company, Inc.

- As to defendant Parker-Hannifin Corporation, payment was due on June 1, 2007, but as of this writing, upon information and belief, has not been rendered.  It appears that court intervention may be needed to enforce the settlement agreement between plaintiff and this defendant.

The following defendants have now paid the agreed-upon settlement amount and been dismissed from the action:  Garlock Sealing Technologies, LLC; S.B. Decking, Inc.; and A.W. Chesterton Company.

10.    Attached hereto as **Exhibit B** is a true and correct copy of relevant portions of HILL BROTHERS CHEMICAL COMPANY's Second Amended Responses to Plaintiffs' Standard Interrogatories to All Defendants, served in *In re Complex Asbestos Litigation,* San Francisco Superior Court Case No. 828684, on or about February 6, 2007. HILL BROTHERS attests that California is both HILL BROTHERS' state of incorporation and the location of its principal place of business.  See Exhibit B at 2:1-17.

1    11.    Attached hereto as **Exhibit C** is a true and correct copy of relevant portions of

2  QUINTEC INDUSTRIES, INC.'s Responses to Plaintiffs' Standard Interrogatories to All

3  Defendant, served in *In re Complex Asbestos Litigation,* San Francisco Superior Court Case No.

4  828684, on or about October 10, 1997.  QUINTEC attests that California is its state of

5  incorporation and the location of its principal place of business.  See Exhibit C at 5:11-6:3.

6    12.    Attached hereto as **Exhibit D** is a true and correct copy of relevant portions of

7  SEPCO CORPORATION's Responses to Plaintiffs' Standard Interrogatories to All Defendants,

8  served in *In re Complex Asbestos Litigation,* San Francisco Superior Court Case No. 828684, on

9  or about July 10, 2000.  SEPCO attests that it was incorporated in the State of California.  See

10  Exhibit D at 3:1-16.

11    13.    BORGWARNER MORSE TEC, INC., was named and served as a defendant in

12  this action.  BORGWARNER's Motion for Summary Judgment was granted on or about June 1,

13  2007.  However, as of this writing, judgment has not yet been entered against this defendant.

14  Plaintiffs intend to appeal this judgment.

15    14.    FORD MOTOR COMPANY was named and served as a defendant in this action.

16  FORD's Motion for Summary Judgment was granted on or about April 26, 2007.  However, as

17  of this writing, judgment has not yet been entered against this defendant.  Plaintiffs intend to

18  appeal this judgment.

19    I declare under the penalty of perjury under the laws of the State of California and of the

20  United States of America that the foregoing is true and correct.  Executed on June __7__, 2007, in

21  Berkeley, California.

22    _____

23    Dean A. Hanley

24

25

26

27

28
---
**DECLARATION OF DEAN A. HANLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND**
PAGE 5

S:\Oriental\Plaintiffs\IN Nagger Everett 10293\Motion\JOHN CRANE remand - DAH Dec.doc

EXHIBIT "A"

1  Eric R. Haas, State Bar No. 073947
   Anthony M. Blalock, State Bar No. 189676
2  BURNHAM BROWN
   A Professional Law Corporation
3  P.O. Box 119
   Oakland, California 94604
4
   1901 Harrison Street, 11th Floor
5  Oakland, California 94612
   Telephone:   (510) 444-6800
6  Facsimile:   (510) 835-6666

