HASSARD BONNINGTON LLP
B. THOMAS FRENCH, ESQ., State Bar No. 65848
btf@hassard.com
ROBERT L. NELDER, ESQ., State Bar No. 125426
rln@hassard.com
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9802

Attorneys for Defendant
JOHN CRANE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>        Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>        Defendants. | **No. C 07 2873 MJJ (EDL)**<br><br>**DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**<br><br>[28 U.S.C. §1441-7; F.R.C.P. 7(b); N.D. Cal. Local Rule 7-1]<br><br>Date: July 31, 2007<br>Time: 9:00 a.m.<br>Dept.: E<br>Judge: Hon. Elizabeth Laporte<br><br>Complaint Filed: June 2, 2006<br>Trial Date: May 7, 2007 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ......................................... 1

II. STATEMENT OF ISSUES TO BE DECIDED .................................................... 3

III. FACTUAL BACKGROUND ................................................................................ 3

IV. DISCUSSION ....................................................................................................... 6

    A. An Award of Costs and Fees Is Inappropriate If the Removing Party Had an "Objectively Reasonable Basis" for Removal ................................. 6

    B. John Crane's Removal Was Objectively Reasonable, Based on the Court's Notification that Plaintiffs Had Settled Their Action With All Defendants Other Than John Crane ......................................................... 7

    C. There Was No Need to Obtain the Settled Defendants' "Consent" to Removal ..................................................................................................... 12

    D. No "Unusual Circumstance" Warrants An Award of Costs ....................... 13

    E. The Costs and Fees Sought By Plaintiffs are Excessive and Unjust ........ 14

V. CONCLUSION ................................................................................................... 15

-i-

DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES
P:\Wdocs\HBMAIN\01850\01251\00226014.DOC-71007

## TABLE OF AUTHORITIES

Pages

### Cases

Aynesworth v. Beech Aircraft Corp., 604 F. Supp. 630 (W.D.Texas 1985) ............... 11

Barth v. Firestone Tire & Rubber Co. (USDC, N. D. Cal. 1987) .............................. 12

Coman v. International Playtex, Inc., (N.D. Cal. 1989) ................................................ 6

Erdey v. American Honda Co., Inc. (M.D.La. 1983...................................................... 10

Heniford v. American Motor Sales Corp., 471 F.Supp. 328 (D.S.C. 1979) ................ 11

King v. Kayak Manufacturing Corp. (N.D.W.Va. 1988) ........................................ 10, 11

Lesher v. Andreozzi (M.D.Pa. 1986) ............................................................................ 10

Martin v. Franklin Capital Corp., 546 U.S. ............................................................. 1, 6

Mertan v. E. R. Squibb & Sons, Inc. (C.D. Cal. 1980) ................................................ 13

R. J. Reynolds Tobacco Co. v. Shewry (9th Cir. 2005) ............................................... 12

Schrader v. Hamilton (N.D. Cal. 1997) ......................................................................... 7

Zandi-Dulabi v. Pacific Retirement Plans Inc. (N.D.Cal. 1993) ................................... 7

### Statutes

28 U.S.C. Section 1441 ................................................................................................. 5

28 U.S.C. Section 1446 ................................................................................... 8, 10, 12

28 U.S.C. Section 1447 ..................................................................................... 1, 6, 14

Civ. Code Section 3532 ............................................................................................... 12

### Other Authorities

California Practice Guide:  Federal Civil Procedure Before Trial, Removal
    Jurisdiction, §2:1110 ...................................................................................... 5, 6, 10

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs' Motion for Costs and Expenses unjustly seeks to recover excessive attorneys' fees and costs Plaintiffs claim they incurred as a result of defendant John Crane Inc.'s ("John Crane") removal of this case to federal court. Less than a week after John Crane removed the case based on newly-created diversity jurisdiction, the District Court (Honorable Martin J. Jenkins, judge, presiding) granted Plaintiffs' motion for remand, on shortened time. Plaintiffs' motion did not request or argue for recovery of attorneys' fees or costs, and the Court did not award any. The federal court action was terminated, and the case was remanded to state court on June 8, 2007, where trial concluded later that month with a hung jury.

