HASSARD BONNINGTON LLP
B. THOMAS FRENCH, ESQ., State Bar No. 65848
btf@hassard.com
ROBERT L. NELDER, ESQ., State Bar No. 125426
rln@hassard.com
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9802

Attorneys for Defendant
JOHN CRANE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>　　　　Defendants. | No. C 07-02873 MJJ (EDL)<br><br>**DECLARATION OF ROBERT L. NELDER IN SUPPORT OF JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES**<br><br>Date: July 31, 2007<br>Time: 9:00 a.m.<br>Dept.: E<br>Judge: Hon. Elizabeth Laporte<br><br>Complaint Filed: June 2, 2006<br>Trial Date: May 7, 2007 |

I, Robert L. Nelder, state that:

1.　　I am an attorney licensed to practice before this court, a partner in the law firm of Hassard Bonnington LLP, and one of the attorneys for defendant John Crane Inc. in the above-captioned matter. I was lead trial counsel for John Crane in this matter before Judge Diane E. Wick, along with associate counsel, Anthony Topolsky. Unless otherwise indicated, I make the following statements of my own personal knowledge and, if called upon to do so, could and would competently

-1-

-2-

1. testify thereto.

2. This case was scheduled for trial in state court to commence on May 7, 2007, in Department 611 of the San Francisco Superior Court, Hon. Diane E. Wick presiding. At that date, a number of defendants, including John Crane Inc. ("John Crane"), remained in the case.

3. The trial did not actually begin in May 7, 2007. From May 7, 2007 through May 16, 2007, the parties participated in a number of court-supervised settlement conferences. San Francisco Superior Court Judge A. James Robertson, II, in Department 220 oversaw those settlement conferences. Judge Robertson periodically updated the court files with docket entries regarding settlement status. A copy of the San Francisco Superior Court's docket and Register of Actions is attached hereto as Exhibit 1. In addition, a number of minute orders were issued by Judge Wick's department (Dept. 611) between May 7, 2007 and June 4, 2007. Attached hereto as Exhibit 2 are true and correct copies of the Dept. 611 Minute Orders.

4. As of May 16, 2007, the only defendant remaining in the case was John Crane. This is evidenced by the case docket (Exhibit 1), which reflects such a notification by the Hon. A. James Robertson, II, of Department 220 as of May 16, 2007. Judge Robertson's entry states: "Settlement Conference Held. Case Settled Except for Deft. John Crane (D220)."   See Exhibit 1, case docket date of May 16, 2007, at page 4.

5. That John Crane was the only defendant remaining in the case as of May 16, 2007, is further evidenced by the Dept. 611 Court Minute Orders. See Exhibit 2. On May 14, 2007, the court's minute order states that only three defendants remain that will "go to verdict." They are John Crane, Hill Brothers and or Hopeman Brothers. See Exhibit 2, p.3, Judge Wick's Dept. 611 Minute Order of May 14, 2007. On May 15, 2007, Judge Wick's Minute Order reflects only two defendants, John Crane and Hopeman Brothers, remain. See Exhibit 2, p.4, Judge Wick's Dept.

1  611 Minute Order of May 15, 2007. As of May 16, 2007, Hill Brothers Chemical and
2  Hopeman Brothers had resolved their claims with plaintiffs; every party except John
3  Crane had settled. See Exhibit 1, p.4, Judge Robertson's docket entry of May 16,
4  2007. As further evidence of John Crane's sole defendant status, Judge Wick's
5  Minute Order from May 18, 2007, reflects that trial resumed and the only counsel for
6  defendant(s) is Robert Nelder, Esq. See Exhibit 2, p.6, Judge Wick's Dept. 611
7  Minute Order of May 18, 2007.

8       6.     Since there were only two sides remaining at trial (plaintiffs and
9  John Crane), Judge Wick informed the parties that there would only be six
10 peremptory challenges per side. Had other defendants remained in the case, as
11 suggested by plaintiffs in their motion for remand, two additional peremptory
12 challenges would have been available to the defendants pursuant to California Code
13 of Civil Procedure Section 231(c).

14      7.     Jury hardships commenced on May 17, 2007. Oral voir dire
15 commenced on Monday, May 21, 2007, and a jury (pre-qualified for service up to and
16 including June 22, 2007) was impaneled that day. The only defendant remaining at
17 trial was John Crane. No other defendant participated in jury selection.

18      8.     When opening statements were presented to the jury on May 23,
19 2007, plaintiffs, Everett Hogge and Priscilla Hogge, and John Crane were the only
20 parties remaining in the courtroom. Plaintiffs' opening statement suggested the jury
21 should hold defendant John Crane responsible for its share of Mr. Hogge's asbestos
22 exposure when they rendered their verdict, and did not mention any other defendant.
23 Id. No other defendant offered an opening statement or examined any witnesses at
24 trial.

25      9.     Clearly, John Crane is the sole remaining defendant in this
26 action. The register of actions (Exhibit 1) does not reflect that Plant Insulation has
27 ever been a party. No reference to an answer has been provided by plaintiffs, and
28 such a document is not reflected on the courts register of actions (Exhibit 1). As for

-3-

1  Sepco, Hill Brothers Chemical and Hopeman Brothers, the court docket (Exhibit 1)
2  notes, and court minutes reflect, that all defendants have settled except for John
3  Crane.  See Exhibits 1 and 2, attached hereto.  In fact, a Request for Dismissal as to
4  Hill Brothers Chemical was filed on June 1, 2007.  A copy of that Request for
5  Dismissal is attached hereto as Exhibit 3.

