Dean A. Hanley, Esq.   (State Bar No. 169507)
Philip A. Harley, Esq.   (State Bar No. 147407)
Deborah R. Rosenthal, Esq. (State Bar No. 184241)
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:  (510) 559-9980
Facsimile:   (510) 559-9970
Email: pharley@phhlaw.com
Email: drosenthal@phhlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, *et al*,<br><br>　　　　Defendants. | Case No.:  C07 2873 EDL<br><br>**REPLY TO DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**<br><br>[28 U.S.C. § 1447(c); ND CA Local Rules 7-2 & 7-8]<br><br>Hearing Date:　　July 31, 2007<br>Time:　　　　　　9:00 a.m.<br>Courtroom:　　　E, 15th Floor<br>Judge:　　　　　Hon. Elizabeth D. Laporte |

**REPLY TO DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**

S:\Clients\Plaintiffs\H\Hogge, Everett 10293\Motions\JOHNCRANE removal costs - REPLY.doc

## I. INTRODUCTION

Two alternative grounds exist for awarding fees and costs after a case is remanded for lack of subject matter jurisdiction. If this Court finds either that defendant removed the case without an objectively reasonable basis, or that defendant had an objectively reasonable basis but unusual circumstances exist warranting an award of fees and costs, then this Court has discretion to award costs and fees to the plaintiffs. In this case, both grounds exist, and the Court should award the plaintiffs costs and fees arising out of the improvident removal. Such an award would further the public policy goal of discouraging unauthorized removals and thereby saving plaintiffs and the courts time and money.

## II. LEGAL ARGUMENT

### A. JOHN CRANE'S ADMITTED <u>ASSUMPTION</u> THAT PLAINTIFFS HAD RESOLVED THEIR CLAIMS AGAINST THE DEFENDANTS WHO DID NOT APPEAR AT TRIAL DOES NOT CONSTITUTE AN <u>OBJECTIVELY</u> REASONABLE BASIS FOR REMOVAL.

JOHN CRANE removed this case to federal court based on "John Crane's assumption that the docket entry [of May 16, 2007, which states "Settlement Conference Held. Case Settled Except for Deft. John Crane (D220)] accurately reflected the status of the case...." (Defendant's Opposition at 13:16-18.

First, there is nothing objectively reasonable about removing a state court action to federal court based on an <u>assumption</u>. Attorneys have a professional responsibility not to file frivolous pleadings or other papers with the court. (F.R.C.P. 11; Cal. Civ. Proc. Code § 128.7.) This means that claims and other contentions made in documents filed with the courts must be warranted by existing law (or by a nonfrivolous argument for the extension of existing law), and <u>factual contentions in pleadings must have **evidentiary** support or must be identified as likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.</u> (F.R.C.P. 11(b)(2) & (3); C.C.P. § 128.7(b)(2) & (3).) It is per se unreasonable to file pleadings based on assumptions. This is particularly true when it comes to removal petitions because federal court is a court of limited jurisdiction; removal statutes are restrictively construed to prevent waste of judicial resources of both the state courts, where, as here, an action has

proceeded to trial, and the federal courts, whose judgments would have to be set aside on appeal if it turns out subject matter jurisdiction is lacking. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets* (1941) 313 U.S. 100, 108-109; *Gaus v Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

Second, it is not objectively reasonable to take note of one docket entry and not others. JOHN CRANE asks this Court to give deference to the May 16, 2007, docket entry showing that defendants settled but to ignore later docket entries on May 16, May 17, and June 1 showing the dismissals of various defendants, as well as a June 1, 2007, docket entry showing that the Superior Court entered an Order Granting Defendant Borg-Warner Corporation's Motion for Summary Judgment. (See pages 2-4 of Exhibit 1 to Defendant's Opposition.) These subsequent docket entries contradict the notion that "Case Settled Except for Deft. John Crane" meant that there were no longer any defendants remaining in the action. Thus, even if it were reasonable for JOHN CRANE to rely on the Superior Court docket as evidentiary support or reliable information likely to lead to evidentiary support, it was not reasonable for JOHN CRANE to rely on only one of the docket entries and to disregard subsequent docket entries containing highly relevant information on the same issue.

As explained in plaintiffs' motion for remand, an agreement to settle is not the same as a fully executed, binding settlement between parties; the latter may result in the final disposition of a case against a defendant, but the former does not establish diversity jurisdiction under the law of any federal district in the United States. All of the defendants other than JOHN CRANE that remained in this case at the outset of trial had <u>agreed to settle</u> and therefore did not participate in the trial. However, at no time prior to or at the time of removal was it the case that JOHN CRANE remained the only defendant in the action. (See Hanley Declaration attached as Exhibit 4 to Plaintiffs' Motion.)

As explained in plaintiffs' moving papers, the standard for awarding fees under 28 U.S.C. § 1147(c) turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.* (2005) 546 U.S. 132, 141. The purpose of this standard is to avoid arguments such as defendant's argument here—that its subjective interpretation of ambiguous language on one day of the state court's docket constitutes grounds for removal. JOHN CRANE admittedly conducted no factual

1  investigation prior to filing its Notice of Removal, despite contradictory information in the state
2  court docket regarding the status of the other defendants. Removal under such circumstances
3  was not objectively reasonable.

### B. JOHN CRANE'S ARGUMENT THAT ALL OTHER DEFENDANTS HAD SETTLED CONTRADICTS THE POSITION IT TOOK IN ITS REMOVAL PETITION THAT HOPEMAN BROTHERS INC. REMAINED IN THE CASE.

