IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT HOGGE AND PRISCILLA HOGGE, | No. C-07-02873 MJJ (EDL) |
| Plaintiffs, | **REPORT AND RECOMMENDATION TO GRANT REQUEST FOR ATTORNEYS' FEES AND EXPENSES** |
| v. | |
| A W CHESTERTON COMPANY, et al., | |
| Defendants. / | |

On June 19, 2007, Plaintiffs filed a Motion for Costs and Expenses. Judge Jenkins referred the motion to the undersigned for a report and recommendation. Because this matter is appropriate for a decision without a hearing, the Court vacated the July 31, 2007 hearing initially set for this motion. After full consideration of the papers, the Court grants Plaintiffs' motion as follows.

**I.    Background**

This motion arises out of a personal injury action brought in the San Francisco Superior Court for damages from asbestos-related mesothelioma. Everett Hogge, who contracted mesothelioma, and Priscilla Hogge, his wife, brought an action on June 2, 2006 against several defendants, some of whom were non-diverse California residents. Trial began in Superior Court on May 7, 2007, and proceeded through jury selection and motions in limine. At the same time, settlement discussions were ongoing, and before opening statements, twenty-two defendants reached tentative agreements for settlement. On May 16, 2007, the clerk noted a docket entry reflecting this fact, which stated: "Settlement Conference Held. Case Settled Except for Deft. John Crane (D220)." See Nelder Decl., Ex. 1. By May 21, 2007, the first week of trial, only defendant John Crane, Inc. participated. The following week, the courtroom was dark, with trial scheduled to resume Monday June 4, 2007.

Before trial resumed, John Crane, Inc. removed the action to this Court on June 1, 2007, just one day short of one year after the action commenced. Defendant John Crane argues that it did so in reliance on the May 16, 2007 docket entry entered about two weeks earlier stating that only one defendant remained. However, as of May 16, 2007, although all defendants but John Crane had agreed to settle in principle, several defendants, including Hopeman Brothers, a non-diverse Virginia corporation, had not yet filed a Request for Dismissal or been otherwise actually dismissed from the case, while other defendants had done so. For example, the Superior Court docket reflects that defendant Parker Hannefin was dismissed without prejudice on May 17 after filing a Request for Dismissal; defendant J.T. Thorpe & Sons was dismissed without prejudice on June 1 after filing a Request for Dismissal, and defendant Hill Brothers was also dismissed without prejudice on June 1 after filing a Request for Dismissal. See French Decl., Ex. 10. Also on June 1, an Order granting defendant Borg-Warner Corporation's Motion for Summary Judgment was filed. Id. When filing its removal, John Crane did not seek consent of any other defendant and did not verify that all non-diverse defendants were dismissed from the case.

On June 7, 2007, Plaintiffs filed a motion to remand on an expedited schedule. Plaintiffs argued that John Crane had removed the matter in bad faith, in order to delay a trial on the merits and to deny Plaintiffs the opportunity to reach a verdict on the matter before Plaintiff Everett Hogge died of mesothelioma. Plaintiffs also argued that the matter was improperly removed. Judge Jenkins reviewed the record and the papers and held that John Crane had failed to establish that final and binding settlement agreements had eliminated all non-diverse defendants from the state action, and thus failed to meet its burden to demonstrate that complete diversity existed at the time of removal. Judge Jenkins therefore granted the Motion to Remand on June 8, 2007. See Order Granting Motion to Remand (Doc. No. 30).

On June 19, 2007, Plaintiffs filed a Motion for Costs and Expenses Incurred as a Result of Removal, which is now before the Court.

**II.    Legal Standard**

A defendant may seek removal within thirty days of initial service if diversity jurisdiction exists on the face of the complaint. If diversity is not initially present, but develops during the course

2

of litigation, then defendants may remove within thirty days of the receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is . . . removable." See 28 U.S.C. 1446(b). No action may be removed "more than one year after the commencement of the action," id., which under California law means the time when the action is filed. See Cal. Civ. Proc. Code § 350; Coman v. International Playtex, Inc., 713 F.Supp. 1324, 1328 (N.D. Cal. 1989).

The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. See, e.g., Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The defendant bears the burden of proving the propriety of removal. Duncan, 76 F.3d at 1485. If there are several defendants in the action, the right to remove belongs to them jointly. Therefore, all defendants who may properly join in the removal notice must join. If any of them refuses, the action cannot be removed. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986); 28 U.S.C. § 1446(a).

Upon granting a motion for remand, a federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 29 U.S.C. § 1447(c); Martin v. Franklin Capital Corp., 546 U.S. 132 (2005) (award of attorneys' fees is discretionary where motion for remand is successful). Costs and fees are authorized under § 1447(c) for "a defect in removal procedure," such as lack of subject matter jurisdiction. See Schwartzer, Federal Civil Procedure Before Trial § 2:1110. As the Supreme Court noted, Congress intended for the award of fees to serve as a deterrent to improper removal, although defendants have a right of removal where they meet the requirements for federal jurisdiction:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Martin, 546 U.S. at 141.

