1   HASSARD BONNINGTON LLP
    PHILIP S. WARD, ESQ., State Bar No. 51768
2   psw@hassard.com
    B. THOMAS FRENCH, ESQ., State Bar No. 65848
3   btf@hassard.com
    ROBERT L. NELDER, ESQ., State Bar No. 125426
4   rln@hassard.com
    Two Embarcadero Center, Suite 1800
5   San Francisco, California  94111-3941
    Telephone:  (415) 288-9800
6   Fax:  (415) 288-9802

7   Attorneys for Defendant
    JOHN CRANE INC.
8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

13  EVERETT HOGGE and              No.  C 07 2873  MJJ  (EDL)
    PRISCILLA HOGGE,
14                                 OBJECTIONS TO REPORT AND
            Plaintiffs,            RECOMMENDATION BY
15                                 MAGISTRATE JUDGE TO GRANT
        vs.                        REQUEST FOR ATTORNEYS' FEES
16                                 AND EXPENSES
    A.W. CHESTERTON COMPANY, et al.,
17
            Defendants.
18

19

20          Defendant John Crane Inc. ("John Crane") objects to the Report and

21  Recommendation to Grant Request for Attorneys' Fees and Expenses ("the Report")

22  of Magistrate Judge Elizabeth D. LaPorte.

23          John Crane's principal objection is the fact that the filing of its Notice of

24  Removal was "objectively reasonable" within the meaning of 28 U.S.C. §1447(c).

25  Given that fact, the Magistrate Judge's recommendation that plaintiff's counsel be

26  awarded attorney's fees and costs in connection with the remand of this matter back

27  to state court is not supported by the factual record herein or by applicable authority.

28  / / / /

                                    -1-

The several bases for John Crane's objections are as follows:

1.    When it filed its Notice of Removal in this Court, John Crane was for all practical purposes the only remaining defendant in the case. For that reason, under 28 U.S.C. §§1441, *et seq*., and applicable state law, it was "objectively reasonable" for John Crane to remove this matter to federal court. Given the realities of the asbestos litigation in Northern California, an award of fees and costs against John Crane herein would not serve the limited and salutary goal of discouraging *improper* removal. Instead, such an award would discourage *any* resort to the removal statute in an accelerated multi-party asbestos case which, at the commencement of trial, has been reduced to a single remaining defendant whose citizenship is completely diverse from that of the plaintiffs.[1]

Submitted with these objections is the Declaration of Philip S. Ward, incorporated herein by reference as if fully set forth. In that declaration, Mr. Ward describes the way in which asbestos cases with preferred trial dates in the San Francisco Superior Court proceed to verdict. Simply put, once the jury is sworn and testimony commences, the only parties actually remaining in the action are the ones trying the case before the jury. At that point, the formalities of dismissals, settlement agreements and the like between plaintiffs and "former defendants" have no practical or realistic significance under the removal statute. To conclude otherwise elevates empty formalism over substance to an unacceptable degree.[2]

---

[1] In submitting these objections, John Crane is not challenging the merits of the District Court's decision to remand this matter to state court. Indeed, plaintiffs' claims against John Crane are currently in trial in Department 602 of the San Francisco Superior Court and are expected to go to the jury by August 23, 2007. Declaration of Philip S. Ward, at p.4, ¶10. In order to explain its objections, however, John Crane is compelled to look "both at the nature of the removal and of the remand." <u>Dead Kennedys v. Biafra</u>, 46 F.Supp.2d 1028, 1030 (N.D. Cal. 1999).

[2] In other words, once a defendant announces to the trial judge (or, in this case, Judge Robertson) that his/her client has "settled" with plaintiffs, those "settling defendants" will never again be adverse to the plaintiffs in the personal injury action then being tried. And, in accordance with custom and practice, the settlement agreement will contain a wrongful death waiver such that the settling defendant will never be adverse to the plaintiffs in any future proceeding. Declaration of Philip S. *(continued)*

-2-

1          2.      In <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 163 L.Ed.2d

2    547 (2005), the United States Supreme Court articulated the standard for an award of

3    fees following remand under Section 1447(c):

4             . . . courts <u>may</u> award attorney's fees under §1447(c) only

5             where the removing party lacked an objectively
         reasonable basis for seeking removal (emphasis

6             supplied). <u>Id.</u>, at 141.

