HASSARD BONNINGTON LLP
PHILIP S. WARD, ESQ., State Bar No. 51768
psw@hassard.com
B. THOMAS FRENCH, ESQ., State Bar No. 65848
btf@hassard.com
ROBERT L. NELDER, ESQ., State Bar No. 125426
rln@hassard.com
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9802

Attorneys for Defendant
JOHN CRANE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants. | No. C 07 2873 MJJ (EDL)<br><br>DECLARATION OF PHILIP S. WARD IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION BY MAGISTRATE JUDGE TO GRANT REQUEST FOR ATTORNEYS' FEES AND EXPENSES |
|---|---|

I, Philip S. Ward, declare as follows:

1. The facts stated herein are true of my own personal knowledge such that if sworn, I could testify competently thereto;

2. I am an attorney admitted to practice in all the courts of the State of California. I am also admitted to practice in the Northern, Eastern and Southern Districts of California and the Ninth Circuit Court of Appeals;

3. For the first fourteen years of my practice, I was a Deputy City Attorney for the City and County of San Francisco. In that position, I devoted substantial time to civil litigation in both the state and federal courts. I have tried approximately 35 civil actions to jury verdict in both the federal and state courts. I

have also represented clients in a variety of lawsuits involving, among others, civil rights and employment claims in both court systems. See, e.g., Fadhl v. San Francisco, 859 F.2d 649 (9th Cir. 1986); King v. Massarweh, 782 F.2d 825 (9th Cir. 1986); San Francisco v. United States, 615 F.2d 498 (9th Cir. 1980); Van Atta v. Scott, 27 Cal. 3d 324 (1980); San Francisco v. United Assn., etc., 42 Cal.3d 810 (1986); McColm v. Restoration Group, 2007 U.S.Dist. LEXIS (E.D.Cal. 2007); United States v. San Francisco, 656 F.Supp. 276 (N.D.Cal.1987).

4. In 1987, I joined Hassard Bonnington LLP where I continue to practice. In the last twenty years, I have represented numerous defendants in asbestos personal injury and wrongful death actions. During that period, I have started approximately 50 jury trials in asbestos cases, with as many as 18 going to verdict. A number of those cases also involved appeals from the jury's verdict. See, e.g., Wilson v. John Crane Inc., 81 Cal.App.4th 847 (2000); Hackett v. John Crane Inc., 98 Cal.App.4th 1233 (2002); Taylor v. John Crane Inc., 113 Cal.App.4th 1063 (2003); Jones v. John Crane Inc., 132 Cal.App.4th 990 (2005); Cadlo v. Metalclad Insulation, et al., 151 Cal.App.4th 1311 (2007).

5. In virtually every asbestos personal injury action I have tried to verdict, the presiding judge assigned the case to a trial department at a time when more than one defendant was still appearing through counsel in the action. In every such case, while pretrial matters were being attended to (e.g. resolving motions in limine, agreeing upon a jury questionnaire, conducting hardship voir dire), defendants would announce through trial counsel that they had settled the case with plaintiffs and would no longer be appearing to contest the action. In every such case that went to verdict, my client either was the only defendant at the end of the case or there was a single co-defendant remaining when the verdict was returned. At no time during that twenty year period did a defendant ever "reappear" in the case after counsel announced a settlement with the plaintiffs.

////

6. In the last seven years, virtually every case in which I have appeared as trial counsel was assigned a preferential trial date because one of the plaintiffs claimed to be in imminent danger of death from a cancer allegedly caused by asbestos exposure. The instant action is simply the latest example of that trend. In all but one of my trial cases, the plaintiff died after verdict and his spouse, and other heirs, commenced a wrongful death action against, *inter alia*, the defendant(s) against whom a verdict had been returned by the jury in the personal injury action. In every single asbestos personal injury trial I have started over the last twenty years, there has never been more than one "trial proceeding" in the Superior Court. If the case went to verdict against one or more defendants, it did so only once. A single final judgment was rendered in the case, and there was never a second "trial" against defendants not appearing in the first trial.

7. In every asbestos case that I have tried to verdict, issues under California Civil Code sections 1431.1, *et seq.* ("Proposition 51") have been tried to the jury and incorporated in the jury's verdict. In each such case, the defendant(s) trying the case to verdict have offered evidence of exposure to the asbestos-containing products of companies that either never appeared in the case because of earlier bankruptcy filings (*e.g.* Johns-Manville Corporation; Pittsburgh Corning Corporation; Fibreboard Corporation) or had been sued but were no longer in the case when it went to verdict. In each such case, to one degree or the other, the jury has allocated or apportioned fault to the plaintiff himself, the defendants going to verdict and other "joint tortfeasors" comparatively responsible for the plaintiff's cancer including, at times, the plaintiff's employer. For that reason, once the verdict was returned in the case, there could be no "second" personal injury verdict entered against other parties because the two verdicts could never be reconciled and/or they would remain hopelessly in conflict with each other.

8. Accordingly, in my experience, once the jury in an asbestos personal injury case is sworn and trial commences with the testimony of a witness,

-3-
DECLARATION OF PHILIP S. WARD IN SUPPORT OF OBJECTIONS
P:\Wdocs\HBMAIN\01850\01251\00237258.DOC

the only parties who remain adverse to the plaintiffs in the case are the defendant(s) who, through counsel, are actually trying the cause to a conclusion. No other party has ever reappeared in the action and disputed an issue with the plaintiff, none has ever offered evidence on their own behalf and none has ever advocated their own interests in opposition to the claims being advanced by the plaintiff. For all practical purposes, the parties that "settled" with a plaintiff and thereafter disappeared from the trial were no longer either parties in the case or defendants at trial -- and that is the way the trial court and the plaintiff treated them in every single asbestos case in which I commenced trial as a defense attorney.

9.   I have tried at least three cases to verdict in which the plaintiffs were represented by the Brayton Purcell office. In each of those cases, during post-trial proceedings, plaintiffs' counsel disclosed copies of their standard settlement agreements with the defendants who had settled prior to the case going to the jury. Each of those standardized agreements included a "wrongful death waiver" providing that the plaintiffs agreed, for the consideration recited in the settlement, not to sue the settling defendant in any future damage action brought by the heirs of the dying plaintiff.

10.  After this Court ordered the instant action remanded to state court, trial resumed in Department 611 of the Superior Court, the Hon. Diane Elan Wick presiding. The jury could not reach a verdict, and Judge Wick declared a mistrial. Thereafter, the presiding judge sent the case to Department 602, the Hon. Donald Mitchell presiding, for retrial. The case has been in trial against John Crane, the only defendant, for the past several weeks. It is scheduled to go to the jury on or about August 23, 2007. No defendant other than John Crane has appeared in either trial department in this case, and the matter will go to verdict against John Crane alone.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

////

Executed on August 23, 2007, at San Francisco, California.

_____
Philip S. Ward

DECLARATION OF PHILIP S. WARD IN SUPPORT OF OBJECTIONS
P:\Wdocs\HBMAIN\01850\01251\00237258.DOC