Dean A. Hanley, Esq.   (State Bar No. 169507)
Philip A. Harley, Esq.   (State Bar No. 147407)
Deborah R. Rosenthal, Esq. (State Bar No. 184241)
PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone: (510) 559-9980
Facsimile:  (510) 559-9970
Email: pharley@phhlaw.com
Email: drosenthal@phhlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT HOGGE and PRISCILLA HOGGE,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, *et al*,<br><br>Defendants. | Case No.: C07 2873 EDL<br><br>**PLAINTIFFS' RESPONSE TO JOHN CRANE INC.'S OBJECTIONS TO REPORT AND RECOMMENDATION BY MAGISTRATE JUDGE TO GRANT REQUEST FOR ATTORNEYS' FEES AND EXPENSES**<br><br>[28 U.S.C. § 1447(c); ND CA Local Rules 7-2 & 7-8]<br><br>Hearing Date: July 31, 2007<br>Time: 9:00 a.m.<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. LaPorte |

In its objections to the Report and Recommendation of Magistrate Judge Elizabeth D. LaPorte, defendant JOHN CRANE INC. fails to raise any factual basis or legal authority to discount the evidence presented by plaintiffs or contravene the findings of Judge LaPorte that JOHN CRANE's conduct in removing this action was not objectively reasonable, that unusual circumstances exist warranting an award of fees and costs, and that the fees and costs award recommended by Judge LaPorte is reasonable and just.

Defendant does not raise any new issues in its objections, instead primarily recycling its argument that its removal to federal court was "objectively reasonable" because there were no

**PLAINTIFFS' RESPONSE TO JOHN CRANE INC.'S OBJECTIONS TO REPORT AND RECOMMENDATION BY MAGISTRATE JUDGE TO GRANT REQUEST FOR ATTORNEYS' FEES AND EXPENSES**    PAGE 1

other defendants participating in the trial of the Superior Court action. Plaintiffs briefed this issue in their moving and reply papers and need not restate the same here. However, it bears noting that JOHN CRANE continues to ask this Court to ignore the inconsistencies in its papers, which when examined belie the argument that JOHN CRANE's conduct in removing this action was made either in good faith or on an objectively reasonable basis. Even if JOHN CRANE did act in good faith, it cannot be said that its removal was objectively reasonable when a minimal amount of investigation would have revealed that HOPEMAN BROTHERS INC., another defendant whom JOHN CRANE believed remained in the case according to its Notice of Removal, was a nondiverse defendant. Furthermore, as Judge LaPorte notes, JOHN CRANE relies on the San Francisco Superior Court Register of Actions as proof that some of the defendants that settled with plaintiffs were dismissed, and thus no longer active parties in the action, but declines to explain how it could be considered objectively reasonable for JOHN CRANE to rely on the Register as proof of dismissal as to some defendants but not take notice of the fact that the Register of Actions <u>showed that not all of the other nondiverse defendants had been dismissed</u> at the time of removal.

     At various times, JOHN CRANE has alternately claimed that HOPEMAN remained in the case at the time of removal and that HOPEMAN had been dismissed from the case by the time of removal. However the removal petition states that HOPEMAN was a party at the time of removal. JOHN CRANE has yet to offer a satisfactory explanation for its failure to learn HOPEMAN's state of citizenship nor for its failure to seek HOPEMAN's joinder in the removal petition. Instead, JOHN CRANE continues to argue that a defendant who sees no other defendant in the courtroom has an objectively reasonable basis for believing that it is the sole remaining defendant in the action, despite the existence of easily accessible information to the contrary (such as the Superior Court Register of Actions or a telephone call to counsel for any of the other defendants).

     In short, JOHN CRANE's objections argue for a change in the law, which clearly provides that a defendant remains a party for purposes of establishing diversity jurisdiction until

a plaintiff's claims against that defendant have been voluntarily, fully and enforceably extinguished against that defendant. Numerous nondiverse and California defendants remained in the action when JOHN CRANE removed this case to federal court, and JOHN CRANE never had and still does not present any objectively reasonable basis for believing otherwise.

Because there was no objectively reasonable basis for the removal, JOHN CRANE's objections to Judge LaPorte's Report and Recommendation are unsupported by fact, evidence, or law. This Court should therefore adopt the Judge LaPorte's Report and Recommendation, which are consistent with the legal standard for an award of costs and fees pursuant to 28 U.S.C. § 1447(c), and issue an order awarding plaintiffs $25,969.46 in fees and expenses.

DATED: August 31, 2007                     PAUL, HANLEY & HARLEY LLP

By: _____
Deborah R. Rosenthal,
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE - FRCivP 4(d)

I am employed in the County of Alameda, State of California, I am over the age of 18 years and not a party to the within action. My business address is 1608 Fourth Street, Suite 300, Berkeley, CA 94710. On August 31, 2007, I served the foregoing:

- **PLAINTIFFS' RESPONSE TO JOHN CRANE INC.'S OBJECTIONS TO REPORT AND RECOMMENDATION BY MAGISTRATE JUDGE TO GRANT REQUEST FOR ATTORNEYS' FEES AND EXPENSES**

and a copy of this declaration to the interested parties herein as follows:

[XX]   By submitting an electronic version to ECF for service upon:

**Attorneys for Defendant JOHN CRANE, INC.**
HASSARD BONNINGTON, LLP
Two Embarcadero Center, Suite 1800
San Francisco, CA 94111
Phone: (415) 288-9800
FAX   (415) 288-9802

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in Berkeley, California.

DATE: August 31, 2007

_____
Marlena Aying

Everett Hogge, et al. v. A.W. Chesterton Company, et al.
Northern District of California Case No. C07 2873 EDL

**PROOF OF SERVICE**
S:\Clients\Plaintiffs\H\Hogge, Everett 10293\POS\JOHNCRANE removal costs reply CERT OF SERVICE.doc