7  Attorneys for Defendant
   PLANT INSULATION COMPANY
8

Paul, Hanley & Harley LLP

JAN 3 1 2007

☒____ Mail
____ Overnight
____ Hand
Gave Attorney
Forwarded to ___ JKB

9                 SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

10                              UNLIMITED JURISDICTION

| | |
|---|---|
| 11  HARTMUT W. LENICK and MARLIES LENICK, | Case No. RG05194440 (lead case) |
| 12  | **DEFENDANT PLANT INSULATION** |
| 13        Plaintiffs, | **COMPANY'S RESPONSES TO PLAINTIFFS' FIRST SET OF DIEDEN** |
| 14  v. | **INTERROGATORIES TO DEFENDANT** |
| 15  ACE BOILER & WELDING WORKS, INC., et al., | Complaint filed: January 19, 2005 |
| 16        Defendants. | |
| 17  MARLIES LENICK, JAMES W. LENICK, and JASON W. LENICK, individually and as | Case No. RG05228709 (consolidated) |
| 18  successors in interest to the Estate of HARTMUT LENICK, | Complaint filed: August 19, 2005 |
| 19        Plaintiffs, | |
| 20  v. | |
| 21  ACE BOILER & WELDING WORKS, INC., et al., | |
| 22  | |
| 23        Defendants. | |
| 24 | |
| 25  IN RE: COMPLEX ASBESTOS LITIGATION | No. 607734-9 |
| 26 | |
| 27 | |
| 28  /// | |

1  PROFOUNDING PARTIES          :   Plaintiffs HARTMUT W. LENIGK and MARLIES
2                                   LENIGK

3  RESPONDING PARTY             :   Defendant PLANT INSULATION COMPANY

4  SET NO.                       :   One (Nos. 1 - 56)

5  TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

6       Defendant PLANT INSULATION COMPANY ("Plant") responds to the First Set of

7  Dieden Interrogatories served on it by Plaintiffs HARTMUT W. LENIGK and MARLIES

8  LENIGK as follows:

9                  I.     PRELIMINARY STATEMENT

10      Plant hereby responds to Plaintiffs' Standard Interrogatories to Defendants in asbestos

11  cases filed in Alameda County ("Dieden Interrogatories").

12      Plant specifically reserves the right to raise objections regarding the admissibility of its

13  responses to these Dieden Interrogatories in jurisdictions not subject to the above-referenced

14  Orders filed in Alameda Superior Court. Plant also specifically reserves all objections based

15  on attorney-client privilege and work product doctrine. Plant further reserves the right to

16  correct or amend its responses should it become aware of any inadvertent omission or error it

17  makes in response to these Dieden Interrogatories, because of subsequently discovered

18  information or documentation determined to be relevant. Plant also reserves the right to make

19  use of or introduce evidence at trial, which is disclosed or developed through further

20  investigation or discovery subsequent to the date of these responses.

21      As in any business, records pertaining to Plant's business operations were discarded

22  decades ago in the ordinary course of business when their expected usefulness had ended.

23  Consequently, much of the information requested in these interrogatories, if it ever was in the

24  possession or control of Plant, is no longer available. Many of the persons who may have had

25  knowledge of the particular facts, events or subject matters inquired into in these interrogatories

26  are now deceased or cannot be located. Others, though locatable, are not currently in the employ

27  or under the control of Plant and cannot be compelled to assist in the preparation of answers to

28  these Dieden Interrogatories. Moreover, due to the open-ended and broad scope of these Dieden

1  Interrogatories as to time, the person(s) who may have had knowledge of the particular fact or

2  event may be unable to recall or reconstruct either the extent of their knowledge, the source of

3  such knowledge or the time at which such knowledge was acquired.

4      These Dieden Interrogatories request information which is either not within the personal

5  knowledge or possession or control of Plant's current employees or agents, or can only be

6  ascertained or derived through a page-by-page review of the known and existing voluminous

7  documents. There is no compilation, abstract or summary of information relating to many of

8  these interrogatories currently in Plant's possession. In addition, Plant's business records

9  previously have been produced on numerous occasions to different asbestos plaintiffs' counsel,

10 including counsel for the propounding parties so much of the requested information is already in

11 plaintiff's possession. Indeed, the knowledge of plaintiff's counsel may be superior to that of

12 Plant. Plant's records have been in the possession of a succession of defense counsel including

13 Ropers, Majeski (1983-85); Martin, Ryan & Andrada (1983-87); Tarkington, O'Connor &

14 O'Neil (1987-90); Bolechowski & Byrne (1990-91); and Jackson & Wallace (1991-2001). As a

15 result of the number of people who have had possession of Plant's business records and the

16 numerous times they have been subject to production, Plant is informed and believes that

17 documents with information responsive to these interrogatories have been inadvertently lost,

18 mislaid or destroyed over the years. Finally, assembling documents and information about

19 Plant's past business activities has been further complicated by the fact that Plant ceased active

20 business operations in 2001.