By way of this separate motion, filed weeks after the federal court case was closed, Plaintiffs argue they should recover the costs and fees they allegedly incurred as a result of the one-week removal. Their request is pursuant to 28 U.S.C. Section 1447 (c), which allows an award of such costs, in the court's discretion, only when the movant establishes there was no objectively reasonable basis for the removal. As explained herein, John Crane had an objectively reasonable basis for filing its removal petition when it did. It decided to remove this case promptly after the court reported, in the course of settlement discussions and by way of a docket entry, that all other defendants had settled with Plaintiffs, thus creating complete diversity. John Crane's view that the case became removable and the removal clock began ticking when that judicial announcement started was made is soundly supported by federal case precedent.

A number of federal courts have held the thirty-day deadline for removal begins running as soon as a party learns – from any source – that non-diverse defendants have settled or have otherwise been dismissed. John Crane received notice by way of the state court's docket entry[1] that, on May 16, 2007, all parties had

---

[1] This docket entry presumably was based on representations by Plaintiffs' counsel to the court that all other defendants had settled.

DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES
P:\Wdocs\HBMAIN\01850\01251\00226014.DOC

"settled except for John Crane." It filed its removal petition shortly thereafter. Hearing Plaintiffs' motion for remand on extremely shortened time, the District Court held John Crane's removal was improper because John Crane had not presented "binding settlement agreements" entered into between Plaintiffs and the non-diverse defendants.[2] The ruling ignored the fact that the court's docket entry noting the settlements, and failed to recognize that Plaintiffs ought to have been estopped from denying the existence of settlements they had previously announced to the court and knew full well were, in fact, entered into. John Crane's petition was also "objectively reasonably" based on the fact that *trial had recently commenced against John Crane alone*! To impose costs on John Crane for advancing an argument that every party knows full well was true – namely, that John Crane was the "last party standing" and was the only party who could be held liable at trial – would be to add insult to injury.

Plaintiffs' overreaching motion, untimely filed in a federal action that is now "closed," requests unjust and excessive reimbursement. It may have been fortunate for them that the district court chose to give little, if any, weight to the docket entry indicating that their case had resolved against all parties except John Crane. But John Crane should not be saddled with attorneys' fees and costs simply for taking Plaintiffs' counsel's statements and the state court docket entry at face value and acting upon them.

///

///

///

///

---

[2] John Crane submits that there is no case precedent that requires non-signatories to settlement agreements to actually provide federal courts with "binding settlement agreements" involving *other defendants* to establish a basis for diversity jurisdiction removal. Nor did the district court, in this case, appear to appreciate the practical difficulties a non-signatory might encounter were it to attempt to obtain such agreements from these other parties, especially within the less-than-three-day period that elapsed between the filing of Plaintiffs' motion to remand, and Judge Jenkins' imposed deadline for John Crane to file its opposition papers.

-2-

DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES
P:\Wdocs\HBMAIN\01850\01251\00226014.DOC

## II.     STATEMENT OF ISSUES TO BE DECIDED

1.     Whether John Crane had an objectively reasonable basis to assert that it was the only defendant left in the case after the state court docket noted that the case had settled against all parties except John Crane, and after trial had commenced against John Crane alone.

2.     Whether imposition of costs of removal against John Crane is appropriate.

3.     Whether the costs sought by plaintiffs are just.

## III.    FACTUAL BACKGROUND

This case was scheduled for trial in state court to commence on May 7, 2007, in Department 611 of the San Francisco Superior Court, Hon. Diane E. Wick, judge, presiding. See Declaration of Robert L. Nelder in Support of John Crane Inc.'s Opposition to Plaintiffs' Motion for Costs and Expenses ("Nelder Decl."), ¶2. As of that date, a number of defendants, including John Crane, remained in the case. Id.

Trial did not actually begin on May 7, 2007. From May 7, 2007 through May 16, 2007, the parties participated in a number of court-supervised settlement conferences. Nelder Decl., ¶3. During that period, San Francisco Superior Court Judge A. James Robertson, II, in Department 220, oversaw the settlement conferences. He periodically updated the court files with docket entries regarding settlement status. Id.; see also Exhibit 1 to Nelder Decl.[3] Judge Wick also issued a number of minute orders relating to the administration of the case during this period. Id.; Exh. 2.