6  　　　　10.　　After it became amply clear that John Crane was the last
7  remaining defendant against whom plaintiffs intended to proceed at trial, John Crane
8  timely filed a Notice of Removal pursuant to 28 U.S.C. Section 1441(b) (Diversity
9  Jurisdiction) on June 1, 2007.  A copy of that Notice of Removal is attached hereto as
10 Exhibit 4.

11 　　　　11.　　On June 4, 2007, plaintiffs filed and served their Motion for
12 Remand and a Motion for Order Shortening Time for hearing, asking that the remand
13 motion be heard on June 19, 2007, with Defendant John Crane's opposition papers
14 due on June 12, 2007.  John Crane filed an Opposition to Plaintiffs' Motion for Order
15 Shortening Time for Briefing and Hearing of Motion for Remand on June 6, 2007,
16 noting that since it has the burden of establishing the basis for removal it needed the
17 full time to brief this important issue.

18 　　　　12.　　Plaintiffs then sought immediate intervention by the General Duty
19 Judge, even though the case had been reassigned to the Honorable Martin J.
20 Jenkins.  On June 7, 2007, at approximately 5:01 p.m., Defendant John Crane was
21 served via e-mail with this Court's Order Granting Plaintiffs' Motion for an Order
22 Shortening Time for Briefing Schedule and Hearing of Motion for Remand.  Said order
23 shortened defendant's time to oppose remand even more than plaintiffs had
24 requested, to June 8, 2007 at 11:00 a.m.

25 　　　　13.　　On June 8, 2007, this Court granted Plaintiff's Motion for
26 Remand.  A copy of the Order Granting Plaintiffs' Motion to Remand is attached
27 hereto as Exhibit 5.

28 　　　　14.　　On June 8, 2007, this Court also entered a notice that the Hogge

civil case in federal court was "closed" as of that same day. A copy of that notice is attached hereto as Exhibit 6.

15. On June 4, 2007, during discussions with Judge Wick, plaintiffs' counsel, Stephen Healy, mentioned that he had spoken with Mr. Hogge on June 1, 2007, and that, at the time of that conversation, Mr. Hogge was in his real estate office in Virginia. In addition, on May 24, 2007, plaintiffs' wife Priscilla Hogge testified. She provided no testimony that Mr. Hogge had recently been hospitalized or was in dire need of hospice care. In fact, she stated that she was optimistic about Mr. Hogge's health and well being.

16. Counsel for John Crane charges $230 per hour for its partners and $210 per hour for its associates.

17. On Friday, June 1, 2007, at approximately 3:00 p.m., I had a telephone conversation with plaintiff's counsel, Steve Healy. He wanted to know the status of one of our experts and when we would be offering him for deposition. In the course of my discussion with Mr. Healy I informed him that John Crane had filed its petition for removal that day. I further stated that he should contact his experts, especially, Dr. Arnold Brody, who was scheduled to testify on Monday, June 4, 2007, since it was extremely unlikely that Plaintiffs' experts, including Dr. Brody, would be testifying the next week.

18. On June 2, 2007, Mr. Healy confirmed by e-mail to Tony Topolsky that he had notified Plaintiffs' witnesses not to appear the following week. A copy of Mr. Healy's June 2, 2007 e-mail is attached hereto as Exhibit 7.

19. During the week of May 21, 2007, before John Crane filed its Notice of Removal, Plaintiffs' counsel, Steven Healy, advised me that he was uncertain as to whether one of Plaintiffs' experts, Richard Hatfield, would be able to testify at trial because of health issues, including, but not limited to a heart attack. This is reflected in a letter, dated May 22, 2007, which lists witnesses to be called at trial, and does not mention Mr. Hatfield. A copy of that letter, from paralegal Diana

-5-

Sage, is attached hereto as Exhibit 8.

20. On May 25, 2007, Philip A. Harley, Esq., a partner with Mr. Healy's office, proposed that we swap experts and plaintiffs would substitute Dr. William Longo for Richard Hatfield, in exchange for John Crane being able to call Kim Anderson, in place of anther defense expert. John Crane did not accept the offer, but securing Mr. Hatfield to testify, anytime during the week of June 4, 2007 seemed problematic. A copy of Mr. Harley's letter, dated May 25, 2007, is attached hereto as Exhibit 9.

21. On May 30, 2007, plaintiff's counsel changed their position and indicated that Mr. Hatfield would be able to testify on Thursday, June 7, 2007. A copy of the trial witness schedule by Diana Sage, which includes a reference to Mr. Hatfield set to testify on Thursday, June 7, 2007, is attached hereto as Exhibit 10. Ultimately, following remand, Dr. Brody did not testify, but Mr. Hatfield did, on June 18, 2007.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on July 10, 2007.

                    /s/ Robert L. Nelder
                    Robert L. Nelder

# CERTIFICATE OF SERVICE

**Case Name:** <u>Everett Hogge, et al. v. A.W. Chesterton Company, et al.</u>
**U.S.D.C., Northern District of California, Case No. C 07-02873 MJJ**
**(SFSC Case No. CGC-06-452846)**

1. At the time of service I was over 18 years of age and not a party to this action.

2. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3. On July 10, 2007, I served the following documents:

**DECLARATION OF ROBERT L. NELDER IN SUPPORT OF JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES**

4. I served the documents on the **persons** below as follows:

Dean A. Hanley, Esq.
Philip A. Harley, Esq.
Deborah R. Rosenthal, Esq.
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, CA 94710
Telephone: (510) 559-9980
FAX: (510) 559-9970
Attys for Plaintiffs

5. The documents were served by the following means (specify):

\_\_\_\_By **United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

**X** By submitting an **electronic version to ECF** for service upon the persons listed in No. 4 above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 10, 2007, at San Francisco, California.

/s/ Michele Smith
Michele Smith