JOHN CRANE's argument that it believed it was the sole remaining defendant when it removed the action is disingenuous. The Notice of Removal filed by JOHN CRANE on June 1, 2007, reveals that <u>JOHN CRANE believed at the time it removed this case that defendant HOPEMAN BROTHERS INC. remained in the case</u>. (See paragraphs 6 and 7 of Defendant's Notice of Removal, attached as Exhibit 3 to Plaintiffs' Motion.) Because HOPEMAN BROTHERS is a Virginia citizen, and plaintiffs are Virginia citizens, it was not objectively reasonable for JOHN CRANE to remove the case if it knew or believed that HOPEMAN BROTHERS remained an active defendant in the case. It was also not objectively reasonable to remove the case without seeking the consent of HOPEMAN BROTHERS to remove the case—an action which JOHN CRANE certainly did not do, because if it did, defendant would have learned that complete diversity was lacking.

Where unusual circumstances exist, this Court retains discretion to award fees even if defendant had reasonable grounds for removal. *Martin, supra,* 546 U.S. 132, 141. Thus, even if the Court finds that it was objectively reasonable for JOHN CRANE to rely on the docket entry regarding settlement as support for the mistaken belief that it was the last remaining defendant in the case, it is highly unusual that JOHN CRANE would file a Notice of Removal stating that HOPEMAN BROTHERS remained in the case when defendant purportedly did not believe that was true. (See also Declaration of Robert L. Nelder In Support of JOHN CRANE INC.'s Opposition to Plaintiffs' Motion for Costs and Expenses at 4:6-10.) This fact, and the additional facts surrounding the removal of this case midway through a trial with a time-qualified jury, two weeks after the event that JOHN CRANE allegedly believed established removability, without prior notice to plaintiffs' counsel or the state court, and on a Friday afternoon after a dark week

of trial, only hours before the absolute one-year deadline for removal, combine to create unusual circumstances warranting an award of fees and costs.

### C. THE ONLY ADMISSIBLE EVIDENCE BEFORE THE COURT REGARDING THE PROPRIETY OF THE COSTS AND FEES INCURRED SUPPORTS A FINDING THAT THE COSTS AND FEES WERE REASONABLE AND JUST.

JOHN CRANE fails to present any admissible evidence that contradicts the Declaration of Mark Abelson, an expert in the field of attorney practice in the San Francisco Bay Area, attesting to the reasonableness of the hours expended and hourly rates charged by plaintiffs' counsel as a result of the improvident removal.

Furthermore, the Declaration of Diana Sage provides evidentiary support for the fact that plaintiffs' canceled their expert witness appearances the same day they received defendant's Notice of Removal. Although plaintiffs' counsel may not have informed defense counsel of that fact until the following day, the undisputed evidence proves that after receiving notice that JOHN CRANE removed the case to federal court, plaintiffs immediately canceled the plane and hotel reservations and notified Dr. Brody and Mr. Hatfield, but plaintiffs nonetheless incurred cancellation fees of $3,200 for Dr. Brody and $3,000 for Mr. Hatfield. (Paragraph 4 of the Declaration of Diana M. Sage filed in support of Plaintiffs' Motion; see also Declaration of Robert Nelder in support of Defendant's Opposition at ¶¶ 17-18 and Defendant's Exhibit 7.)

Thus, this Court should award plaintiffs $27,244.46 in fees and costs as a result of JOHN CRANE's improvident removal; this amount is reasonable and just.

### III. CONCLUSION

JOHN CRANE removed this case without any evidence that all California defendants had been dismissed or otherwise extinguished from the action, without obtaining (or apparently even attempting to obtain) consent of the remaining defendants to the removal, and despite the absence of complete diversity. There was no objectively reasonable basis for this removal.

Furthermore, JOHN CRANE filed its Notice of Removal several weeks after trial in the state court had commenced, late on a Friday afternoon after trial had been dark for a week, without pointing to any triggering event that could justify removing the action on that date and time, and with full knowledge that the removal would most likely cause the state court to release

the jurors and that EVERETT HOGGE was likely to die before the case could get before another jury. JOHN CRANE now contends that it believed it was the only remaining defendant in the action when it removed this case, a position that contradicts the allegations of its removal petition. These facts constitute unusual circumstances warranting an award of costs and fees pursuant to 28 USC § 1447(c).

For the foregoing reasons, plaintiffs request that this Court award $27,244.46 to plaintiffs and/or their counsel as against JOHN CRANE for reasonable and just expenses incurred as a result of JOHN CRANE's improvident removal.

DATED: July 17, 2007

PAUL, HANLEY & HARLEY LLP

Deborah R. Rosenthal, Esq.
Attorneys for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND EXPENSES

1  **CERTIFICATE OF SERVICE - FRCivP 4(d)**

2  I am employed in the County of Alameda, State of California, I am over the age of 18

3  years and not a party to the within action. My business address is 1608 Fourth Street, Suite 300,

4  Berkeley, CA 94710. On June 8, 2007, I served the foregoing:

5
6  ❖ **REPLY TO DEFENDANT JOHN CRANE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL**

7
8  and a copy of this declaration to the interested parties herein as follows:

9  [XX]   By submitting an electronic version to ECF for service upon:

10  **Attorneys for Defendant JOHN CRANE, INC.**
    HASSARD BONNINGTON, LLP
11  Two Embarcadero Center, Suite 1800
    San Francisco, CA 94111
12  Phone: (415) 288-9800
    FAX   (415) 288-9802
13
14  I declare under penalty of perjury under the laws of the State of California that the

15  foregoing is true and correct. Executed in Berkeley, California.

16  DATE: July 17, 2007

17  _____
    Marlena Aying
18
    Everett Hogge, et al. v. A.W. Chesterton Company, et al.
19  Northern District of California Case No. C07 2873 EDL

**PROOF OF SERVICE**
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\POS\JOHNCRANE removal costs reply CERT OF SERVICE.doc