//

3

An award of fees and costs is not automatic. See Schwarzer, at § 2:1109; Dead Kennedys v. Baifra, 46 F. Supp. 2d 1028, 1030 (N. D. Cal. 1999) ("In deciding whether or not to award costs and attorneys' fees, the Court should consider whether removal was improper, looking both at the nature of the removal and of the remand."). Whether an award of fees is appropriate depends on the reasonableness of the removal. Martin, 546 U.S. at 141; see also Draper v. Erb, 1994 U.S. Dist. LEXIS 12465 (N.D. Cal. Aug. 25, 1994) (the court evaluates two main issues when deciding whether to award fees and costs for improper removal: (1) whether the district court has jurisdiction to entertain the motion for fees under section 1447 (c); and (2) whether there was a reasonable basis for [the defendant] to believe that there was subject matter jurisdiction.) (citations omitted). No showing of bad faith is required to award fees under the removal statute, however, the court must still undertake some review of the removal petition to assess the reasonableness of the attempted removal. See Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 445-447 (9th Cir. 1992). The general rule for awarding fees under Section 1447(c) is that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin, 546 U.S. at 141 (citations omitted). However, in applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. Id.

**III.    Discussion**

John Crane defends its removal of the matter as "objectively reasonable." In addition, and although it did not seek leave to file a motion for reconsideration, it essentially argues that Judge Jenkins's decision was in error. It also argues in a footnote that attorneys' fees are improper because Plaintiffs failed to request an award of costs in its motion for remand and because Judge Jenkins, who decided the motion to remand, should be the judge to address a decision regarding costs.

John Crane has not sought leave of this Court to reconsider its ruling; accordingly, that issue is not before the Court. See Civ.L.R. 7-9 (a). The district court retains jurisdiction to award attorney's fees and costs subsequent to the order remanding an action to state court. See Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 445 (9th Cir, 1992); Rudow v. Montsanto Co., 2001

4

U.S. Dist. LEXIS 2352 (N.D. Cal. March 1, 2001). And this motion is properly before the undersigned pursuant to an order of reference by Judge Jenkins. <u>See</u> Civ.L.R. 72-1. Therefore, the sole issue is whether the removal, although improper, nonetheless had an "objectively reasonable" basis.

John Crane argues that it was reasonable to believe that barriers to removal had fallen because trial commenced against John Crane alone, with no other defendant participating. In addition, John Crane argues that it reasonably relied on the May 16 docket entry, which it viewed as an "other paper" sufficient to provide notice of removability under 28 U.S.C. 1446(b). It contends that it reasonably took action quickly after learning that the remaining non-diverse defendant had settled and could not wait for final, signed agreements or final dismissal because a defendant has only thirty days from learning that it can remove to federal court and only one year from the commencement of the action to take that action, which deadlines were approaching.

Plaintiffs argue that John Crane should have been aware that it was not the sole defendant still in the case. Plaintiffs argue that John Crane should have taken note of docket entries made on the same day as the May 16 entry noting settlement, as well as on May 17 and June 1, showing the dismissal of various but not all defendants after the May 16 docket entry but before John Crane filed its Notice of Removal. Plaintiffs also point out that John Crane admits that it conducted no factual investigation to verify that the other non-diverse Defendants had been dismissed. Moreover, the Notice of Removal indicates that John Crane knew that at least one Defendant, Hopeman Brothers, was still in the case as of May 16, 2007, although John Crane may have believed Hopeman Brothers was dismissed thereafter and erroneously believed that it was still a Delaware Corporation even though it had recently reincorporated in Virginia, Plaintiffs' home state. The knowledge that Hopewell Brothers was still in the matter as of May 16 underscored the fact that the docket entry only reflected an intent to settle, not the current status of the parties remaining in the case.

Although defendants had tentatively agreed to settle, they were still parties to the case until Plaintiff filed a Request for Dismissal. Under California law, settlement does not in itself effect dismissal; dismissal is accomplished "upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual

5

commencement of trial, upon payment of the costs, if any." See CCP § 581(b)(1).  If the dismissal is in proper form, the dismissal is effective immediately upon tender of the request. Id. Accordingly, had the May 16 docket entry provided notice that all non-diverse defendants had actually tendered a Request for Dismissal, not merely given notice of settlement, it would have been objectively reasonable to remove. See Jong v. General Motors Corp., 359 F. Supp. 223 (N.D.Cal. 1973) (removal period started upon receipt of a previously filed Request for Dismissal of one defendant, whose dismissal created complete diversity).  However, the May 16 docket entry provided notice only of settlement.  While notice that a case has become removable need not necessarily be formal, the notice must show that the case has actually become removable, not just potentially removable in the future.  See, e.g., Mike Silverman & Assocs. v. Drai, 659 F. Supp. 741, 745-747 (C.D. Cal. 1987) (thirty day removal period began when plaintiff admittedly received oral notice that case had become removable one month earlier due to plaintiff's voluntary dismissal of non-diverse defendant).