7    In determining whether a fee award should be made, the Ninth Circuit has instructed

8    that the District Court must also give some consideration to the merits of the removal

9    action in deciding whether to award fees. <u>See</u> <u>Moore v. Permanente Medical Group,</u>

10    <u>Inc.</u>, 981 F.2d 443, 446 (9th Cir. 1992).

11          In the Report, the Magistrate Judge cites to and relies upon, among

12    other matters, the recent reincorporation of defendant Hopeman Brothers in Virginia,

13    plaintiffs' home state (Report, p.5), as well as a statement that the May 16, 2007

14    docket entry upon which John Crane relied in removing the case "provided notice only

15    of settlement" (Report, p.6). In combination, these two factors compelled the

16    Magistrate Judge's conclusion that, as of June 1, 2007, the date the Notice of

17    Removal was filed, Hopeman Brothers was still a defendant in the case, thereby

18    defeating complete diversity.

19          In determining whether the Court had diversity jurisdiction over this case

20    on June 1, 2007, however, it is critical that the *actual interests* of the parties be

21    scrutinized as of that date. As the Supreme Court declared in <u>Indianapolis v. Chase</u>

22    <u>National Bank</u>, 314 U.S. 63, 86 L.Ed. 47 (1941), nominal or "sham" parties should be

23    disregarded when determining whether complete diversity exists:

24             To sustain diversity jurisdiction there must exist an
         "actual," "substantial" controversy between citizens of

25             different states, all of whom on one side of the controversy
         are citizens of different states from all parties on the other

26             side. Diversity jurisdiction cannot be conferred upon the
         federal courts by the parties' own determination of who are

27

28    Ward, at p.4, ¶9.

1
2
3
4

plaintiffs and who defendants.  It is our duty, as it is that of the lower federal courts, to "look beyond the pleadings and arrange the parties according to their sides in the dispute." Litigation is the pursuit of practical ends, not a game of chess.  Whether the necessary "collision of interests" exists, is therefore not to be determined by mechanical rules.  314 U.S. 63, 69, 86 L.Ed. 47 (citations omitted).

5
6
7
8
9
10
11
12
13

Thus, the issue here is whether on June 1, 2007, with the trial underway against John Crane as the lone defendant before the jury,[3] Hopeman Brothers retained an "actual" and "substantial" dispute with plaintiffs such that complete diversity was defeated.  Put another way, since Hopeman Brothers and plaintiffs had announced two weeks before their decision to settle the case and, for all intents and purposes, Hopeman Brothers had abandoned its own defense in an ongoing trial, could anyone in good faith contend Hopeman Brothers was still adverse to plaintiffs such that John Crane's removal petition lacked an objectively reasonable basis?  John Crane respectfully submits this question answers itself.

14
15
16
17
18
19
20
21
22

Against this background, the decision in Heniford v. American Motors Sales Corp., 471 F.Supp. 328 (D.S.C. 1979), is instructive.  In Heniford, the plaintiffs brought an action against AMSC and one Ralph Cooke, a South Carolina resident, in state court.  The matter proceeded to trial.  In closing argument, plaintiff's counsel stated that the jury should not return a verdict against Mr. Cooke because, during trial, plaintiff had concluded Mr. Cooke was not at fault.  After arguments had concluded, and the jury retired to deliberate, AMSC filed a notice of removal under Section 1441(b) contending that, since plaintiffs and Cooke were no longer adverse, complete diversity existed and the case was subject to removal.[4]

23
24

When plaintiff made a motion to remand in the District Court, the motion was denied.  Relying upon the Supreme Court's decision in Indianapolis v. Chase

25
26
27
28

[3] See Declaration of Stephen J. Healy filed in support of plaintiffs' motion for fees and expenses, at pp.2-3.

[4] It appears that the jury continued its deliberations and eventually returned a verdict for plaintiff against AMSC.  Heniford, supra, 471 F.Supp. at 332.

-4-

1   National Bank, supra, the District Court concluded that plaintiff's closing argument

2   demonstrated he was no longer adverse to Mr. Cooke, the only local defendant.

3   Accordingly, the removal petition was sustained, and the post-removal jury verdict

4   was declared void. Heniford, supra, 471 F.Supp. at 338.