21      Despite these limitations, after reasonable search and inquiry Plant has made good faith

22 responses to these Dieden Interrogatories based upon what information is available and in

23 keeping with the discovery nature of these boilerplate interrogatories. However, the above

24 limitations on Plant's ability to respond require that many of its responses be based only upon

25 information and belief. The statements contained in these responses, therefore, are not and

26 cannot be deemed admissible evidence under the applicable rules of evidence as, *inter alia*, non-

27 hearsay facts asserted by a party with first-hand knowledge. Plant continues to investigate issues

28 relevant to this lawsuit and reserves the right to introduce additional evidence at trial which is

produced in the course of its further investigation or review of information. This Preliminary

Statement is hereby incorporated into defendant's response of each and every interrogatory.

## II.    GENERAL OBJECTIONS

A.    Plant objects to these uniformly overbroad Dieden Interrogatories on the grounds
that they are overbroad in time and scope and are unduly burdensome. In addition, they seek
information that is not material or necessary to the development of the claims or defenses in this
case. Therefore, they seek information that is not relevant and is not reasonably calculated to
lead to the discovery of admissible evidence and are unduly burdensome.

C.    Plant objects to these Dieden Interrogatories to the extent they are unreasonably
vague, confusing and ambiguous.

D.    Plant objects to these Dieden Interrogatories to the extent they are compound.

E.    Plant objects to these Dieden Interrogatories to the extent they seek information
prepared in anticipation of litigation or which is confidential and/or protected from discovery by
the attorney-client privilege and/or work product doctrine and to the extent the interrogatories
seek legal conclusions.

F.    Plant objects to these Dieden Interrogatories to the extent they seek information
currently not known or readily ascertainable by Plant and/or based on documents not currently in
Plant's possession, custody or control. In that regard, Plant objects generally to the
"definitions" to the extent that they re-define words beyond their common dictionary definitions
and to the extent that they attempt to enlarge on Plant's discovery obligations beyond the limits
established by the California Code of Civil Procedure and this Court's Orders.

G.    Plant also objects to these Dieden Interrogatories to the extent they seek
information about transactions and business practices concerning other entities. Knowledge of
such transactions and business practices is beyond Plant's personal knowledge.

H.    Plant further objects to these Dieden Interrogatories on the grounds that the

subject of some of these interrogatories suggests that Plant was an asbestos manufacturer or

producer, which Plant denies. These objections are hereby incorporated into defendant's

response to each and every interrogatory.

### III.    DEFINITIONS

GEOGRAPHIC LIMITATION. Unless otherwise specifically set forth, the geographic

scope of these interrogatories is NORTHERN CALIFORNIA.

TIME LIMITATION. Unless otherwise specifically set forth, the time frame of these

interrogatories is 1930 to the present.

"THIS DEFENDANT" (THIS DEFENDANT'S) shall mean the named defendant

herein, all of its predecessors in interest, and all of its successors in interest.

"YOU" and "YOUR" refer to the defendant who is named above as the responding

party.

"ASBESTOS-CONTAINING PRODUCT(S)" shall mean any product(s) of THIS

DEFENDANT which THIS DEFENDANT knows or believes contain(s) the mineral asbestos.

"RAW ASBESTOS FIBER" means asbestos fiber mined or milled, either packaged or

in bulk, not compounded with other substances and essentially pure with the exception of

naturally occurring trace amounts of other substances.

"MARKET" (MARKETing, MARKETed) shall mean the mining, supply, sale,

labeling, distribution, importing, processing or manufacture of raw asbestos fiber and/or

asbestos-containing products.

A request to describe the "NATURE" of ASBESTOS-CONTAINING PRODUCT(S)

shall mean to describe the: (a) color, (b) texture, (c) form (i.e., powder, liquid, paste, solid,

board, cloth, blanket, wire insulation, etc.), and (d) physical dimensions (length, width, height,

volume and weight).