The progression of settlements that resulted in John Crane being the only defendant remaining in the case is reflected in the court's own files. On May 14, 2007, Judge Wick's minute order stated that three defendants remained in the case and would "go to verdict." Nelder Decl., ¶5; Exh. 2 at p.3. Those defendants were

---

[3] Hereinafter, all references to exhibits, which are attached to the concurrently-filed Nelder Decl., will be abbreviated "Exh." followed by the number of the exhibit.

DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES
P:\Wdocs\HBMAIN\01850\01251\00226014.DOC

"John Crane, Hill Brothers and Hopeman Brothers." Id. The next day, Judge Wick reported that "John Crane Co. and Hopeman Brothers" were the "remaining defendants." Nelder Decl., ¶5; Exh. 2. at p.4. On May 16, 2007, Judge Robertson noted the subsequent settlement of Hopeman Bros. by placing an entry in the court docket that the "CASE SETTLED EXCEPT FOR JOHN CRANE." Nelder Decl., ¶4; Exh. 1 at p.4.

Consistent with the court's description of the settlements with other defendants, only John Crane reported for trial after May 16, and John Crane was the only defendant who: (1) argued motions in limine; (2) selected the jury (with only six, as opposed to the eight, peremptory challenges that would have been allowed had there been more than one defendant), and (3) gave an opening statement.[4] Nelder Decl., ¶¶ 6-8. Given these developments, it is difficult to understand why the case was remanded, let alone how John Crane could be viewed as "objectively unreasonable" for believing it was the only defendant remaining in the case, as trial proceeded against it alone.

John Crane was the sole remaining defendant at trial when it removed the action. The register of actions, contrary to Plaintiffs' earlier arguments, does not reflect that Plant Insulation was ever a party. See Nelder Decl., ¶10, and Exh. 1,. As for Sepco, Hill Brothers Chemical and Hopeman Brothers, the court docket notes and court minutes reflect that all defendants except for John Crane had settled. In fact, a Request for Dismissal as to Hill Brothers Chemical was filed on June 1, 2007. See Nelder Decl., ¶13, and Exh. 3.

On June 1, 2007, a little more than two weeks after the court's docket entry announcing settlements by all other defendants, John Crane filed its notice of

---

[4] Plaintiffs argue diversity did not exist because Hopeman Brothers had recently reincorporated in the State of Virginia. The California Secretary of State's website indicates Hopeman Brothers, Inc., is a Delaware corporation (http://kepler.sos.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C0188397). However, whether that is accurate is irrelevant because, by the time John Crane filed its Notice of Removal, Hopeman Brothers had settled with the plaintiffs.

removal pursuant to 28 U.S.C. Section 1441(b) (diversity jurisdiction).  Nelder Decl., ¶10 and Exh. 4.  On June 4, 2007, Plaintiffs filed their Motion for Remand[5] and a Motion for Order Shortening Time for hearing of that motion.  Nelder Decl. at ¶11.  John Crane opposed the motion for an order shortening time.  Id.  Plaintiffs then sought immediate intervention by the General Duty Judge and, on June 7, 2007 at approximately 5:01 p.m., John Crane was served with an Order Granting Plaintiffs' Motion for an Order Shortening Time that not only granted Plaintiffs' motion, but gave John Crane *less than 24 hours to prepare its opposition papers.*[6]  Nelder Decl., ¶12.

The District Court granted Plaintiffs' Motion to Remand on June 8, 2007, on the ground "the record before the Court does not establish that binding settlement agreements have eliminated all non-diverse Defendants from the state court action." Order Granting Plaintiffs' Motion to Remand at 2:5-6.  Nelder Decl., ¶13; Exh. 5.  The court did not cite any authority for the apparent requirement that such settlement agreements be submitted in order to support removal under these circumstances, nor is it clear how John Crane could be expected to provide such agreements and prove their "binding" nature on less than 24-hours' notice.  The June 8, 2007 remand order did not award Plaintiffs any costs or fees,[7] and the court entered notice that the Hogge "civil case" case in federal court was "terminated" as of that same day.  See

---

[5] Plaintiffs' Motion for Remand did not seek any costs or fees incurred in connection with the removal, despite the language of 28 U.S.C. 1447 (c), which provides that costs may be awarded in the "order remanding the case."