In contrast to cases where court have found removal objectively reasonable albeit incorrect, see, e.g., Coman v. International Playtex, Inc., 713 F.Supp. 1324 (N.D. Cal. 1989) (objectively reasonable to remove action in a developing area of law), the law in this area is not in dispute.  The prior and subsequent docket entries showing filings of Requests for Dismissal were clear. Accordingly, it was not objectively reasonable for John Crane to conclude that it was the sole remaining defendant in the case and that removal was proper, particularly in light of well-settled law holding that removal statutes are strictly construed and all doubts are resolved against removal. See Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Instead, the decision to remove appears to have been a hasty attempt, if not calculated gamble, to effect removal before the one-year deadline expired, without performing due diligence to verify that all non-diverse defendants had been dismissed or seeking the concurrence of the other defendants still formally in the case.

**IV.   Attorneys' Fees and Costs**

Plaintiff has submitted declarations proving its costs incurred as a result of the improper removal.  Plaintiffs seek a total of $27,244.46 incurred as a result of the removal.  This amount comprises $6,200.00 in cancellation fees for two expert witnesses, $36.96 in PACER costs, and

$21,007.50 in attorneys' fees. See Declarations of Dean A. Hanley, Phillip A. Harley, Stephen J. Healy, Deborah R. Rosenthal, Mark Abelson, and Diana M. Sage. In its Opposition, John Crane argues that the hourly fees are overstated and excessive, but provides no declaration establishing that the hourly rates are excessive, and challenges the cancellation fees. In particular, John Crane argues that the fees of $650 per hour sought by Dean Hanley and Phil Harley and $400 per hour sought by Stephen Healy are excessive.

The PACER fees are reasonable, as are and the forseeable cancellation fees. An award of $6,200.00 to cover forseeable expert witness cancellation fees and $36.96 for other costs is also appropriate.

As to the attorneys' fees, Plaintiffs point to the need to have the motion briefed and heard on an expedited basis, requiring a total of 53 attorney hours by five plaintiffs' counsel on Plaintiffs' Motion for Remand, Motion for Order Shortening Time, Request for Intervention by Duty Judge, Reply to John Crane's Opposition to Motion for Remand, and this Motion for Costs and Expenses Incurred. Id. at 9. The attorneys' fees range from $650 per hour for two named partners, Dean Hanley and Philip Harley, who have been practicing law for 14 and 33 years, respectively, $430 per hour for Mark Abelson, who has been practicing for 31 years, $400 per hour for Stephen Healy, who has been practicing for 19 years, and $325 per hour for Deborah Rosenthal, who has been practicing for 11 years.

The amount of time expended is reasonable under the circumstances. Deborah Rosenthal appears to have taken the laboring oar drafting the briefings and spent 31.5 hours at $325 per hour. See Rosenthal Decl., ¶¶ 7-16   Dean Hanley is the "partner primarily in charge of settlement negotiations for [his] law firm." Hanley Decl., ¶ 3. He states that he spent a total of 3.0 hours at $650 per hour reviewing records, discussing the legal and factual aspects of removal and executing his declaration. Id., ¶¶ 4-6. Philip Harley reviewed the facts and files, including the history and status of settlement discussions in the case, and was oversaw drafts of the briefings, as well as communicating with the Superior Court as to the status of the remand. Harley Decl., ¶¶ 3-7. He spent 5.5 hours at $650 per hour performing these tasks. Id. Stephen Healy was the primary trial attorney on the matter, and assisted in researching and drafting the briefs. He spent approximately

7

1  11.5 hours at $400 per hour. Healy Decl., ¶¶ 8-12. In support of the fee application and the
2  reasonableness of the hourly rates sought by Plaintiffs, Mark Abelson communicated with Deborah
3  Rosenthal, reviewed the declarations prepared in support of the motion, and drafted his own
4  declaration. He spent 1.5 hours on these tasks, at $430 per hour. Abelson Decl., ¶¶ 8-9.

5      An award of fees is discretionary, and is warranted in this instance. Plaintiffs were required
6  to perform a week's worth of work to remedy an improper removal. The hours spent on each task
7  were appropriate. Furthermore, in general the fees are commensurate with the prevailing market
8  rate in the Bay Area for lawyers of counsel's skill and experience doing the kind of work these
9  matters involved, and are supported by an unrebutted declaration. However, the Court finds it
10 appropriate to reduce the fees of Attorney Hanley and Attorney Harley from $650.00 per hour to
11 $500.00 per hour. Accordingly, the Court finds that an award of $19,732.50 in fees is appropriate,
12 rather than $21,007.50.

13 **IV.  Conclusion**

14     Accordingly, the Court recommends that Plaintiffs' motion be granted and that Plaintiffs be
15 awarded $25,969.46 in fees and expenses. Any party may serve and file specific written objections
16 to this recommendation within ten (10) working days after being served with a copy. See 28 U.S.C.
17 § 636 (b)(1)(C); Fed.R.Civ.P. 72 (b); Civil Local Rule 72-3. Failure to file objections within the
18 specified time may waive the right to appeal the District Court's order.

19 **IT IS SO RECOMMENDED.**

21 Dated:   August 13, 2007

                    ELIZABETH D. LAPORTE
22                     United States Magistrate Judge