5         It was therefore more than objectively reasonable for John Crane to

6   conclude that, on June 1, 2007, it was the only defendant that remained adverse to

7   plaintiffs.  On that date, the trial was well underway.  Everett Hogge had secured an

8   advanced trial date on the Superior Court calendar because he was not expected to

9   survive long enough to wait behind previously-filed lawsuits.[5]  Indeed, when this

10   matter was remanded, the trial resumed against John Crane before the same jury

11   until, weeks later, it mistried when the jury could not agree on a verdict.  Declaration

12   of Philip S. Ward, p.4, ¶10.  Even today, over two months later, plaintiffs are still in

13   trial, and there still is only one defendant in the case – John Crane.

14         3.    As the Declaration of Philip S. Ward establishes, asbestos

15   personal injury cases in state court go to trial once and only once.  Regardless of

16   whether formal dismissals were filed as of June 1, 2007, the reality was, as of that

17   date, no "former defendant" was ever going to reestablish an adversarial relationship

18   with plaintiffs in a personal injury trial that had commenced two weeks before.  On

19   June 1, 2007, there remained only one party properly aligned as a defendant – John

20   Crane.

21         If any further evidence were needed to establish that John Crane

22   objectively and reasonably believed it had a valid basis for removal, it was provided

23   by plaintiffs earlier this month when they began a second trial against the only

24   defendant that had appeared in the first trial to conclusion – John Crane.  Two and

25   one-half months after the May 16 docket entry announcing that John Crane was the

26   sole remaining defendant in this case, nothing has changed.  No "former defendants"

27

28       [5] Declaration of Stephen J. Healy, supra, at p.4, ¶7.

OBJECTIONS TO REPORT AND RECOMMENDATION BY MAGISTRATE JUDGE TO GRANT
REQUEST FOR ATTORNEYS' FEES AND EXPENSES
P:\Wdocs\HBMAIN\01850\01251\00237384.DOC

1    have returned, and the trial continues between two completely diverse parties.

2            Both in their motion to remand and in their motion for an award of fees

3    and expenses, plaintiffs persist in playing behind their fingers about "tentative

4    settlements" and "agreements to agree."  Although the merits of their motion to

5    remand are no longer before the Court, it truly adds insult to injury for them to seek a

6    monetary award by contending John Crane lacked an objectively reasonable basis for

7    seeking removal herein.

8            4.    For the reasons set forth above, John Crane submits that the

9    recommendation of the Magistrate Judge to award attorneys' fees and expenses to

10   plaintiffs is contrary to controlling authority and should, for that reason, be rejected by

11   the Court.  Instead, the Court should issue an order denying plaintiffs' motion, leaving

12   the parties to their rights and remedies in state court.

13           Dated:  August 23, 2007

14                                      HASSARD BONNINGTON LLP

15

16                                      By: _____

17                                          Philip S. Ward

18                                      Attorneys for Defendant
                                        JOHN CRANE INC.

19

20

21

22

23

24

25

26

27

28

-6-

# CERTIFICATE OF SERVICE

**Case Name:    Everett Hogge, et al. v. A.W. Chesterton Company, et al.**
**U.S.D.C., Northern District of California, Case No. C 07-02873 MJJ**
**(SFSC Case No. CGC-06-452846)**

1.  At the time of service I was over 18 years of age and not a party to this action.

2.  I am employed in the office of a member of the bar of this court at whose direction the service was made.  My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3.   On August 23, 2007, I served the following documents:

**OBJECTIONS TO REPORT AND RECOMMENDATION BY MAGISTRATE JUDGE
TO GRANT REQUEST FOR ATTORNEYS' FEES AND EXPENSES;
DECLARATION OF PHILIP S. WARD IN SUPPORT OF OBJECTIONS**

4.  I served the documents on the **persons** below as follows:

Dean A. Hanley, Esq.
Philip A. Harley, Esq.
Deborah R. Rosenthal, Esq.
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, CA  94710
Telephone:  (510) 559-9980
FAX:  (510) 559-9970
Attys for Plaintiffs

5.  The documents were served by the following means (specify):

_____By **United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

__X__ By submitting an **electronic version to ECF** for service upon the persons listed in No. 4 above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 23, 2007, at San Francisco, California.

Karen Patterson

-1-

CERTIFICATE OF SERVICE
P:\Wdocs\HBMAIN\01850\01251\00237578.DOC-82307