"DOCUMENT(s)" or "WRITING(s)" shall include all writings as defined by Section

250 of the California Evidence Code.

A request to "IDENTIFY" a "DOCUMENT" or "WRITING" shall mean a request to

state: (a) the author; (b) addressee; (c) date of origin; (d) the nature of the writing or document

5

1  (e.g., letter, telephone memorandum, audio tape recording, photograph, etc.); and (e) its present

2  location and name and present address of custodian thereof.

3      A request to state the "IDENTITY" of a person or individual means to state his or her

4  name, the place of employment, job title, present business or present or last known home

5  address, and present business telephone number.

6      "NORTHERN CALIFORNIA" shall encompass the following forty-six (46) counties:

7  Alameda, Alpine, Amador, Butte, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado,

8  Fresno, Glenn, Humboldt, Kern, Kings, Lake, Lassen, Marin, Mariposa, Mendocino, Merced,

9  Modoc, Mono, Monterey, Napa, Nevada, Placer, Plumas, Sacramento, San Francisco, San

10  Joaquin, San Mateo, Santa Clara, Santa Cruz, Shasta, Sierra, Siskiyou, Solano, Sonoma,

11  Stanislaus, Sutter, Tehama, Trinity, Tulare, Tuolumne, Yolo and Yuba.

12      A "CONTRACT UNIT(S)" shall mean a department, division, subdivision, branch, or

13  group which has been or is now engaged in installation and/or removal of RAW ASBESTOS

14  FIBER and/or ASBESTOS-CONTAINING PRODUCT(S).

15      "COMPANY" means any profit making private enterprise, including corporations,

16  partnerships, joint ventures, and sole proprietorships.

17                    IV.        OBJECTIONS TO DEFINITIONS

18      Plant objects to these definitions to the extent they attempt to seek materials protected by

19  attorney-client, attorney/work product, trade secret and other privileges. Plant further objects to

20  the extent that the definitions request information or materials which are neither relevant to the

21  claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible

22  evidence.

23      Plant objects to the definitions and the use of the terms "ASBESTOS-CONTAINING

24  PRODUCT(S)", "RAW ASBESTOS FIBER," "MARKET" (MARKETing, MARKETed)," and

25  "NATURE," as being vague, ambiguous, overbroad and unduly burdensome and not reasonably

26  calculated to lead to the discovery of admissible evidence. Furthermore, Plant objects to these

27  definitions to the extent they suggest or infer that Plant manufactured or produced asbestos-

28  containing products.

1    Plant objects to the definition of "DOCUMENT(S)," or "WRITING(S)" as being

2  confusing, inconsistent, duplicative, overly broad and unduly burdensome. Accordingly, and

3  without waiving said objections, whenever Plant responds to this discovery which concerns

4  "DOCUMENT(S)," or "WRITING(S)" Plant's answers include only information from materials

5  which are currently in the possession, custody, or control of Plant, free of claims of privilege.

6    Plant objects to the definitions "IDENTIFY" and "IDENTITY" as being vague,

7  ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the

8  discovery of admissible evidence.

9    Plant objects to the definition "CONTRACT UNIT(S)" as being vague, ambiguous,

10  overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of

11  admissible evidence.

12              V.          INTERROGATORIES & RESPONSES

13  INTERROGATORY NO. 1:

14    With respect to the individual verifying these answers on your behalf, state the

15  following:

16        a.    their names;

17        b.    their present business address;

18        c.    their present job title;

19        d.    their date of first employment with you and the dates and titles of each job

20  position they have held while they were employed by you.

21  RESPONSE TO INTERROGATORY NO. 1:

22        a.    John M. Gregory;

23        b.    1733 Woodside Road, Redwood City, California 94601;

24        c.    General Counsel since July 1985;

25        d.    Mr. Gregory has acted as counsel for Plant in relation to its asbestos liabilities

26  since September, 1981.