[6] In light of this extraordinarily abbreviated response period, the Court's implicit criticism that John Crane was unable to deliver binding settlement agreements involving other parties *the very next day* seems unwarranted.

[7] While some federal cases have upheld awards of costs entered after a case has been remanded to state court, "[t]he wording of §1447 (c) strongly suggests that if fees and costs are to be awarded, the award must be part of the remand order." Schwarzer, et al., California Practice Guide:  Federal Civil Procedure Before Trial, Removal Jurisdiction, §2:1110, at pp. 2D223-224.

Here, Plaintiffs did not request costs in connection with their original remand motion.  Moreover, here, any decision regarding costs would not be made by the judge who actually heard that motion (following submission of briefs prepared on extraordinarily shortened time).  In light of these facts, in particular, John Crane submits any award of costs would be improper and prejudicial.

-5-
DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES
P:\Wdocs\HBMAIN\01850\01251\00226014.DOC

1  Nelder Decl., ¶14, Exh. 4 and 5.  Plaintiffs filed this motion approximately two weeks later.

### IV. DISCUSSION

#### A. An Award of Costs and Fees Is Inappropriate If the Removing Party Had an "Objectively Reasonable Basis" for Removal

A party who successfully moves to remand a case is not automatically entitled to recover attorneys' fees.  Rather, 28 U.S.C. Section 1447 (c) ("Section 1447(c)") "provides that the court '*may* require payment of *just* costs and . . . attorney fees,'" thereby making such an award discretionary.  Schwarzer, et al., California Practice Guide:  Federal Civil Procedure Before Trial, Removal Jurisdiction, §2:1109.1, p. 2D-222, quoting Martin v. Franklin Capital Corp., supra, 546 U.S. at 136, 126 S.Ct. at 709 (emphasis added).

In determining whether a cost award is appropriate under Section 1447 (c), the court should focus on whether reasonable for removal grounds existed, and should decline to award fees when "the removing party ha[d] an objectively reasonable basis for removal."  Schwarzer, §2:1110, at p. 2D-222, citing Martin, supra, 126 S.Ct. at 707.  There is no presumption in favor of, or against, granting fees and costs. Id.

Indeed, courts frequently decline to award such costs.  For example, in Coman v. International Playtex, Inc., (N.D. Cal. 1989) 713 F.Supp. 1324, a defendant in a toxic shock syndrome case removed a state court action to federal court on the basis of diversity jurisdiction.  The defendant contended diversity was created as a result of the enactment of a new procedural law that required courts to disregard the citizenship of defendants sued under fictitious names.   Id. at 1325-26.  Although United States District Court for the Northern District of California (Hon. Marilyn Hall Patel) ultimately granted the plaintiffs' motion to remand, it declined to award costs against the defendant, finding it acted in good faith and with a colorable basis for removing the action in a developing area of law.  See, id. at 1329.

1   Similarly, in <u>Schrader v. Hamilton</u> (N.D. Cal. 1997) 959 F.Supp. 1205,
2   the District Court ultimately remanded a case that had been removed to federal court
3   on the basis of ERISA subject matter jurisdiction, but nevertheless declined to award
4   costs.  Noting the defendant's arguments in support of removal were "far from
5   frivolous," the court concluded "plaintiff is not entitled to recover attorneys' fees and
6   costs incurred as a result of defendants' removal."  <u>Id.</u> at 1212.   <u>See</u> <u>also</u> <u>Zandi-
7   Dulabi v. Pacific Retirement Plans Inc.</u> (N.D.Cal. 1993) 828 F.Supp. 760, 764
8   ("Because Defendants presented a colorable argument for removal, the court
9   declines to exercise its discretion to award the fees and costs requested.").

10   The same result should obtain here.  John Crane, relying on cases in
11   which it was held that defendants had waived their right to remove if they didn't do so
12   promptly after learning that non-diverse co-defendants had settled, removed this case
13   promptly after learning such information.  John Crane's failure to anticipate that the
14   District Court would required production of executed, binding settlement agreements
15   from other parties to support the removal petition does not render its decision to
16   remove, based on the state court's own docket entry, not "objectively reasonable."