27  INTERROGATORY NO. 2:

28    State whether YOU are a corporation, if so, state:

1     a.    YOUR full corporate name;

2     b.    the state of incorporation;

3     c.    the date of incorporation;

4     d.    the address of YOUR principal place of business;

5     e.    if YOU are wholly-owned or if more than five (5) percent of the ownership

6  interest of YOUR COMPANY is owned by another business entity, state that entity's name and

7  principal place of business.

8  RESPONSE TO INTERROGATORY NO. 2:

9     Yes.

10    a.    Plant Insulation Company;

11    b.    California;

12    c.    March 30, 1937;

13    d.    2271 California Street, San Francisco, CA 94115-2813;

14  INTERROGATORY NO. 3:

15    Has THIS DEFENDANT ever been identified, known, or done business under any other

16  name? If so, please state such name or names and the time period during which THIS

17  DEFENDANT was so known or identified.

18  RESPONSE TO INTERROGATORY NO. 3:

19    Yes. From 1937 until February 1948, defendant was known as The Asbestos Company

20  of California. From February 1948 until 1973, defendant was known as Plant Asbestos

21  Company. Since 1973, defendant has been known as Plant Insulation Company.

22  INTERROGATORY NO. 4:

23    State whether YOU have ever been registered or qualified to do business in the State of

24  California. If so, state the date YOU became qualified to conduct business in the State of

25  California.

26  RESPONSE TO INTERROGATORY NO. 4:

27    Yes. March 30, 1937.

28

8

DEFENDANT PLANT INSULATION COMPANY'S RESPONSES TO
PLAINTIFFS' FIRST SET OF DIEDEN INTERROGATORIES TO DEFENDANT

NO. C-607734-9

1    Counsel's signature below is solely for preserving objections and is not the signature of

2   a party, officer or agent under Civil Procedure Code section 2030(g).

3

4   DATED: January 8, 2007                    BURNHAM BROWN

5

6

7                                            ERIC R. HAAS
                                             Attorneys for Defendant
8                                            PLANT INSULATION COMPANY

9   781274

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Re:           In Re: Complex Asbestos Litigation

Court:        Alameda County Superior Court, Unlimited Jurisdiction

Action No:    607734-9

## VERIFICATION

[Code Civ. Proc. §§ 446, 2015.5]

I declare under penalty of perjury under the laws of the State of California that I am the authorized agent of PLANT INSULATION COMPANY, Defendant in the above-entitled matter and sign these responses on its behalf; that I have read the foregoing  DEFENDANT PLANT INSULATION COMPANY'S RESPONSES TO PLAINTIFFS' FIRST SET OF STANDARD DIEDEN INTERROGATORIES TO DEFENDANT and know its contents, and that it is true and correct of my own knowledge, except as to those matters stated upon information and belief, and as to those matters I believe them to be true.

DATED: January 8, 2007, at Redwood City, California.

_____
(Signature)


_____
John M. Gregory
(Type or print name)


_____
(Title, if any)

EXHIBIT "B"

1   MICHAEL A. VASQUEZ (SBN 119045)
    MICHAEL J. ESTRADA (SBN 121439)
2   VASQUEZ & ESTRADA
    Courthouse Square
3   1000 Fourth Street, Suite 700
    San Rafael, CA 94901
4   Telephone:    (415) 453-0555
    Facsimile:    (415) 453-0549
5
    Attorneys for Defendant
6   HILL BROTHERS CHEMICAL COMPANY

7

8           THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             IN AND FOR THE COUNTY OF SAN FRANCISCO

10                   UNLIMITED CIVIL JURISDICTION

11

12  IN RE: COMPLEX                    )   CASE NO. 828684
                                      )
13  ASBESTOS LITIGATION               )   DEFENDANT HILL BROTHERS
                                      )   CHEMICAL COMPANY'S SECOND
14                                    )   AMENDED RESPONSES TO
                                      )   PLAINTIFFS' STANDARD INTER-
15                                    )   ROGATORIES TO ALL DEFENDANTS
                                      )   (GENERAL ORDER NO. 129)
16                                    )
                                      )

17  INTERROGATORY NO. 1:

18          Identify the person verifying these answers on YOUR behalf.

19  ANSWER TO INTERROGATORY NO. 1:

20          Ronald R. Hill

21  INTERROGATORY NO. 2:

22          State the date of first employment with YOU, and the dates and titles of each job position

23  the person verifying these interrogatories has held while employed by YOU.