**B.   John Crane's Removal Was Objectively Reasonable, Based on the Court's Notification that Plaintiffs Had Settled Their Action With All Defendants Other Than John Crane**

19   John Crane had an "objectively reasonable basis" for removing this
20   case:  it removed the case promptly after learning through an "other paper" – namely,
21   the court docket – that Plaintiffs' action had settled as to all defendants except John
22   Crane.  With only John Crane – an Illinois defendant – still in the case (according to
23   the docket entry, and based on the fact that trial had commenced against John Crane
24   alone) complete diversity existed, and it was not necessary to obtain any other party's
25   consent to removal.  The District Court's expressed concerns about the "binding"
26   nature of other parties' settlement agreements does not diminish the good grounds
27   ///
28   ///

DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES
P:\Wdocs\HBMAIN\01850\01251\00226014.DOC

John Crane had for removing the case, in light of federal case law requiring removal of cases within thirty days of learning of settlements through "other papers." [8]

John Crane timely filed its petition for removal on June 1, 2007, within 30 days after John Crane first received an "other paper" – in the form of settlement judge Hon. A. James Robertson's May 16, 2007 docket entry – informing it that the case had become removable. Judge Robertson's docket entry stated:

> SETTLEMENT CONFERENCE HELD. CASE SETTLED EXCEPT FOR JOHN CRANE.

See Exh. 1 at p.4, docket date May 16, 2007.

Plaintiffs' motion for remand completely ignored Judge Robertson's actions as settlement judge, and didn't even mention this docket entry. Instead, Plaintiffs claimed John Crane was powerless to file a removal petition until all of the California defendants actually filed executed Requests for Dismissal. They didn't even argue (as the court evidently found) that John Crane was somehow required to obtain and establish the binding nature of other defendants' settlement agreements. Such a requirement is inconsistent with the decisions (discussed below) holding the removal clock starts running when the defendant is informed the non-diverse defendants have settled.

Plaintiffs' motion also focused on Code of Civil Procedure Section 581 (d), which provides that any dismissal *ordered by the court* had to be in the form of a writing signed by the court. But Plaintiffs failed to inform the Court that Section 581's requirement of a written court order to effectuate dismissal applies *only if the defendant settles with the plaintiff while a trial is underway*. See Code Civ. Proc. §581 (e) ("*After the actual commencement of trial*, the court shall dismiss the complaint . . . .") (emphasis added). On the other hand, when trial has *not* "actually

---

[8] When a case is not removable based on the initial pleading, the removal statutes provide that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446 (b) (emphasis added).

commenced," no court order of any kind is necessary to effectuate a settlement. Instead, as occurred here, "an action may be dismissed . . . [w]ith or without prejudice . . . . by *oral or written request* to the court. . . ." Code Civ. Proc. §581 (b)(1). For purposes of Section 581, the trial in this case did not commence until opening statements (see Code Civ. Proc. §581 (a)(6)), which were given on May 23, 2007, well after Judge Robertson's docket entry. See Nelder Decl., ¶8, and Exh. 1 at p. 3.

Plaintiffs never denied that they and/or the defendants of concern informed the Judge Robertson they had settled their respective disputes *before* trial commenced. One wonders why the Plaintiffs were not estopped from arguing to the contrary in the context of their motion to remand.

Significantly, and underscoring the objective reasonableness of John Crane's position, the cases indicate that if John Crane had waited for the procedural nicety of filing of formal Requests for Dismissal, or the fruits of efforts to obtain copies of other parties' settlement agreements, removal of the case would have been time-barred. For example, in Hessler v. Armstrong World Industries (D. Del. 1988), 684 F. Supp. 393, a multi-party asbestos case remarkably similar to this one, plaintiff's counsel informed the court at a trial scheduling conference that plaintiff had settled the case against the non-diverse defendants. Id. at 394. This was followed by circulation of a letter confirming those settlements. Id. When a diverse defendant who remained in the case filed a petition for removal three months later, the district court remanded the case. It held the defendant had waited too long to seek removal.

While the defendant in Hessler (similar to Plaintiffs here) argued, in opposition to the remand motion, that the time to remove hadn't begun to run until the plaintiff took "an unequivocal and irrevocable step with regard to terminating litigation against the non-diverse defendants" (id. at 394), the district court strongly disagreed:

///
///
///

DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES
P:\Wdocs\HBMAIN\01850\01251\00226014.DOC

> The statute refers to "receipt by the defendant" of notification. No mention is made of receipt by the state court of notification. Also by providing that notice may be given via "other paper," the language itself suggests that informal notice is sufficient. See 14A Wright, Miller & Cooper, Federal Practice & Procedure, §732 (clear purpose of §1446 (b) "is to commence running of the thirty day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner.") [Id. at 394.]