24  ANSWER TO INTERROGATORY NO. 2:

25          Continuously employed with Hill Brothers since 1973, and has worked in the following

26  positions:  President (1992 - present); Chief Executive Officer (1997 - present); Vice President of

27  Manufacturing (1988-1992); Assistant Production Manager (1981-1988); Operations Manager

28  (1976-1981); Sales (1973-1976).

                                    1

1  **INTERROGATORY NO. 3:**

2      State whether or not YOU are a corporation, and if so state:

3          A.      YOUR correct name;

4          B.      YOUR state of incorporation;

5          C.      The date of YOUR incorporation;

6          D.      The address of YOUR principal place of business;

7          E.      Whether or not YOU have ever held a certificate of authority to do business

8  in the State of California, and if so, the inclusive dates of any certificate;

9          F.      If YOU are wholly owned or the majority interest of your company is owned

10 by another business entity, state the entity's name and principal place of business;

11         G.      Whether YOU have any business offices in California, and, if so, YOUR

12 principal place of business in California.

13 **ANSWER TO INTERROGATORY NO. 3:**

14         A.      Hill Brothers Chemical Company is a corporation;

15         B.      California;

16         C.      May 1935;

17         D.      1675 N. Main Street, Orange, California 92867;

18         E.      N/A;

19         F.      N/A;

20         G.      Yes.  1675 N. Main Street, Orange, California 92867.

21 **INTERROGATORY NO. 4:**

22     Have YOU ever been identified, known, or done business under any other name in the State

23 of California?

24 **ANSWER TO INTERROGATORY NO. 4:**

25     Yes.

26 **INTERROGATORY NO. 5:**

27     If YOUR answer to Interrogatory No. 4 is in the affirmative, please state such name or

28 names and the time period during which THIS DEFENDANT was so known or identified.

2

MICHAEL A. VASQUEZ (SBN 119045)
ALEXIS H. RUDD (SBN 224884)
VASQUEZ & ESTRADA
Courthouse Square
1000 Fourth Street, Suite 700
San Rafael, CA 94901
Telephone: (415) 453-0555
Fax: (415) 453-0549

Attorneys for Defendant
HILL BROTHERS CHEMICAL COMPANY

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| IN RE: | CASE NO. 828684 |
| COMPLEX ASBESTOS LITIGATION, | |
| | PROOF OF SERVICE OF DEFENDANT HILL BROTHERS CHEMICAL COMPANY'S SECOND AMENDED RESPONSES TO PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS (GENERAL ORDER NO. 129) |

PROOF OF SERVICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE

*In Re Complex Litigation*
San Francisco Superior Court No. 828684

I, the undersigned, declare: that I am, and was at the time of service of the documents herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of Marin, California. My business address is 1000 Fourth Street, Suite 700, San Rafael, California, 94901.

On the date executed below, I electronically served the document(s) via LexisNexis File & Serve described as:

DEFENDANT HILL BROTHERS CHEMICAL COMPANY'S SECOND AMENDED RESPONSES TO PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS (GENERAL ORDER NO. 129)

As required by the Court's Amended General Order No. 158, Order Mandating Electronic Filing and Service of Asbestos Pleadings, in this matter, and as performed by Lexis Nexis on the parties in this action, addressed as follows:

SEE SERVICE LIST PROVIDED BY LEXIS NEXIS

The transmission was reported as complete and without error. A copy of the Lexis Nexis filing receipt will be maintained with the document in our file.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and was executed on February 6, 2006, at San Rafael, California.

/s/ Karen J. Collier

Karen J. Collier

**PROOF OF SERVICE**