The Hessler court went on to affirm the principle, set forth by courts in numerous jurisdictions throughout the country, that "*in cases involving settlement with non-diverse defendants, formal dismissal is not a prerequisite for removability.*" Id. at 395, citing Lesher v. Andreozzi (M.D.Pa. 1986) 647 F.Supp. 920, 921; Erdey v. American Honda Co., Inc. (M.D.La. 1983) 96 F.R.D. 593, *modified*, 558 F.Supp. 105. The court concluded: "It follows that *formal dismissal is not required to provide adequate notice under 1446 (b).*" Id. (Needless to say, the Hessler court did not require production of settlement agreements or evidentiary proof the agreements were binding to find that the time period had begun running.)

Similarly, in King v. Kayak Manufacturing Corp. (N.D.W.Va. 1988) 688 F.Supp. 227, after an in-state defendant settled with the plaintiff, the trial court informed the parties in open court that the resident defendant was no longer a party to the suit. Id. at 228-229. Despite the fact that notice of this settlement *wasn't even reduced to writing* until considerably later, the King court held the diverse defendant's time to remove started running as soon as the judge informed it of the settlement:

> The Court finds that the state trial judge approved of the settlement between Plaintiff and Marks when he announced from the bench that Marks was no longer a party to the case. The statement was unequivocal, and at that time, the action became removable. <u>Kayak's alleged uncertainty about the voluntariness or finality of the settlement is not supported by the record.</u> If Kayak was truly uncertain about the trial judge's approval of the settlement or the removability of the action, it had a duty to inquire, particularly in light of the advancing stage of the trial. . . .

> This Court is not persuaded by Kayak's argument that it did not or could not ascertain the removability of the action when the state judge announced that the resident defendant Marks was no longer a party. Kayak relies upon the fact that the trial court's oral ruling on the record was not immediately reduced to a written minute order of the court. However, <u>this Court finds that the state trial court's pronouncement placed Kayak on notice that diversity existed and the case was then removable.</u>
>
> Authority exists to support the Court's conclusion that <u>a written order is not necessarily a paramount consideration in determining whether a case is ripe for removal.</u> <u>Aynesworth v. Beech Aircraft Corp.</u>, 604 F. Supp. 630 (W.D.Texas 1985); <u>Heniford v. American Motor Sales Corp.</u>, 471 F.Supp. 328 (D.S.C. 1979).

<u>Id.</u> at 230 (emphasis added)

Significantly, the decision in <u>King</u> strongly suggests the ultimate validity or binding nature of the settlement agreements at issue is of lesser importance, that mere notice of settlements that starts the removal clock ticking, and that documentary proof of the settlement is not required. Thus, there is ample persuasive authority recognizing that a defendant must act promptly to remove an action *as soon as it catches wind* that its non-diverse co-defendants have settled. Federal courts have proven themselves stringent enforcers of the 30-day deadline, which they view as commencing to run as soon as the removing defendant learns, through any means, that such settlements have occurred.

One can be assured that if John Crane had sat on its hands waiting for straggling defendants to actually obtain settlement drafts from their carriers, send them along to Plaintiffs, and finally file the closing papers (to say nothing of trying to pry copies of settlement agreements from the hands of other parties who may have legitimate reasons to want to keep them confidential), Plaintiffs would have been the first to argue John Crane had not only blown its deadline for removal, but that it had also needlessly wasted the trial court's, the jury's, and counsel's time as a result of its lack of diligence. Moreover, Plaintiffs' position ignores the potential for mischief that plaintiffs could themselves cause by asking defendants with whom they settle to

"slow-walk" their formal dismissals to court. Such a danger was especially pronounced in this case, in light of the fact that 28 U.S.C. §1446 (b)'s one-year outside time limit for removal, calculated from the date the action was commenced, was due to expire the day after John Crane filed its Notice of Removal.

When it came to the timing for the filing of its petition, John Crane was potentially faced with a "damned if you do, and damned if you don't" situation. It correctly chose the more conservative and legally-supportable option available to it. The District Court ultimately elected not to follow the reasoning of the cases cited above, which John Crane cited in its opposition papers. But that does not mean John Crane's reading of and reliance on those cases was not "objectively reasonable."

### C. There Was No Need to Obtain the Settled Defendants' "Consent" to Removal

Plaintiffs also argue in this motion, as they did in their remand motion, that John Crane failed to comply with the requirement that all "non-nominal" defendants consent to removal of the action. As demonstrated by the authorities cited above, an oral notice of dismissal in the context of court-supervised settlement discussions is sufficient to constitute notice of the existence of grounds for removal. But even if it weren't, it is clear that the remaining defendants *became* nominal the moment they told the state court they had resolved the case.

A well-known maxim of jurisprudence recognizes that "the law neither does nor requires idle acts." E.g., Barth v. Firestone Tire & Rubber Co. (USDC, N. D. Cal. 1987) 673 F. Supp. 1466, 1478; Civ. Code §3532. Another holds the law respects form less than substance. E.g., R. J. Reynolds Tobacco Co. v. Shewry (9th Cir. 2005) 423 F.3d 906, 929; Civ. Code §3528. There is no legitimate reason to pretend defendants who have settled out before trial are somehow "still in the case" well after the trial has commenced and need to sign on to a removal petition. It was not "objectively unreasonable" for John Crane to elevate reality over form.

///

DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES
P:\Wdocs\HBMAIN\01850\01251\00226014.DOC

**D.     No "Unusual Circumstance" Warrants An Award of Costs**

Plaintiffs argue John Crane "abused the system" by removing this case after trial had commenced, and that this "abuse" independently justifies the imposition of costs and fees. Plaintiffs ignore the facts that: (1) the trial commenced *almost immediately* after the docket entry indicating John Crane was the only remaining defendant; and (2) John Crane filed its removal papers promptly (and well within the thirty days the rules provide) after that docket entry was made. John Crane did not control the timing of Plaintiffs' settlement with other parties, nor did it control the timing of the court's docket entry or its dissemination.

In support of their "abuse" argument, Plaintiffs cite a case (Mertan v. E. R. Squibb & Sons, Inc. (C.D. Cal. 1980) 581 F. Supp. 751) in which a defendant filed multiple, unsuccessful removal petitions. Unlike the defendant in the Mertan case, John Crane only filed a *single* removal petition. Also unlike the Mertan case, John Crane's assertions of diversity were predicated on an entry in the *court docket itself* indicating that all defendants except John Crane had settled. In Mertan, there was no judge-written notation that other defendants were no longer in the case. John Crane's assumption that the docket entry accurately reflected the status of the case, and that Plaintiffs (having announced the settlements) would be estopped from arguing that other defendants were still in the case, was and is reasonable – not an abuse.

Revealing the frivolousness of their argument, Plaintiffs end up arguing John Crane should have removed the case *two weeks earlier.* Plaintiffs' MPA at 8:13-17. Plaintiffs can't have it both ways. If removal was proper, John Crane removed in a timely fashion. If it was not, the precise timing within the 30-day window that was not significant. As it turned out, the case was back in state court in a week, proceeded to deliberations, and the trial ended in a hung jury. Despite Plaintiffs' allegations that Mr. Hogge's medical condition was dire (allegations that counsel for John Crane refuted in its opposition its opposition to the remand motion), and their

-13-
DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES
P:\Wdocs\HBMAIN\01850\01251\00226014.DOC

dark and baseless speculations as to John Crane's motives, Mr. Hogge lived to see the state court jury unable to resolve his claims on the merits. Indeed, as far as defendants are aware, Plaintiffs intend to retry the case against John Crane, Mr. Hogge's professed health issues notwithstanding.

John Crane was not in control of the timing of notification that complete diversity had been created. It removed promptly, in accordance with federal precedent, when it learned all other defendants had settled. There is no legitimate basis to conclude that John Crane "abused" the system.

### E. The Costs and Fees Sought By Plaintiffs are Excessive and Unjust

Finally, Plaintiffs are seeking to recover excessive attorneys' fees, as well as expert costs, unrelated to John Crane's removal petition.

While John Crane submits that no award of any kind is appropriate, the $650 per hour sought by Dean Hanley and Phil Harley, and the $400 per hour sought by Stephen Healy in this *contingent fee case* are outrageously excessive. Counsel for John Crane charges $230 per hour and $210 per hour for its partners and associates, respectively. Nelder Decl. at ¶16. Plaintiffs' counsel in contingency cases are entitled to recover fees under §1447 (c), when factually appropriate, but Plaintiffs' counsel fail to explain how their hourly rates were calculated or justified, especially given the fact their clients took nothing at the end of the trial.

Moreover, the expert witness "cancellation fees" Plaintiffs are seeking are inappropriate, were not necessitated as a result of the removal petition, and should not be assessed against John Crane. Counsel for John Crane informed counsel for Plaintiffs on June 1, 2007, that it had filed its removal petition that day, and that it was consequently unlikely that Plaintiffs' experts, including Dr. Arnold Brody, would be testifying the following week. Nelder Decl. at ¶17. Both Dr. Brody and Plaintiffs' expert Richard Hatfield should have been cancelled that day. In fact,

///

on June 2, 2007, Plaintiffs' counsel confirmed that he notified all of Plaintiffs' witnesses not to appear the following week. See Nelder Decl., ¶ 18, and Exh. 7.

Even before John Crane filed its Notice of Removal, Mr. Hatfield's status as a witness was uncertain. During the week of May 21, 2007, Plaintiffs' counsel advised that Mr. Hatfield would be unable to testify. Nelder Decl., ¶19, and Exh. 8. On May 25, 2007, Plaintiffs' counsel asked to replace Mr. Hatfield as a witness with Dr. William Longo. Nelder Decl., ¶20, and Exh. 9. Then, on May 30, 2007, Plaintiffs' counsel again changed their position and indicated Mr. Hatfield would be available to testify on June 7, 2007. Nelder Decl., ¶21, and Exh. 10. Ultimately, following remand, Mr. Hatfield testified on June 18, 2007, but Dr. Brody did not testify.

**V.   CONCLUSION**

Defendant John Crane respectfully requests that the Court deny Plaintiffs' motion for an award of fees and costs.

As appears from the foregoing discussion, an award of costs and/or fees is not warranted because John Crane had an objectively reasonable basis for removal, and it certainly did not abuse the removal process. Two weeks before John Crane filed its removal papers, the state court, in its docket entry, announced the entire "case [was] settled except for John Crane." Shortly thereafter it became clear that John Crane was the only party remaining in the case for purposes of trial. John Crane's objectively reasonable reading of the cases and governing law led it to remove the case at that point. Under federal precedent, John Crane could not afford to wait and still be able to timely remove the case to federal court. Plaintiffs should not be awarded their costs or fees simply because the District Court ultimately required additional factual showings not discussed in the governing cases in order to establish federal jurisdiction.

///

///

///

As discussed above no award of costs or fees is warranted in this case. However, if such an award were made, it should be far less than the amounts requested, because those amounts reflect egregious overreaching by Plaintiffs.

Dated: July 10, 2007

                HASSARD BONNINGTON LLP

By: /s/ B. Thomas French
     B. Thomas French

Attorneys for Defendant
JOHN CRANE INC.


# CERTIFICATE OF SERVICE

**Case Name:** <u>Everett Hogge, et al. v. A.W. Chesterton Company, et al.</u>
**U.S.D.C., Northern District of California, Case No. C 07-02873 MJJ**
**(SFSC Case No. CGC-06-452846)**

1. At the time of service I was over 18 years of age and not a party to this action.

2. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3. On July 10, 2007, I served the following documents:

**DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**

4. I served the documents on the **persons** below as follows:

Dean A. Hanley, Esq.
Philip A. Harley, Esq.
Deborah R. Rosenthal, Esq.
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, CA  94710
Telephone:  (510) 559-9980
FAX:  (510) 559-9970
Attys for Plaintiffs

5. The documents were served by the following means (specify):

____By **United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

_X_ By submitting an **electronic version to ECF** for service upon the persons listed in No. 4 above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 10, 2007, at San Francisco, California.

/s/ Michele Smith
Michele Smith

PROOF OF SERVICE
P:\Wdocs\HBMAIN\01850\01251\00226014.DOC